IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-cv-00415 |
| ALEXANDRU BITTNER, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE**

The parties file this their joint report of Rule 26(f) attorney conference and state as

follows:

I.      **Brief factual and legal synopsis of the case.**

*The United States asserts that:*

The Bank Secrecy Act, 31 U.S.C. §§ 5311–25, regulates offshore banking and contains a

number of recordkeeping and reporting requirements.  Under 31 U.S.C. § 5314, United States

citizens are required to report certain transactions and relationships with foreign financial agencies.

"Each United States person having a financial interest in, or signature authority over, a bank,

securities, or other financial account in a foreign country shall report such relationship" to the IRS for

each year in which such relationship exists.  31 C.F.R. § 1010.350(a). To fulfill this reporting

requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial

Accounts," commonly known as an "FBAR."  See Id.  An FBAR is due by June 30 "of each

calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the

previous calendar year."  31 C.F.R. § 1010.306(c).   If the aggregate value of all foreign financial

accounts in which the person has a financial interest, or over which the individual has signature or

other authority, is greater than $10,000, valued in U.S. dollars, at any time (on a particular day)

1

during the calendar year that person must file an FBAR reporting each account.

        If a person with a reporting requirement fails to file a timely FBAR, 31 U.S.C. §

5321(a)(5)(B)(i) provides for the imposition of civil penalties for a non-willful failure to comply with

the reporting requirements of Section 5314 – i.e, when the person maintaining a foreign account fails

to timely file an FBAR reporting that account despite having an obligation to do so.  For violations

involving the non-willful failure to file an FBAR reporting the existence of an account, the

maximum amount of the penalty that may be assessed is $10,000 per year per account. *Id.*

        During 2007 through 2011, Bittner, a United States citizen, had a financial interest in,

beneficial interest, control and signatory authority over numerous foreign bank accounts

However, Bittner failed to timely file any FBARs for 2007-2010 regarding any of his foreign

bank accounts.  Bittner's FBAR for 2011 only listed 1 account and failed to identify all of his

foreign accounts.  The IRS determined that Bittner's failure to file FBARs was non-willful.  Due

to Bittner's non-willful failure to timely file FBARs reporting his financial interest in his

numerous foreign bank accounts for 2007 - 2011, the IRS assessed penalties against him under

31 U.S.C. § 5321(a)(5) on June 8, 2017, as follows:

| Year | Total Number of Mr. Bittner's Foreign Accounts | Aggregate Amount of Assessment |
|---|---|---|
| 2007 | 61 | $610,000 |
| 2008 | 51 | $510,000 |
| 2009 | 53 | $530,000 |
| 2010 | 53 | $530,000 |
| 2011 | 55    (54 unreported accounts) | $540,000 |
| Total | | **$2,720,000** |

        Bittner did not have reasonable cause for failing to timely file FBARs for 2007-2010.

Bittner did not have reasonable cause for failing to properly file his 2011 FBAR and report all of

his foreign accounts.  Pursuant to 31 U.S.C. § 5321(b)(1), the IRS assessments of the FBAR

2

penalties against Bittner were timely due to the consents to extend the time to assess the civil penalties under 31 U.S.C. § 5321 signed by Bittner.   Likewise, this suit is timely because it was commenced within two years of the assessment date.  31 U.S.C. § 5321(b)(2).

As of October 22, 2018, Bittner owed the United States $2,981,343.56 in non-willful FBAR penalties including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

***Defendant asserts that:***

Alexandru Bittner was born in Romania in 1957 where he grew up and received education as a mechanical engineer.  In 1982, at age 25, he emigrated to the United States where he later became a naturalized citizen.  Mr. Bittner worked as a dishwasher and later as a plumber.  He met and married Sherry Hui-Ju, a naturalized citizen from Taiwan, who has a high school education and has not worked professionally.

In 1990, after the fall of communism in Romania, Mr. Bittner returned to his native country where he lived over the next 22 years and acquired a variety of businesses and investments.  While living in Romania, Mr. Bittner was entirely unaware he was required to file United States tax returns reporting his Romanian income and he never heard of Reports of Foreign Bank and Financial Accounts ("FBARs").

In 2011, the Bittners returned to the United States to be close to their daughter.  Shortly after returning, Mr. Bittner learned that he should have filed tax returns and FBARs while he lived abroad.  He located a CPA in Plano, Jeff Beckley, who advertised online that he was experienced with issues relating to income earned abroad.  Mr. Beckley incorrectly advised Mr. Bittner that his Romanian income earned abroad was not taxable by the United States under the US/Romania Tax Treaty (the "Treaty").  He also incorrectly advised Mr. Bittner that

3

on his FBARs he should report only his personal account with the largest balance each year. Mr. Beckley prepared and filed for Mr. Bittner 22 years of tax returns, claiming his foreign income was exempt under the Treaty and filed 16 years of FBARs.

The IRS rejected the treaty claim after which Mr. Bittner engaged tax counsel to resolve his tax compliance issues incorrectly handled by Mr. Beckley.  A new CPA firm was engaged which prepared amended tax returns for the years 2006-2011 which showed total tax due of $625, which was paid.  The CPAs also prepared FBARs for the years 2006-2011.  It took 9 months to prepare those returns and FBARs.  On each FBAR, a box was checked that Mr. Bittner had financial interests in over 25 foreign accounts (most through foreign companies).  Pursuant to the instructions, the remainder of the form was not filled in, but a schedule of all reportable accounts was voluntarily provided by Mr. Bittner.

The IRS has assessed a $10,000 penalty for each account (or in some cases sub-accounts) which it claims should have been reported in the years 2007-2011, resulting in total assessed penalties of $2,720,000 for conduct it acknowledges was non-willful.  Between 11 and 18 of the accounts each year had balances below $10,000 and as little as $1, yet a penalty of $10,000 was assessed for each such account.  This assessment is incorrect, unconstitutional and unsupportable for the following reasons:

1. Mr. Bittner had reasonable cause for not filing FBARs as he lived abroad for nearly all his adult life and had no awareness that the FBAR form even existed much less that, as a naturalized US citizen, he was required to file the forms.   As soon as he returned and discovered that he was required to file the forms he promptly took action to file the forms.

2. The foreign bank accounts involved have no connection to any intentional US tax

4

planning or conduct.  Mr. Bittner had no awareness he was required to file US tax returns on his Romanian income.  In the years at issue because of foreign tax credits and capital losses sustained in Romania, he had nominal US tax liability.

3. The $2.72 million penalty far exceeds the amount authorized by statute.

   a. Based on the statutory language and legislative history, the maximum penalty for one or more non-willful violations is $10,000 per annual FBAR form. It is not on a per account basis.

   b.  In Mr. Bittner's situation the FBAR instructions required him only to report the number of accounts he had a financial interest in and, because he had more than 25 such accounts, instructed him not to complete the remainder of the form and provide specific information regarding those accounts. Thus, any non-willful violation by Mr. Bitter could only be subject to a maximum $10,000 per FBAR form.

4. The IRS action in assessing penalties of $2.72 million for innocent and non-willful conduct is arbitrary and capricious and inconsistent with its treatment of similarly situated taxpayers who would pay little or no penalties.

5. A penalty of $2.72 million is so vastly disproportionate for innocent and non-willful conduct it violates the Excessive Fines Clause of the Eighth Amendment.

6. A penalty of $2.72 million for innocent and non-willful conduct is so unconscionable that it violates due process and cannot be supported by any legitimate basis.

7. There are numerous computational mistakes in the assessment, including (1) the inclusion of accounts owned by companies in which Mr. Bittner did not have a "financial interest" and (2) the treatment of sub-accounts or multiple tied accounts as

5

separate accounts for purposes of the penalty.

8. The Statute of Limitations for assessment of the penalty for the 2007 expired before the penalty was assessed.

2.   **The Jurisdiction basis for this suit.**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff.    Venue is proper under  28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1395.

3.   **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**
Current parties:

Plaintiff –     United States of America
Defendant-   Alexandru Bittner

Anticipated additional or potential parties:

None

4.   **A list of any case related to this case pending in any state or federal court identifying the case numbers and court along with an explanation of the state of those cases.**

Alexandru J. Bittner and Sherry Bittner vs. Commissioner of Internal Revenue, United States Tax Court, Docket No. 19894-17.   Trial is set for November 4, 2019, regarding the income tax liabilities for the 2002-2004 and 2006-2011 years.

5.   **Confirm that the initial mandatory disclosures required by Rule 26(a)(1) have been made.**

Plaintiff United States has made its initial disclosures.
Defendant Alexandru Bittner has made his initial disclosures.

6

6.      **Proposed scheduling order deadlines.  Appendix 1 has the standard deadlines. Explain any deviations from the standard schedule.**

The parties do not seek any deviations from the standard schedule.

7.      **Describe in accordance with Rule 26(f):**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The United States intends to conduct discovery on regarding Bittner's foreign bank accounts, foreign entities and his assertion as to his reasonable cause defense.

The United States objects to defendant seeking discovery from the United States regarding other taxpayers because such information is outside the scope of discovery and it is prohibited from disclosure by 26 U.S.C. § 6103.

The Defendant intends to conduct discovery regarding the IRS's examination and assessment of the FBAR penalties, the IRS's actions in determining the FBAR penalties for Defendant versus other similarly situated taxpayers, and the IRS's computation of the FBAR penalties.

The parties do not believe discovery should be in phases or limited to particular issues.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

At this time, the parties do not have any issues or dispute regarding ESI.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

**(iv) Any changes that should be made in the limitations on discovery imposed**

7

**by the Rules, whether federal or local, and any other limitations that should be imposed, as well as**

None at this time.

**(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)**

None at this time

8.      **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made.  If the parties have agreed upon a mediator, and a proposed deadline for mediation.  An early date is encouraged to reduce expenses.  The Court will appoint a mediator if none is agreed upon.**

The parties stated that they are open to settlement discussions.  The parties will have more discussions after disclosures and the Rule 16 management conference.

A demand of offer of settlement has not been made.

The parties have not agreed upon a mediator or mediation deadline at this time.

Plaintiff United States will be moving to be relieved of the mediation requirement due to its trial attorneys lacking settlement authority and depending on the type and amount of the settlement who for the United States' would be delegated settlement authority.  If mediation is required, the United States will request that the individual with settlement authority be available by telephone.

9.      **Identity of persons expected to be deposed.**

By Plaintiff:

   Alexandru Bittner;
   Jeff Beckley; and
   possibly Sherry Bittner and Christine Bittner.

The United States reserves the right to depose other individuals or entities that it may discover in this case.

The United States is opposed to any attempt to depose any IRS counsel attorneys in this case.

By Defendants:

Revenue Agent Anh Reach;

8

International Technical Specialist Frank Cincotta;
IRS Counsel Attorney Daniel Price;
IRS Appeals Officer Douglas King; and
IRS Appeals Officer Daisy Batman.

Defendant reserves the right to depose other individuals that he may discover in this case.

**10.      Estimated time of Trial and whether a jury demand has been made**:

Estimated time of trial 2-3 days.

A jury demand has been made.  However, the United States' objects to the jury demand regarding defendant's assertions/defenses that the FBAR assessments violate the administrative procedures act, FBAR penalties exceed the amount allowable under the statute, FBAR penalties violate the 8th amendment and that the FBAR penalties impose an improper criminal sanction and unconscionable punishment.  The United States asserts that only the reasonable cause argument/defense is subject to a jury demand.

**11.      The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

For Plaintiff United States of America:

| | |
|---|---|
| Herb Linder | - for United States of America |
| Farley Katz, Rachael Rubenstein and Joshua Wu | - for Defendant, Alexandru Bittner |

**12.      Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**13.      Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

  /s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754; Fax (214) 880-9741
herbert.w.linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

CLARK HILL STRASBURGER

By: /s/ Farley P. Katz
FARLEY P. KATZ, LEAD ATTORNEY
State Bar No. 11108790
2301 Broadway St.
San Antonio, Texas 78209
210-250-6007 ph.
210-258-2702 fax
farley.katz@clarkhillstrasburger.com

RACHAEL RUBENSTEIN
State Bar No. 24073919
210-250-6006 ph.
rachael.rubenstein@clarkhillstrasburger.com

THEODORE JOSHUA ("JOSH") WU
State Bar No. 24110746
210-250-6078 ph.
josh.wu@clarkhillstrasburger.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

10

IT IS HEREBY CERTIFIED that service of the Joint Report of Rule 26(f) Attorney

Conference has been made on September 6, 2019, by the Clerk's ECF filing system or by regular

mail to:


CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
Josh Wu
2301 Broadway St.
San Antonio, Texas 78209



 _/s/ Herbert W. Linder
HERBERT W. LINDER