IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>v. )<br> ) Case No. 4:19-cv-00415<br>ALEXANDRU BITTNER, )<br>    Defendant. )<br>_____ ) | |

**UNOPPOSED MOTION TO BE RELIEVED OF MEDIATION REQUIREMENT**

  The United States respectfully moves the Court to relieve the parties of the requirement to mediate this case. [ECF No. 9] Because of the manner in which settlement authority for this case is delegated within the Department of Justice and the manner in which any settlement proposal in this case must be extensively reviewed by the Department of Justice, the United States respectfully requests relief from this requirement. Defendant Alexandru Bittner does not oppose the relief sought in this motion.

  At issue in this lawsuit is whether Alexandru Bittner is liable for non-willful penalties for his failure to file Reports of Foreign Bank and Financial Accounts, commonly known as an "FBAR penalties," totaling $2,720,000 that the Internal Revenue Service assessed against him under 31 U.S.C. § 5321(a)(5), plus interest and other statutory additions.

  Given the amount in controversy, any settlement proposal in this case will almost definitely involve review and approval by the Department of Justice Tax Division Office of Review, and may ultimately have to be approved by the Principal Deputy Associate Attorney General. Upon receipt of a written settlement proposal that trial counsel for the United States is willing to recommend for acceptance, trial counsel for the United States is required to prepare a written memorandum regarding the settlement proposal for review and possible approval by

1

multiple individuals within the Department of Justice. In addition, trial counsel for the United States would solicit the views of Chief Counsel for the Internal Revenue Service regarding any settlement proposal.

Although the extensive review process required for this case does not lend itself to an immediate resolution during mediation, the United States has successfully resolved many lawsuits through this process, including settling other cases with counsel for the Defendant in this case (Farley Katz). The United States is willing to engage in direct settlement discussions with the Defendant in this case. Thus, the unnecessary costs to both parties of a mediation that cannot result in a final settlement should be avoided by relieving the parties of that obligation.

## LEGAL DISCUSSION

Settlement authority in tax cases rests with the Attorney General of the United States or his delegate.[1] The DOJ has promulgated regulations that govern the settlement of civil litigation involving the United States and the allocation of settlement authority within the DOJ. Lawsuits may be settled by delegates of the Attorney General only in accordance with regulations published in 28 C.F.R. §§ 0.70, 0.160, 0.161, 0.162, 0.164, 0.166, 0.168, and Tax Division Directive No. 105, published in 28 C.F.R. Part O, Subpart Y, Appendix ("Settlement Regulations").[2] DOJ regulations confining settlement authority to selected officers and officials

---

[1] 26 U.S.C. § 7122.

[2] *See In re Stone*, 986 F.2d 898, 900-01 (5th Cir. 1993) (discussing Attorney General's authority to settle lawsuits under 28 U.S.C. § 510 and Justice Department regulations implementing settlement authority); *Midwest Sports Med. & Orthopedic Surgery, Inc. v. United States*, 73 F. Supp. 2d 870, 876-82 (S.D. Ohio 1999) (discussing Tax Division settlement procedures).

are valid and binding.[3] The Fifth Circuit has acknowledged "the reasonable policy justifications for the Justice Department's settlement regulations."[4]

Indeed, the United States is in a "unique position" as a litigant in the federal courts.[5] Not only is the United States "'a party to a far greater number of cases on a nationwide basis than even the most litigious private entity,'"[6] but in negotiating settlements, the United States must take into account at least three interests that do not apply to private entities.

First, the United States has a duty to ensure that it treats all taxpayers consistently.[7] To this end, the IRS and DOJ centralize decision-making so that the burdens of the United States are fairly shared by all. Second, the Settlement Regulations serve the goal of placing the power to decide cases involving significant amounts of money or implications for broad classes of cases in the hands of officials with policy-making authority.[8] This practice assures that the decisions will serve a coherent policy, rather than the pressing considerations of the moment. Third, the Settlement Regulations assure that settlements made in cases involving the payment of substantial sums from the public treasury or cases in which the agency involved in the litigation opposes the proposed settlement should be made by officials with political accountability.[9]

---

[3] *See White v. United States Dep't of Interior*, 639 F. Supp. 82, 88-90 (M.D. Pa. 1986), *aff'd* 815 F.2d 697 (3d Cir. 1987); *Bohlen v. United States*, 623 F. Supp. 595, 597 (C.D. Ill. 1985).

[4] *Stone*, 986 F.2d at 904.

[5] *Id*. at 903.

[6] *Id*. at 904 (quoting *United States v. Mendoza*, 464 U.S. 154, 159 (1984)).

[7] *See id.*

[8] *See id*.

[9] *See id*.

Depending on the proposed settlement amount, it is likely that multiple high-level officials within the Department of Justice will need to review and approve settlement of this case. This process requires time for an official to review and approve the settlement proposal before submitting it to the next-ranking official for review and approval.

Due to the unique manner in which settlement authority for this case is delegated by law within the Department of Justice, and the unique manner in which settlements must be reviewed and approved by the Department of Justice, the United States submits that the mediation requirement is not appropriate in this lawsuit and requests relief from it.

Counsel for the United States has conferred with opposing counsel and they are not opposed to the relief sought.

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court relieve the parties of the requirement to mediate this case.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


 /s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
HOLLY CHURCH
Texas Bar No. 24040691
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754/2432
Fax (214) 880-9741
herbert.w.linder@usdoj.gov
holly.m.church@usdoj.gov

ATTORNEYS FOR UNITED STATES

## CERTIFICATE OF CONFERENCE

On December 17, 2019, I conferred with counsel for Defendant Alexandru Bittner regarding this motion and they stated that they were unopposed to the relief sought herein.

/s/ Herbert W. Linder
HERBERT W. LINDER

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing motion has been made on December 19, 2019, by the Clerk's ECF filing system to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
Josh Wu
2301 Broadway St.
San Antonio, Texas 78209

/s/ Herbert W. Linder
HERBERT W. LINDER
