SD

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217

| | |
|---|---|
| ALEXANDRU J. BITTNER & SHERRY BITTNER, | ) ) ) |
| Petitioner(s), | ) ) |
| v. | ) Docket No. 19894-17. ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) |
| Respondent | ) ) ) |

**O R D E R**

    This case is calendared for trial at the Court's November 4, 2019 San Antonio, Texas special trial session.  On October 14, 2019, respondent filed a motion in limine to exclude in part, or in whole, the expert report and testimony of Scott D. Michel.  On October 22, 2019, petitioner filed a response to respondent's motion in limine.

    The Supreme Court has stressed the trial court's role as a "gatekeeper" in excluding at the outset evidence that is unreliable or irrelevant.  See <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993).  The trial judge must make "a preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issues."  <u>Id.</u> at 592-593. The reliability and relevancy standards are embodied in Rule 702 of the Federal Rules of Evidence, and they apply equally to expert testimony that is not "scientific".  <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 148 (1999).

    Expert testimony about what the law is or directs the finder of fact on how to apply the law does not assist the trier of fact.  <u>Stobie Creek Invs., LLC v. United States</u>, 81 Fed. Cl. 358, 364 (2008).  Expert opinions on law are inadmissable. Fed. R. Evid. 702(a); <u>see</u> <u>Hosp. Corp. of Am. v. Commissioner</u>, 109 T.C. 21, 59 (1997).

**SERVED Oct 25 2019**



Government Exhibit
c

Upon due consideration, it is

ORDERED that respondent's motion in limine to exclude the expert report and testimony of Scott D. Michel is granted.

**(Signed) Kathleen Kerrigan**
**Judge**

Dated:  Washington, D.C.
       October 25, 2019