```
 1                 UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TEXAS
 2                       SHERMAN DIVISION

 3
    UNITED STATES OF AMERICA,    §
 4          Plaintiff,           §
                                 §
 5  v.                           §   Case No. 4:19-cv-00415
                                 §
 6  ALEXANDRU BITTNER,           §
            Defendant.           §
 7

 8

 9

10  **************************************************

11                    ORAL DEPOSITION OF

12                        ANH REACH

13                    FEBRUARY 10, 2020

14  **************************************************

15

16          ORAL DEPOSITION OF ANH REACH, produced as a

17  witness at the instance of the Defendant, and duly

18  sworn, was taken in the above-styled and numbered cause

19  on the 10th day of February, 2020, from 10:05 a.m. to

20  2:38 p.m., before Cynthia Warren, Certified Shorthand

21  Reporter for the State of Texas, reported by machine

22  shorthand, at the offices of Clark Hill Strasburger, 720

23  Brazos Street, Suite 700, Austin, Texas 78701, pursuant

24  to the Federal Rules of Civil Procedures and the

25  provisions stated on the record.
```

888-893-3767
www.lexitaslegal.com

Government Exhibit 64

LEXITAS

```
02:31   1        Q.   So, Ms. Reach, there was discussion earlier,
02:31   2   when you -- some of these accounts that were listed, you
02:31   3   asked -- you said you did ask for signature cards?
02:31   4        A.   I did ask for signature cards.
02:31   5        Q.   Did you ever receive any signature cards?
02:31   6        A.   I did not.
02:31   7        Q.   Ms. Reach, as an IRS -- as a revenue agent can
02:31   8   you summons a foreign account or someone who's a
02:31   9   taxpayer's foreign accounts -- Ms. Reach, as a revenue
02:31  10   agent can you summons a foreign bank account?
02:31  11        A.   I cannot issue a summons for foreign bank
02:31  12   records to a foreign jurisdiction.
02:31  13        Q.   Okay.  And you did not assert FBAR penalties
02:32  14   for 2004 or 2005 or 2006, did you?
02:32  15        A.   I did not.
02:32  16        Q.   And you actually issued -- did you issue a
02:32  17   summons to a tax return preparer of Mr. Bittner's, a
02:32  18   Mr. Beckley?
02:32  19        A.   Yes, I did.
02:32  20        Q.   Did you obtain records from Mr. Beckley?
02:32  21        A.   Yes, I did.
02:32  22        Q.   Did you use those in your examination?
02:32  23        A.   Yes, I did.
02:32  24        Q.   And we were going over -- your Form 886
02:32  25   prepared for the FBAR report, that is a form that lists
```

```
02:32  1   some of the facts and circumstances that you relied on?
02:32  2      A.   Yes.
02:32  3      Q.   And would the amount of funds that were held in
02:32  4   Mr. Bittner's account, would that have been a factor
02:32  5   that you would have considered when you determined the
02:32  6   amount or assessing the FBAR penalty?
02:32  7      A.   Yes, definitely.
02:32  8      Q.   And the 886 doesn't list all the facts and
02:32  9   circumstances that you would have relied on, but it does
02:33 10   list some of them.  Would that be a fair statement?
02:33 11      A.   Yes.  Yes.
02:33 12              MR. LINDER:  I have no further questions.
02:33 13   I'll pass the witness.
02:33 14                    FURTHER EXAMINATION
02:33 15   BY MR. KATZ:
02:33 16      Q.   You're not aware of any additional facts and
02:33 17   circumstances that you relied upon, are you?
02:33 18      A.   At this moment I am not aware.  But when I
02:33 19   recall in discussions, then I realized oh, yes, that's a
02:33 20   fact that I relied on to impose the penalties.
02:34 21      Q.   And yesterday you spent 9:00 to 5:00 working
02:34 22   with Mr. Linder in preparation for this deposition.  Is
02:34 23   that correct?
02:34 24              MR. LINDER:  Objection, mischaracterizes
02:34 25   the testimony.  You can answer.
```