# APPENDIX

| DOCUMENT | Page |
|---|---|
| FinCEN's Proposed Amendments to Reg. 1010.350(a) | 1-1 |
| Undisputed Conclusions of Law, *U.S. v. Patel*, 8:19-cv-792 | 2-1 |
| Response to Request for Admission, *U.S. v. Patel*, 8:19-cv-792 | 3-1 |
| Deleted IRS Website Statement Re Bifurcation | 4-1 |

# EXHIBIT A

*Estimate Average Annual Burden Hours Per Affected Filer:* The estimated average burden associated with the reporting requirement (FBAR form completion) will vary depending on the number of reportable accounts. FinCEN estimates that the average increase in the reporting burden will be approximately 2 minutes per foreign financial account reported on the FBAR. In 2013, approximately 10,800 FBARs were filed by individuals or entities with financial interest in 25 or more foreign financial accounts. Those entities had a combined total of approximately 5,366,000 foreign financial accounts. The average number of foreign financial accounts reported per FBAR filed was 497. This translates to approximately 16.6 burden hours per affected filer.[36] The reporting burden is reflected in the burden listed for completing FinCEN Form 114 (See OMB Control Number 1506–0009).

*Estimated Total Annual Burden:* 208,828 hours (12,580 FBARs × 16.6 hours per FBAR filer).

*Summary Total of Estimated Annual Burden:* 204,583 hours (208,828 − 4,245).

*Questions for Comment*

FinCEN specifically invites comment on the accuracy of FinCEN's estimate of the burden on respondents and any other aspects of our PRA estimates. Comments are specifically requested concerning: (a) Whether the proposed collection of information is necessary for the proper performance of the functions of FinCEN, including whether the information will have practical utility; (b) the accuracy of the estimated burden associated with the proposed collection of information; (c) how the quality, utility, and clarity of the information to be collected may be enhanced; and (d) how the burden of complying with the proposed collection of information may be minimized, including through the application of automated collection techniques or other forms of information technology.

## VIII. Unfunded Mandates Act of 1995 Statement

Section 202 of the Unfunded Mandates Reform Act of 1995 ("Unfunded Mandates Act"), Public Law 104–4 (March 22, 1995), requires that an agency prepare a budgetary impact statement before promulgating a rule that may result in expenditure by state, local, and tribal governments, in the aggregate, or by the private sector, of $100 million or more in any one year. If a budgetary impact statement is required, section 202 of the Unfunded Mandates Act also requires an agency to identify and consider a reasonable number of regulatory alternatives before promulgating a rule. FinCEN has determined that it is not required to prepare a written statement under section 202 and has concluded that on balance the proposals in the Notice of Proposed Rulemaking provide the most cost-effective and least burdensome alternative to achieve the objectives of the rule.

## List of Subjects in 31 CFR Part 1010

Administrative practice and procedure, Banks, Banking, Brokers, Currency, Foreign banking, Foreign currencies, Gambling, Investigations, Penalties, Reporting and recordkeeping requirements, Securities, Terrorism.

## Proposed Amendments to the Regulations

For the reasons set forth above in the preamble, 31 CFR part 1010 is proposed to be amended as follows:

## PART 1010—GENERAL PROVISIONS

■ 1. The authority citation for part 1010 continues to read as follows:

**Authority:** 12 U.S.C. 1829b and 1951–1959; 31 U.S.C. 5311–5314 and 5316–5332; title III, sec. 314, Pub. L. 107–56, 115 Stat. 307; sec. 2006, Pub. L. 114–41, 129 Stat. 457.

■ 2. Amend § 1010.306 by revising paragraphs (c) and (e) to read as follows:

### § 1010.306   Filing of reports.

\* \* \* \* \*

(c) Reports required by § 1010.350 are to be filed electronically through BSA E-File with the Financial Crimes Enforcement Network <u>and shall be filed on or before April 15 of each calendar year with respect to foreign financial accounts that had an aggregate value in excess of $10,000 at any time during the previous calendar year</u>. Extensions to October 15 of the reporting year are available upon request.

\* \* \* \* \*

(e) Forms to be used in making the reports required by § 1010.311, § 1010.313, § 1010.350, § 1020.315, § 1021.311, or § 1021.313 of this chapter may be obtained from the Financial Crimes Enforcement Network BSA E-Filing system. Forms to be used in making the reports required by § 1010.340 may be obtained from the U.S. Customs and Border Protection or the Financial Crimes Enforcement Network.

■ 3. Amend § 1010.350 as follows:
■ a. Revise paragraphs (a) and (f)(2);
■ b. Remove paragraphs (g)(1) and (2); and
■ c. Redesignate paragraphs (g)(3) through (5) as paragraphs (g)(1) through (3).

The revisions read as follows:

### § 1010.350   Reports of foreign financial accounts.

(a) *In general.* Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue <u>on a return</u> for each ✱✱ year in which such relationship exists and shall provide <u>the Financial Crimes Enforcement Network, through BSA E-Filing, with</u> such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons. The form prescribed under section 5314 is the Report of Foreign Bank and Financial Accounts (FinCEN Form 114).

\* \* \* \* \*

(f) \* \* \*

(2) *Exemption.* An officer, employee, or agent of an entity need not submit a report to the Financial Crimes Enforcement Network regarding signature or other authority over a foreign financial account in which such entity, or a subsidiary, parent, or another entity within the same corporate or other business structure of such entity has a financial interest, if the officer, employee, or agent has no financial interest in the account and the account is required to be reported under 31 CFR 1010.350 by the entity or any other entity within the same corporate or other business structure. An entity will be required to maintain information identifying all officers, employees, and agents with signature or other authority over a foreign financial account in which it has financial interest and to provide this information when so requested by the Financial Crimes Enforcement Network. Such information

---

solely due to their employment. Based on questions raised by industry following the issuance of the 2011 FBAR final rule, FinCEN believes that most FBAR reporting on signature authority over 25 or more foreign financial accounts is by individuals who are reporting solely due to their signature authority over their employers' foreign financial accounts. Because FinCEN is proposing to exempt all of those FBAR filers due to such scenarios, so long as those accounts are already required to be reported by their employer or another entity with the same corporate structure as their employer, we have factored that into our estimate of the number of FBARs we expect to be filed by U.S. persons with 25 or more foreign financial accounts due to signature authority. (8,900 FBARs × 0.2 = 1,780). The estimated total FBARs to be reported with 25 or more foreign financial accounts due to financial interest and signature authority is 12,580 (10,800 + 1,780).

[36] 497 accounts multiplied by 2 minutes per account and converted to hours is 16.6 hours.

# EXHIBIT B

1 NICOLA T. HANNA
United States Attorney
2 THOMAS D. COKER
Assistant United States Attorney
3 Chief, Tax Division
MELISSA BRIGGS (Cal. Bar No. 320697)
4 Assistant United States Attorney
    Federal Building, Suite 7211
5     300 North Los Angeles Street
    Los Angeles, California 90012
6     Telephone: (213) 894-6165
    Facsimile: (213) 894-0115
7     E-mail: Melissa.Briggs2@usdoj.gov

8 Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:19-cv-00792-JLS(JDEx) |
|---|---|
| Plaintiff, | |
| v. | RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANTS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT |
| LAXMAN PATEL, JASHU PATEL, HITEN PATEL, ANITA PATEL, | |
| Defendants. | |
| | Hearing Date: June 28, 2019<br>Hearing Time: 10:30 a.m.<br>Location: Ronald Reagan Federal Building and United States Courthouse<br>411 W. Fourth St.,<br>Santa Ana, CA, 92701<br>Courtroom 10A |
| | Hon. Josephine L. Staton |

Appendix Pg. 2-1

| | |
|---|---|
| ■■■ | |
| 10. Plaintiff's statement that "[t]he reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B) . . ." refers to the Title 26 obligation that the Defendants had to report their offshore bank relationships to the Commissioner of Internal Revenue on their federal tax returns for each year such relationships existed. RFA 27, Exh. A, pg. 9. Exh. C, pg. 4. | Undisputed, but dispute that the cited document provides authority for these obligations, which are created by statute and regulation. Ex.A, RFA 27. |
| ■■■ | ■■■ |

| | | |
|---|---|---|
| 1 | ████████████████ | |
| 2 | | |
| 3 | 12. The Plaintiff's statement that "[t]he reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B)" is consistent with FinCEN's proposed change to section 1010.350(a), adding "on a return" to read in relevant part "shall report such relationship to the Commissioner of Internal Revenue **on a return** for each year in which such relationship exists . ." RFA 54, Exh. A, pg. 12. Exh. C, pg. 4.Exh. D. | Undisputed that language is consistent. Ex. A, RFA 54. |
| 10 | ████████████████ | ████████████████ |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | 14. The Secretary in his *2002 Report* states that "[FinCEN Report 114] is a Title 31 Report." RFA No. 3, Exh. A, pg. 2.*2002 Report*, Exh. B, pg. 4, fn. 4. | Undisputed. |
| 17 | 15. The provisions of Title 31 require the filing of FinCEN Report 114. RFA 95, Exh. A, pg. 17. | Undisputed. |
| 19 | 16. The IRS FBAR Reference Guide ("*Guide*") states that "[FinCEN Report 114s] are required under the Bank Secrecy Act provision of Title 31 and not under any provisions of the Internal Revenue Code [Title 26]." RFA 94, Exh. A, pg. 17. IRS Pub., "*IRS FBAR Reference Guide*." Exh. E, pg. 2 | Undisputed. |
| 23 | ████████████████ | ████████████████ |

| | | |
|---|---|---|
| 1, 2, 3, 4, 5, 6, 7, 8 | 18. The statement in the *Guide* that the "BSA requires that a FinCEN [Report] 114, Report of Foreign Bank and Financial Accounts (FBAR) be filed if the aggregate maximum values of the foreign financial accounts exceed $10,000 at any time during the calendar year" means that the BSA requires an individual to file a FinCEN Report 114 if the aggregate maximum values of foreign accounts held during a calendar year exceed $10,000. RFA 90, Exh. A, pg. 15. Exh. E, pg. 1. | Undisputed. |
| 9, 10, 11, 12, 13 | 19. All of the Defendants were required to file FinCEN Report 114 for each of years 2010, 2011, 2012, and 2013 because their aggregate foreign account balance for each year met the filing requirement by exceeding $10,000. RFAs 8, 9, 44, and 83, Exh.A, pgs. 4, 5, 10-11, and 14, respectively. | Undisputed. |
| 14, 15, 16 | 20. The Defendants were each required by the BSA to file **ONE** FinCEN Report 114 for each of years 2010, 2011, 2012, and 2013. RFAs 8, 44, 90, and 124, Exh. A, pgs. 4, 10-11, 15, and 21, respectively. | Undisputed, but note that filers can file amended electronic reports. |
| 17, 18, 19 | 21. The FinCEN Report 114s that each of the Defendants filed for each year in issue were Title 31 reports. RFA 6, Exh. A, pg. 3 | Undisputed. |
| 20, 21, 22 | ████████████████ | ████ |
| 23, 24, 25, 26 | 23. The Defendants were required to file FinCEN Report 114 on or before June 30th following the calendar years 2010 – 2013. RFAs 9, 44, and 83, Exh. A, pgs. 5, 10-11, and 14, respectively | Undisputed. |
| 27, 28 | ████████████████ | ████ |

| | | |
|---|---|---|
| 1 | ██████████████████ | |
| 2 | | |
| 3 | 25. The Defendants filed one FinCEN Report 114 electronically with FinCEN for each calendar year in issue. RFA 159. Exh. A. pgs. 27-28. | Undisputed. |
| 4 | | |
| 5 | 26. The Defendants, or their authorized representative, were required to sign their FinCEN Report 114s for each calendar year in issue. RFA 163. Exh. A. pg. 28 | Undisputed. |
| 6 | | |
| 7 | | |
| 8 | 27. The Defendants signed one FinCEN Report 114 (via their authorized representative) for each calendar year in issue. RFA 161, Exh. A. pg. 28. | Undisputed. |
| 9 | | |
| 10 | | |
| 11 | 28. The Defendants did not timely electronically file their FinCEN Report 114s for each of the years in issue, in violation of the report-filing requirements of 31 U.S.C. § 5314, 31 C.F.R. § 1010.350(a), and 31 C.F.R. § 1010.306(c). Complaint ¶ 8. RFA 109, Exh. A. pg. 18. | Undisputed that they did not timely file in violation of the statute. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | 29. The Defendants did not violate the provisions of Title 26 in filing late their FinCEN Report 114s for each year in issue. RFA 157, Exh. A, pg. 27. | Undisputed. |
| 17 | | |
| 18 | ████████████████████ | ████████ |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | 31. Laxman and Jashu were required to list all 11 accounts and related information for calendar year 2010 on their delinquent FinCEN | Undisputed. |
| 28 | | |



| | |
|---|---|
| Report 114 or they would be violating the provisions of 31 U.S.C. § 5314, 31 C.F.R. § 1010.350(a), and 31 C.F.R. § 1010.306(d) by omitting a material item of information required to be supplied in response to questions posed under Part III of FinCEN Report 114. RFA 133, Exh. A, pg. 25. | |

# EXHIBIT C

|   |   |   |
|---|---|---|
| 1 | NICOLA T. HANNA<br>United States Attorney<br>THOMAS D. COKER<br>Assistant United States Attorney<br>Chief, Tax Division<br>MELISSA BRIGGS (Cal. Bar No. 320697)<br>Assistant United States Attorney<br>    Federal Building, Suite 7211<br>    300 North Los Angeles Street<br>    Los Angeles, California 90012<br>    Telephone: (213) 894-6165<br>    Facsimile: (213) 894-0115<br>    E-mail: Melissa.Briggs2@usdoj.gov | |

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| LAXMAN PATEL, JASHU PATEL, HITEN PATEL, AND ANITA PATEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,<br><br>Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>Counterclaimant,<br><br>v.<br><br>LAXMAN PATEL, JASHU PATEL, HITEN PATEL, AND ANITA PATEL,<br><br>Counterclaim Defendants. | Case No. 8:18-cv-00238 JLS (JDEx)<br><br>**UNITED STATES OF AMERICA'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS** |
|---|---|

REQUESTS FOR ADMISSIONS

Appendix Pg. 3-1

REQUEST NO. 4

█████████████████████████████████████████

RESPONSE NO. 4

█████████████████████████████████████████

REQUEST NO. 5

█████████████████████████████████████████
██████████████████████

REPSONSE NO. 5

█████████████████████████████████████████

REQUEST NO. 6

█████████████████████████████████████████

RESPONSE NO 6.

██████████████████ *the following statements made by the Secretary on Page 5 of the 2002 Report, Bates numbered P000190:*

> *The FBAR is not a tax return, but a report filed with the Secretary stating that the person filing has a financial interest in, or signature authority over, financial accounts in a foreign country with an aggregate value exceeding $10,000 at any time during the calendar year. Filing an FBAR is a two-part reporting process. Form 1040 Schedule B, Part III, instructs a taxpayer to indicate an interest in a financial account in a foreign country by checking "Yes" or "No" in the appropriate box. Form 1040 then refers the taxpayer to Form 90-22.1, the FBAR, which provides that it should be used to report a financial interest in or authority over bank accounts, securities accounts, or other financial accounts in a foreign country. The FBAR's instructions provide more detail on when the form must be filed. The deadline for filing an FBAR for each calendar year is on or before June 30th of the following year.*

REQUESTS FOR ADMISSIONS

*Request Nos. 18 - 33 relate to the following statements made in a document YOU prepared that has been Bates numbered P000199 – P000205 by the Plaintiffs. The following text is found at P000202 and reproduced here for your convenience.*

### Reporting and Filing Information

*A person who holds a foreign financial account may have a reporting obligation even when the account produces no taxable income. The reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B) and by filing an FBAR.*

REQUEST NO. 18

[redacted]

RESPONSE NO. 18

[redacted]

REQUEST NO. 19

Admit that the reporting obligations referenced by YOU represent the "two-part reporting process" the Secretary addressed on page 5 (P000190) of his 2002 Report.

RESPONSE NO. 19

Admit that the two part-reporting process is referenced in both documents. Deny that the obligations are based in these explanatory documents, but rather, the obligations are based in statute and regulations.

REQUEST NO. 20

[redacted]

# EXHIBIT D

| June 17, 2011 | FinCEN Notice 2011-2 extended due date for filing to June 30, 2012, for certain officers of employees of investment advisors registered with the Securities and Exchange Commission who have signature authority over, but no financial interest in, foreign financial accounts of their employer. |
|---|---|
| February 14, 2012 | FinCEN Notice 2012-1 extended the deadline to file to June 30, 2013, for those persons identified in Notice 2011-1 and Notice 2011-2. |
| December 26, 2012 | FinCEN Notice 2012-2 further extended the due date for filing to June 30, 2014. |
| December 17, 2013 | FinCEN Notice 2013-1 further extended the due date for filing to June 30, 2015. |
| November 24, 2014 | FinCEN Notice 2014-1 further extended the due date for filing to June 30, 2016. |
| December 8, 2015 | FinCEN Notice 2015-1 further extended the due date for filing to April 15, 2017 |
| December 16, 2016 | FinCEN Notice 2016-1 further extended the due date for filing to April 15, 2018 |

## Who Must File an FBAR

United States persons are required to file an FBAR if:

Appendix Pg. 4-1



1. the United States person had a financial interest in or signature authority over at least one financial account located outside of the United States; and
2. the aggregate value of all foreign financial accounts exceeded $10,000 at any time during the calendar year reported.

United States person includes U.S. citizens; U.S. residents; entities, including but not limited to, corporations, partnerships, or limited liability companies, created or organized in the United States or under the laws of the United States; and trusts or estates formed under the laws of the United States.

## Exceptions to the Reporting Requirement

Exceptions to the FBAR reporting requirements can be found in the FBAR instructions. There are filing exceptions for the following United States persons or foreign financial accounts:

- Certain foreign financial accounts jointly owned by spouses
- United States persons included in a consolidated FBAR
- Correspondent/Nostro accounts
- Foreign financial accounts owned by a governmental entity
- Foreign financial accounts owned by an international financial institution
- Owners and beneficiaries of U.S. IRAs
- Participants in and beneficiaries of tax-qualified retirement plans
- Certain individuals with signature authority over, but no financial interest in, a foreign financial account
- Trust beneficiaries (but only if a U.S. person reports the account on an FBAR filed on behalf of the trust)
- Foreign financial accounts maintained on a United States military banking facility.

Review the FBAR instructions for more information on the reporting requirement and on the exceptions to the reporting requirement.

## Reporting and Filing Information

A person who holds a foreign financial account may have a reporting obligation even when the account produces no taxable income. <u>The reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B) and by filing an FBAR</u>.   **\*\***

The FBAR is a calendar year report and must be filed on or before April 15 of the year following the calendar year being reported. Effective July 1, 2013, the FBAR must be filed electronically through FinCEN's BSA E-Filing System.

Appendix Pg. 4-2

