IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ALEXANDRU BITTNER,<br>　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)  Case No. 4:19-cv-00415<br>)<br>)<br>)<br>) |

**UNITED STATES' RESPONSE IN OPPOSITION TO (THE PATELS')  MOTION FOR LEAVE TO FILE AN AMICUS BRIEF AND FOR LEAVE TO EXCEED PAGE LIMITS**

The United States files this response in opposition to the Patels' Motion for Leave to File an Amicus Brief and Leave to Exceed Page Limits, ECF # 32, "Patels' Motion", and states as follows:

1. Overview

The United States and Alexandru Bittner have both filed motions for partial summary judgment on the issue of whether the non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(5)(B)(i) is a per account or a per form violation?[1] The parties have already filed 38 pages of briefing on this legal issue.[2] Depending on the length of the United States' response and Bittner's reply, there may be another 40 pages of briefing on the issue.[3] Some 78 pages of briefing on this issue by the parties is adequate.   Now the Patels wish to file amicus briefing on this same issue and their motion for leave should be denied.

2. The Parties do not consent to the amicus brief being filed.

---

[1] *See* ECF # 28, Bittner's Motion and ECF # 29, United States' Motion for Partial Summary Judgment pages 17-25.
[2] *Id.*
[3] *See* ECF # 27, setting page limits for responses and replies at 30 and 10 pages, respectively.

1

While not the whole determining factor, it is significant that neither the United States nor Bittner consented to the filing of an amicus brief in this case.  The extent, if any, to which an amicus curia should be permitted to participate in a pending action is solely within the broad discretion of the district court.  *Club v. Fed. Emergency Mgmt. Agency*, No. 07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007*); United States ex rel. Gudur v. Deloitte Consulting L.L.P.*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008).  Without the joint consent of the parties, a court should go slow in accepting "and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970).  In the present case, neither the United States nor Bittner consented to the filing of the amicus brief and both oppose the motion to file such a brief.

3. <u>The Patels do not meet the elements for filing an amicus brief</u>

An amicus brief should normally be allowed when a party is not competently represented, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that will help the court. *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (citing *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Deloitte Consulting, L.L.P.*, 512 F. Supp. 2d at 927 ("Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice.") (citing authority omitted).

In the present case, Bittner is competently represented.  Counsel for the Bittner have represented him in his United States Tax Court case and this case from the beginning.  Counsel for Bittner are competent, and the amicus has not suggested otherwise.

The Patels' interest will not be effected by the decision of this Court because it would not be binding on them.  The Patels' case is pending in the United States District Court for the Central District of California.  The same District where the case of *United States v. Boyd* was decided.[4]  The Patels' case was stayed while the *Boyd* case is on appeal to the United States Ninth Circuit Court of Appeals.[5]  The Patels filed an amicus brief in the Ninth Circuit in *Boyd*. Regardless of how this Court and potentially the Fifth Circuit rule on Bittner's case, the Patels will be bound by the Ninth Circuit ruling in *Boyd*.  Thus, the Patels' interest will be protected and decided by the Ninth Circuit Court of Appeals.

The Patels have no unique information, positions, or perspective for this Court.  As previously stated, the parties in this case will have filed approximately 78 pages of briefing on the issue.  The Patels' amicus brief covers the statutory and regulatory framework of the Bank Secrecy Act, 31 U.S.C. §§ 5311 *et seq.* and implementing regulations.[6]  Likewise, so do the United States' and Bittner's motions for partial summary judgment.[7]  Both the United States and Bittner discuss the reporting requirements and analyze the reasonable cause exception under 31 U.S.C. § 5321(a)(5) as do the Patels.  While the exact wording may be different, comparing subjects in the table of contents of the Patels' amicus brief and Bittner's motion shows the briefing is duplicative on this one issue.[8]  The Patels' proposed amicus curie brief provides 30

---

[4] *United States v. Boyd*, No. 18-cv-803, 2019 WL 1976472 (C.D. Cal. Apr. 23, 2019)
[5] *United States v. Boyd*, Case No. 19-55585, United States Court of Appeals for the Ninth Circuit.
[6] *See* ECF # 33, pgs. 2-3, "Table of Contents".
[7] *See* ECF # 28, pgs. 5-11 and ECF # 29, pgs. 17-20.
[8] *Compare* ECF 28, pg. 2 *to* ECF # 33, pgs. 2-3.

pages of duplicative briefing on an issue that the parties have already spent 38 pages briefing and may spend up to 40 pages more.

Moreover, where a movant's attitude toward the litigation is patently partisan, he should not be allowed to appear as amicus curiae. *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985). The Patels are arguing for the same position as Bittner. Patels' amicus brief is really a brief on behalf of Bittner. In fact, the Patels titled their brief "Amicus Brief in Support of Alexandru Bittner's Motion for Partial Summary Judgment".[9] The Patels are motivated for the Court to rule in Bittner's favor so that they can cite to such a decision in support of their pending litigation. If the logic of granting leave for the Patels amics brief is accepted, then every individual subject to an FBAR penalty would have the same grounds to file a brief in every other individual's case in the country. This is clearly not the standard to be applied.

Further, an amicus who argues facts should rarely be welcomed. *Club*, 2007 WL 3472851, at *1 (*citing* to *Strasser*, 432 F.2d at 569). The Patels are relying on facts, filings, and admissions to which the United States, in this action, cannot dispute, verify, or contest.[10] The Patels also rely on alleged undisputed facts[11] and admissions[12] from their own case to support their brief and in an attempt to bind the United States in this case. The motion for leave to file an amicus brief should be denied and ECF ## 33 and 34[13] should be struck as the Patels filed their brief before the Court granted their motion.

---

[9] *See* ECF #33.
[10] *See* ECF #32 at pg. 3 and pgs. 8-9. *See also* ECF # 32-1
[11] *See* ECF # 32-1 appendix pages 2-1 to 2-6.
[12] *See* ECF # 32-1 appendix pages 3-1 to 3-3.
[13] The amicus briefs were filed prior to the court granting a motion for leave to file. An amended amicus was filed, ECF #34 without filing a motion for leave to amend the amicus brief.

WHEREFORE the United States requests that the Court deny the Patels' Motion for Leave to file an amicus brief in this case.

>Respectfully submitted,
>
>RICHARD E. ZUCKERMAN
>Principal Deputy Assistant Attorney General
>
>/s/ Herbert W. Linder
>HERBERT W. LINDER
>Ohio Bar No. 0065446
>Attorney, Tax Division
>U.S. Department of Justice
>717 N. Harwood St., Suite 400
>Dallas, Texas 75201
>Phone: (214) 880-9754
>Fax (214) 880-9741
>herbert.w.linder@usdoj.gov
>
>ATTORNEYS FOR UNITED STATES

## **CERTIFICATE OF SERVICE**

      IT IS HEREBY CERTIFIED that service of the foregoing Response in Opposition has been made on March 30, 2020, by the Clerk's ECF filing system to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

David Michaels
310 Maui Drive
Placentia, CA 92870

                                /s/ Herbert W. Linder
                               HERBERT W. LINDER