UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ALEXANDRU BITTNER,<br>    Defendant. | Case No. 4:19-cv-00415 |

**REPLY TO ALEXANDRU BITTNER'S OPPOSITION TO THE PATELS' MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF ALEXANDRU BITTNER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR LEAVE TO EXCEED THE PAGE LIMITS**

The Patels reply to the Bittner's opposition to the Patels' motion for leave to file an amicus brief in support of his motion for partial summary judgment, ECF # 38, as follows:

During meet and confer discussions pursuant to Local Civil Rule 7(h), at no time did counsel for Bittner state that the Patels' amicus brief was duplicative in any way, because it is not. Moreover, counsel for Bittner made clear that the content of the amicus brief would not be brought before this Court for consideration.  Now counsel contends that "the brief is confusing, unnecessarily lengthy, and reiterates the essential point that Defendant already made in his motion for partial summary judgement (ECF No. 28) – namely, that the failure to timely file an FBAR is a single, per year, violation of the relevant statute and regulations."  ECF #38 at 1. While the conclusion reached that penalties do not attach to accounts is the same, the Patels' amicus brief comprises significant, additional information not provided in the parties' respective motions, "provid[es] supplementary assistance to existing counsel, and [] insur[es] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).  This vital information,

detailed below, is presented in a straightforward manner to assist this Court in understanding the nuances of the Bank Secrecy Act (the "BSA").

1. As set forth in the Patels' moving papers, the Supreme Court in *Shultz* has made important observations that inform how the BSA structure operates. In *California Bankers Association v. Shultz*, 416 U.S. 21 (1974), the Court made a critical observation relevant to the disposition of the novel issue here. The BSA "is not self-executing..." *Id*. at 64. Specifically, the Court provided that "the Act's civil and criminal penalties attach only upon violations of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone." *Id*. at 26. In doing so, the Court set forth three pieces to the puzzle— section 5314, the implementing regulations, and the penalty provision. They all work in harmony and ensure that the terms "violating" and "violation" in section 5321(a)(5) are not rendered meaningless.

2. Also of great importance to this Court is the understanding of the bifurcated nature of reg. 1010.350(a), an issue neither party proffers and Bittner finds "confusing". *Shultz* specifically referenced the dual function of that regulation (Title 26/Title 31), and FinCEN, the bureau tasked with drafting the regulations, has proposed changes to the regulation highlighting its dual nature in line with the Court's exposition. Critical targeted discovery admissions exposed the specious position taken by the IRS—that the Title 26 language "to report such relationship to the Commissioner of Internal Revenue for each year such relationship exists" means a separate title 31 report is filed for each bank account to which a separate report-filing violation occurs.[1]

---

[1] For the industry's only comprehensive discussion of the bifurcated nature of reg. 1010.350(a), see David Michaels, *FBAR Penalties: The IRS's Crumbling Case for a Per-Account Interpretation*, Tax Notes Federal, Vol. 164, No. 10, pg. 1575, 1581-83 (Sept. 2, 2019).

3. Instructive is the pattern that emerges in reviewing the Big Four's reporting requirements (sections 5313, 5314, 5316, and 5331), the term "violation" in the context of the BSA to which penalties attach means the same thing—each section requires the filing of a requisite Title 31 report, the trigger being an amount greater than $10,000 in each context (**failure-to-file violation**), by a fixed due date (**delinquency violation**), and when filed, the report must be materially accurate (**accuracy violation**).  The IRS comes to the same conclusion in discussing BSA reporting requirements for <u>financial institutions and individuals,</u> providing that "failure to report, not only includes a complete failure to file a report, it also includes a failure to timely file a report and filing a report with material false statements or omissions." IRM 4.26.5.4(5).  The Patels further highlight that the potential civil penalty exposure for those *filing* "violations" of the Big Four are set forth in the same penalty statute, section 5321(a).  IRS admissions in Patel are wholly consistent with that IRM provision, among others.

4. The burden provision in section 5314, the only such provision appearing in the BSA, and how that provision tempered the Secretary's sweeping discretion in requiring only one title 31 report be filed per year, not a separate report for each account, and only if an aggregate balance greater than $10,000 is maintained.  IRS admissions confirm same.

5. The 2002 Report, a document relied on substantially by Congress in reviewing potential filing violations to which penalties may attach under an amended section 5321(a)(5).  The Secretary explained the bifurcated nature of the regulation and summarized that one Title 31 report was required to be filed by June 30th of the following year, regardless of the number of accounts held, and only if an aggregate balance in excess of $10,000 was maintained.  The Secretary offered no objection, and learned that potential filing violations to which penalties may attach included the failure to file the FBAR, filing it late, or filing an inaccurate report.

6. How sec 5321(a)(5) operates to ensure the terms "violation" and "violating" are not rendered meaningless. This case is strictly one of statutory construction. Any construal that renders those terms meaningless is prima facie unreasonable. Detailed examples provide the contextual analysis to assist this Court in digesting its operation. The IRS's position is to render the implementing regulations inoperative. Without them, with sections 5314 and 5321(a)(5) standing alone, the IRS could impose no penalties on anyone. *Shultz*. That is because penalties attach to report-filing violations of the regulations, not accounts.

This issue is one of first impression in this District Court and the 5th Circuit. The Supreme Court has provided the roadmap to ensure that this issue is examined such that all words in the statutory and regulatory scheme matter. The information and perspectives here are not covered in the parties' respective briefs and is necessary for this Court to have a comprehensive understanding of the nuances of the BSA.[2]

---

[2] It should be noted here that a critical issue was not raised by Bittner that will need to be addressed in the interests of judicial economy should this Court determine penalties attach to report-filing violations—whether the assessments are void. The issue is another one of first impression, and if they are rendered void, the case will be dismissed as the applicable statute of limitations on assessment will have passed. The examiners in these cases attach penalties to report-filing violations that could not happen, and the discretionary nature of the penalty renders it impossible for a court to determine what penalty should be assessed, if any, because examiners exercised their discretion believing U.S. persons were far more culpable than they actually were, i.e., Bittner committed 54 report-filing violations, when he actually committed one. Bittner would not have an examiner to examine at trial for abuse of discretion because no examiner has exercised discretion in imposing a penalty on the actual report-filing violation committed. The penalty, if any, would have to be reassessed to preserve Bittner's right to question the examiner on how he or she determined the "appropriate" discretionary penalty. Significant BSA case law supports this conclusion. See *U.S. v. Dashney*, 937 F.2d 532 (10th Cir. 1991) (throwing out violations that could not, and were not, committed under section 5324(3)) and *U.S. v. Lang*, 732 F.3d 1246 (11th Cir. 2013) (dismissing an entire indictment consisting of 85 alleged violations of section 5324(3) on 85 separate deposits because the only violation committed was structuring for which no charge was brought).

WHEREFORE the Patels request that the Court grant leave to file their amicus brief to provide information not proffered by the parties to assist the Court in reaching an informed decision.

        Respectfully submitted,

        /s/ David Michaels
        DAVID MICHAELS
        Ca. Bar. No. 235985
        *Admitted in E.D. Texas
        310 Maui Drive
        Placentia, CA 92870
        Phone: (714) 742-9561
        Fax: (714) 985-0564
        dmichaels0867@hotmail.com

## CERTIFICATE OF SERVICE

   IT IS HEREBY CERTIFIED that service of the foregoing Reply was made on March 31, 2020, by the Clerk's ECF filing system to:

| | |
|---|---|
| CLARK HILL STRASBURGER | Herbert W. Linder |
| Farley P. Katz | Attorney, Tax Division |
| Rachael Rubenstein | U.S. Dept. of Justice |
| 2301 Broadway St. | 717 N. Harwood, Suite 400 |
| San Antonio, Texas 78209 | Dallas, Texas 75201 |

                        /s/ David Michaels
                        DAVID MICHAELS