UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>ALEXANDRU BITTNER,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 4:19-cv-00415<br>)<br>)<br>)<br>) |

**REPLY TO THE UNITED STATES OF AMERICA'S OPPOSITION TO THE PATELS'
MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF ALEXANDRU
BITTNER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR LEAVE TO
EXCEED THE PAGE LIMITS**

　The Patels reply to the United States' opposition to the Patels' motion for leave to file an amicus brief in support of Alexandru Bittner's motion for partial summary judgment, ECF # 36, as follows:

　At the outset, respectfully, the Patels highlight that every contention made in the United States' opposition as to the content of their amicus brief is wholly incorrect. As set forth in the Certificate of Conference in the Patels' motion for leave to file the amicus brief, counsel for the IRS opposed the motion without seeing or discussing the contents of the amicus brief (Local Civil Rule 7(h)), a brief which will greatly assist this Court in reaching a just and informed decision. At no time did counsel for Bittner state that the amicus brief is duplicative in any way, because it is not. With that stated, the Patels will address each contention and show that their amicus brief provides critical analysis not proffered to this Court, information that will ensure its ultimate decision will survive 5th Circuit and Supreme Court review.

**Erroneous Contention #1**

*The motion for leave to file an amicus brief should be denied and ECF ## 33 and 34[fn] should be struck as the Patels filed their brief before the Court granted their motion. [fn] The amicus*

1

*briefs were filed prior to the court granting a motion for leave to file.  An amended amicus was filed, ECF #34 without filing a motion for leave to amend the amicus brief.*  Opp. at 4.

Local Civil Rule 7(k) required the Patels to file their amicus brief immediately after the motion for leave was filed.[1]  Moreover, no motion for leave to file the amended amicus brief was required.  Ms. Becca Ferrel [sic], who handles the filing intake for this matter, advised that if the Patels wished to amend their amicus brief, they could simply file the corrected document without leave to file or permission of the parties.

### Erroneous Contention #2

*Where a movant's attitude toward the litigation is patently partisan, he should not be allowed to appear as amicus curiae.  The Patels are arguing for the same position as Bittner.  Patels' amicus brief is really a brief on behalf of Bittner.  In fact, the Patels titled their brief "Amicus Brief in Support of Alexandru Bittner's Motion for Partial Summary Judgment".*  Opposition, ECF #36 ("Opp") at 4.

"No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief, . . . and in the absence of controlling authority, district courts commonly refer to [Federal Rule of Appellate Procedure] 29 for guidance."  *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (emphasis added).

F.R.A.P. 29(a)(4) provides, in relevant part, as follows:

> **(4) Contents and Form**. An amicus brief must comply with Rule 32. In addition to the requirements of Rule 32, the cover must identify the party or parties supported and indicate whether the brief supports affirmance or reversal.  (Emphasis added).

In the instant case, the Patels complied with F.R.A.P. 29(a)(4), appropriately titling their brief "Amicus Brief in Support of Alexandru Bittner's Motion for Partial Summary Judgment ..." The government's reliance on the title as an indication of the Patels' "patently partisan" attitude

---

[1] **(k) Motions for Leave to File**. Motions for leave to file a document should be filed separately and immediately before the document for which leave is sought. If the motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing. If the motion is denied, the document will be struck . . . (Emphasis added).

towards the litigation here is nonsensical.  The Patels' amicus brief comprises significant, additional information not provided in the parties' respective motions, "provid[es] supplementary assistance to existing counsel, and [] insur[es] a complete and plenary presentation of difficult issues so that the court may reach a proper decision."  *N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).

### Erroneous Contention #3

*The Patels have no unique information, positions, or perspective for this Court. . . While the exact wording may be different, comparing subjects in the table of contents of the Patels' amicus brief and Bittner's motion shows the briefing is duplicative on this one issue.  The Patels' proposed amicus curie brief provides 30 pages of duplicative briefing on an issue that the parties have already spent 38 pages briefing and may spend up to 40 pages more.*  Opp. at 3-4.

The Patels' amicus brief speaks amply for itself, providing no duplicative material on this novel issue.  Again, the Bittners do not contend the material is duplicative in any way, <u>because it is not</u>.  The following is summary list of <u>unique information,</u> <u>positions</u>, and <u>perspectives</u> for this Court to consider, all of which are essential to reach the <u>proper decision</u> here.

1. In *California Bankers Association v. Shultz*, 416 U.S. 21 (1974), the Court made a critical observation relevant to the disposition of the novel issue here.  The BSA "is not self-executing..." *Id*. at 64.  Specifically, the Court provided that "the Act's civil and criminal penalties attach only upon violations of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone." *Id*. at 26.  In doing so, the Court set forth three pieces to the puzzle—section 5314, the implementing regulations, and the penalty provision.  They all work in harmony and ensure that the terms "violating" and "violation" in section 5321(a)(5) are not rendered meaningless.

2. IRM provisions confirming the IRS's understanding that "violations" of the reporting

requirements of section 5314 as implemented in the regulations not only include "a complete *failure to file a report*, it also includes a *failure to timely file a report* and *filing a report with material false statements or omissions*."  IRM 4.26.5.4(5) (among others).  IRS admissions in *Patel* are wholly consistent with those IRM statements.

3.  The examination of the Big Four sections of the BSA, which provides invaluable context and reveals that a "violation" to which penalties attach for those sections means the same thing—each section requires the filing of a requisite Title 31 report, the trigger being an amount greater than $10,000 in each context (**failure-to-file violation**), by a fixed due date (**delinquency violation**), and when filed, the report must be materially accurate (**accuracy violation**).

4.  The burden provision in section 5314, the only such provision appearing in the BSA, and how that provision tempered the Secretary's sweeping discretion in requiring only one title 31 report be filed per year, not a separate report for each account, and only if an aggregate balance greater than $10,000 is maintained.  IRS admissions confirm same.

5.  The 2002 Report, a document relied on substantially by Congress in reviewing potential filing violations to which penalties may attach under an amended section 5321(a)(5).  The Secretary explained the bifurcated nature of the regulation and summarized that one Title 31 report was required to be filed by June 30th of the following year, regardless of the number of accounts held, and only if an aggregate balance in excess of $10,000 was maintained.  The Secretary offered no objection, and learned that potential filing violations to which penalties may attach included the failure to file the FBAR, filing it late, or filing an inaccurate report.

6.  The bifurcated nature of reg. 1010.350(a).  Highly instructive here is the Court's exposition of that nature in *Shultz*, FinCEN's proposed change to the regulation to clarify its bifurcated nature, and the Secretary and IRS's explanation of its dual mandates and the IRS's

<u>admissions</u> re same.  The IRS's attempt to transmogrify reg. 1010.350(a)'s Title 26 requirement to report accounts on Schedule B on a tax return into a requirement that a separate report be filed for each bank account to which a separate report-filing violation occurs cannot be reconciled with the Secretary's mandate that one FBAR is filed per year.  IRS admissions confirm same.

    7.  How sec 5321(a)(5) operates to ensure the terms "violation" and "violating" are not rendered meaningless.  This case is strictly one of statutory construction.  Any construal that renders those terms meaningless is prima facie unreasonable.  Detailed examples provide the contextual analysis to assist this Court in digesting its operation.  The IRS's position is to render the implementing regulations inoperative.  Without them, with sections 5314 and 5321(a)(5) standing alone, the IRS could impose no penalties on anyone.  *Shultz*.  That is because penalties attach to report-filing violations of the regulations, not accounts.

## **Erroneous Contention # 4**

*The Patels are relying on facts, filings, and admissions to which the United States, in this action, cannot dispute, verify, or contest.  The Patels also rely on alleged undisputed facts and admissions from their own case to support their brief and in an attempt to bind the United States in this case.*

    The facts in the amicus brief, i.e., $10,000 assessments on accounts with nominal balances, and legal admissions are all part of the public record in court filings in *Patel* and are readily verifiable.  The facts and admissions highly relevant here were not in dispute in *Patel*.  The Patels' discovery plan unearthed valuable legal admissions re bifurcation and potential filing violations, admissions the IRS is now trying to bury.

    WHEREFORE the Patels request that the Court grant leave to file their amicus brief to provide information not proffered by the parties to assist the Court in reaching an informed decision.

Respectfully submitted,

/s/ David Michaels
DAVID MICHAELS
Ca. Bar. No. 235985
*Admitted in E.D. Texas
310 Maui Drive
Placentia, CA 92870
Phone: (714) 742-9561
Fax: (714) 985-0564
dmichaels0867@hotmail.com

## CERTIFICATE OF SERVICE

   IT IS HEREBY CERTIFIED that service of the foregoing Reply was made on March 31, 2020, by the Clerk's ECF filing system to:

| | |
|---|---|
| CLARK HILL STRASBURGER | Herbert W. Linder |
| Farley P. Katz | Attorney, Tax Division |
| Rachael Rubenstein | U.S. Dept. of Justice |
| 2301 Broadway St. | 717 N. Harwood, Suite 400 |
| San Antonio, Texas 78209 | Dallas, Texas 75201 |

                             /s/ David Michaels
                           DAVID MICHAELS