Exhibit H
Def. Response



**Department of the Treasury
Internal Revenue Service
Large Business & International**
12309 N. Mopac Expressway
Suite 200, MS 4309AUNW
Austin, TX 78758



Date:
06/06/2017

Filer ID number:
▮▮▮▮▮▮▮

Form:
FinCEN Report 114

Calendar years:
2007 - 2011

Person to contact:
Anh Reach

▮▮▮▮▮▮▮

Employee ID number:
▮▮▮▮▮▮▮

Refer reply to:
LB&I:WIIC:1555

Response due date:
06/13/2017

Alexandru Bittner
3927 Ranch Estates
Plano, TX 75074

Dear Alexandru Bittner:

**Why you are receiving this letter**
We're proposing a penalty for violating the reporting or record keeping requirements for foreign financial accounts. We checked the box for the penalty paragraphs that apply to you. Review this proposed penalty and let us know if you agree by following directions at the end of this letter. We enclosed a summary memorandum describing the violations. The summary also includes a penalty calculation.

**Proposed assessment (See the checked box and attached Form 13449)**

[x] We're proposing a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the filing requirements of 31 U.S.C. § 5314. A United States person is required to file FinCEN Report 114 (formerly Form TD F 90-22.1), *Report of Foreign Bank and Financial Accounts (FBAR),* with the Financial Crimes Enforcement Network (FinCEN) by June 30th of the following year if he or she has a financial interest in (or signature authority over) one or more foreign financial accounts whose aggregate balance exceeds $10,000 at any time during the calendar year.

  [x] For a non-willful failure to file a complete and accurate FBAR, the maximum penalty is $10,000 per violation.

  [ ] For a willful failure to file a complete and accurate FBAR, the maximum penalty is the greater of 1) $100,000 or 2) 50% of the balance in the account at the time of the violation, for each violation.

[ ] We're proposing a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the record keeping requirements under 31 U.S.C. § 5314. A United States person is required to keep certain records of foreign financial accounts and their maximum value during the year if he or she has a financial interest in (or signature authority over) one or more foreign financial accounts whose aggregate balance exceeds $10,000 at any time during the calendar year.

  [ ] For a non-willful failure to meet the record keeping requirement, the maximum penalty is $10,000 per violation.

  [ ] For a willful failure to meet the record keeping requirement, the maximum penalty is the greater of 1) $100,000 or 2) 50% of balance in the account at the time of the violation.

Letter 3709 (Rev. 9-2015)
Catalog Number 36614Q

| Form 886-A | U.S. Treasury Department-Internal Revenue Service **EXPLANATION OF ITEMS** Exhibit | Schedule No. or |
|---|---|---|
| Name of Taxpayer Alexandru Bittner | | Year/Period Ended 2007 through 2011 |

| | | |
|---|---|---|
| ▓▓▓ Drive, Plano, TX 75074 | ▓▓▓ Royal Oaks, Plano, TX | Property was purchased by Taxpayers on 11/01/11 and deeded to RoCalTex, LLC in exchange for capital in RoCalTex, LLC on 11/01/11. Property was transferred to Petre Ion on 09/01/2013, and then transferred to TexRom, LLC on 10/26/2013. |
| ▓▓▓ Lane, Dallas, TX 75217 | | Transferred to Ion Petre, then transferred to TexRom, LLC on 12/13/2013 and finally sold to 3rd party on 2/5/2014. |
| ▓▓▓ Drive, The Colony, TX 75056 | ▓▓▓ Colony, TX | Property was purchased by Taxpayers and deeded to RoCalTex, LLC in exchange for capital in RoCalTex, LLC on 11/17/11. Transferred to Petre Ion on 8/29/13, then to TexRom, LLC. |
| ▓▓▓ Dr., Arlington, TX 76013 | ▓▓▓ South 2nd Installment, Arlington, TX | Property was purchased from the Estate of Frances McCarthy on 11/22/11 then transferred to Petre Ion on 8/26/13, then to TexRom. |
| ▓▓▓ Lewisville, TX | ▓▓▓ No.2, Lewisville, TX | Property was purchased by Taxpayers on 12/23/11 and deeded to RoCalTex, LLC on 12/24/11 in exchange for capital in RoCalTex, LLC. |

Previously Subject to FBAR Filing Requirements

When Mr. Bittner moved to Romania in 1990 and opened foreign bank accounts, he was immediately subject to FBAR filing requirements. Mr. Bittner claimed that he was unaware of his requirement to file federal income tax returns and FBARs until his return to the U.S. However, the portion of his statement regarding his knowledge about his income tax filing obligations is false. Mr. Bittner knew about and did file returns for taxable years 1990, 1991, 1997, 1998, 1999, and 2000 while he was living in Romania. The following is a summary of the items reported on the original, timely filed income tax returns:

| Tax Year | Date Filed | Wage Income | Interest Inc. | Original Total Pos. Income | Itemized Ded. | AGI | Total Tax | Tax Withheld | EIC | (Total Refund) Tax Due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1990 | 06/26/1991 | $8,161 | $304 | $28,702 | $8,178 | $8,105 | $0 | $611 | $953 | ($1,564) |
| 1991 | 08/16/1992 | $0 | $42 | $2,318 | $0 | $2,318 | $0 | $0 | $0 | $0 |
| 1997 | 08/14/1998 | $0 | $0 | $20,312 | $0 | $20,312 | $1,219 | $0 | $0 | $1,219 |
| 1998 | 04/15/1999 | $0 | $0 | $49,102 | $0 | $49,102 | $5,089 | $0 | $0 | $5,089 |
| 1999 | 04/15/2000 | $0 | $0 | $62,724 | $0 | $62,724 | $7,641 | $0 | $0 | $7,641 |
| 2000 | 04/15/2001 | $0 | $0 | $52,382 | $0 | $52,382 | $5,494 | $0 | $0 | $5,494 |

| Form 886-A | U.S. Treasury Department-Internal Revenue Service **EXPLANATION OF ITEMS** Exhibit | Schedule No. or |
|---|---|---|
| Name of Taxpayer Alexandru Bittner | | Year/Period Ended 2007 through 2011 |

Mr. Bittner filed Forms 1040 for taxable years above at or around the time that the returns were due. For all of these years, Mr. Bittner would have been required to answer the question regarding whether he had foreign financial accounts and whether he had a requirement to file an FBAR or T DF 90-22.1.

On or around May 21, 2012, Mr. Bittner filed delinquent FBARs for calendar years 1993 through 2011. On or around September 27, 2013, Mr. Bittner filed amended FBARs.

Previous FBAR Penalties

Mr. Bittner had not been previously examined for FBAR filing requirements or been assessed the FBAR penalty.

Taxpayers Concealed Income and Assets to Minimize Reported Income of the original and amended returns filed for the taxable years 2002 through 2004 and 2006 through 2011

The examination of the Bittners' returns of the referenced taxable years indicates that they failed to report income from all of their foreign sales and failed to report the existence of all of his foreign financial accounts to Beckley, their original return preparer. They disclosed more assets and income to the preparer of their amended returns.

The amended returns reported gains and losses from sale or other disposition of assets. Some of these assets were not held in the Bittners' names. Mr. Bittner made concerted efforts to conceal true ownership of assets in Romania. Mr. Bittner's representative made the following statement in his May 29, 2014 letter to the IRS:

> *"Note that, to protect privacy in Romania, Mr. Bittner had assets held in the name of a number of nominees, including:*



| Form 886-A | U.S. Treasury Department-Internal Revenue Service<br>**EXPLANATION OF ITEMS**<br>*Exhibit* | Schedule No. or |
|---|---|---|
| Name of Taxpayer<br>Alexandru Bittner | | Year/Period Ended<br>2007 through 2011 |



==Mr. Bittner provided one nominee contract with Negrea Gheorghe and did not provide nominee contracts with the remaining nominees. Mr. Bittner did not provide copies of his Romanian tax returns to show that income and assets reported as being owned by him to the U.S. government were also reported to the Romanian government.==

- ==The Bittners made concerted efforts to conceal true ownership of assets in the U.S. after the processing of the original delinquent returns resulted in large deficiencies.== They transferred their U.S. home and 80% of the interests in their U.S. companies that held interests in U.S. real properties to an individual named Ion Petre (or Petre Ion). When asked whether Petre Ion was a nominee for Mr. Bittner, the representative made the following statement in his 05/29/14 letter:

> "Mr. Bittner holds a power of attorney to act on behalf of Mr. Ion in the US. Mr. Ion has not acted as a nominee for Mr. Bitter. While in Romania, Mr. Bittner and Mr. Ion were business partners. Mr. Ion also managed properties for Mr. Bittner and operated his Romanian businesses and assets when Mr. Bittner was not available. Mr. Ion has held and currently holds Powers of Attorney for Mr. Bittner or his nominees to act on his behalf in Romania."

Records and documents, however, indicate that Petre Ion (or Ion Petre) is a nominee for Mr. Bittner and acted on Mr. Bittner's behalf in Romania during the examination periods.

In 2012, Mr. Bittner claimed that he transferred assets to Ion Petre to repay a $4,000,000 debt that arose in 2000. This appears to be a conveyance of assets to avoid collection. The expenses related to these assets such as property taxes are paid from an account named/styled "Ion Petre, Alexandru Bittner POA" to give the appearance that Mr. Bittner is now representing Ion Petre and paying expenses on behalf of Mr. Petre. It is likely that Mr. Bittner is using this account to pay his own personal and business expenses.

| Form<br>886-A | U.S. Treasury Department-Internal Revenue Service<br>**_EXPLANATION OF ITEMS_**<br>Exhibit | Schedule No. or |
|---|---|---|
| Name of Taxpayer<br>Alexandru Bittner | | Year/Period Ended<br>2007 through 2011 |

Embassy about his U.S. tax obligations. It is not the mission or responsibility of the U.S. Embassy to notify Mr. Bittner of his U.S. tax obligations. This assertion does not constitute reasonable cause.

6. <u>Taxpayers are in compliance with Romanian tax laws</u>

"While living in Romania, I complied with all Romanian tax laws...." See <u>Exhibit 4</u>.

This assertion cannot be verified since Mr. Bittner has failed to provide copies of his Romanian tax returns as requested in Information Document Requests.

**Analysis and Argument**:

For tax years 2007 through 2011, Alexandru Bittner was required to file FBARs for all foreign financial accounts. He met all criteria necessary to require FBAR filings:
- He is a U.S. naturalized citizen; therefore, he is a U.S. person.
- He has foreign financial accounts in the following foreign countries: Romania, Switzerland, and Liechtenstein.
- He has a financial interest in these accounts, signature, or other authority over these foreign financial accounts.
- The aggregate amounts in the accounts valued in dollars exceed $10,000 at any time during each calendar year.

Mr. Bittner does not qualify for mitigation of penalties for the following reasons:

- There are indications that Mr. Bittner is hiding receipt of cash of unknown sources from Romanian authorities and/or U.S. authorities. Mr. Bittner's nominee, Negrea Gheorghe, received cash from Mr. Bittner to deposit into the account in the name of the nominee. Mr. Bittner has not explained the source of large amounts of cash and why he would need to use a nominee to receive these funds if they were legal sources of funds/income. It appears to be an attempt to hide the true source and nature of the funds.
- ==Mr. Bittner did not cooperate during the examination. He did not produce records as requested.==

**Department of the Treasury – Internal Revenue Service**   Form 886-A
                                                            Page 18