**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   Plaintiff,      )<br>              )<br>v.              ) Case No. 4:19-cv-00415<br>              )<br>ALEXANDRU BITTNER,   )<br>   Defendant.      ) | |

**THE UNITED STATES' RESPONSE TO**
**DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States responds to Defendant's Second Set of Interrogatories as follows:

The United States objects to the instructions since they seek to impose duties and requirements on the United States that far exceed what is required by Fed. R. Civ. P. 33.

**Preliminary Statement**

The United States objects to the Interrogatories' definitions of "you," "your," and "yours" as vague and unduly burdensome to the extent such definitions include federal officers, employees, agents, or representatives outside of the United States Department of the Treasury, Internal Revenue Service, or the Department of Justice, Tax Division, Civil Trial Section, who have been involved with the FBAR penalty assessments at issue in this case. The United States' Response to the Interrogatories is based on a definition of "you," "your," and "yours" to mean the Department of the Treasury, Internal Revenue Service, and U.S. Department of Justice, Tax Division, Civil Trial Section and their employees acting with respect to the assessment and collection of the civil penalties assessed against Defendant for his non-willful failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314, for the years 2007 through 2011.

1

Bitter based on his non-willful reporting violations in the amount of $10,000 per unreported account per year.

**INTERROGATORY NO. 3**: Under IRM 4.26.16.6.4.1, if an examiner determines that a nonwillful penalty of $10,000 per each [sic] year involved is insufficient, is the examiner required to impose the maximum penalty of $10,000 per account per year?

**RESPONSE:**

Examiners do not impose penalties. The IRS imposes and assesses penalties. The Internal Revenue Service's decision to assess non-willful FBAR penalties is not an individual agent's decision but the collective review and decisions of the Agent, Group Manager and FBAR penalty coordinator including the FBAR coordinator specialist who inputs and makes the assessments. The IRS may exercise discretion to propose and assess FBAR penalties in amounts less than maximum of $10,000 per account violation

**INTERROGATORY NO. 4**: Under IRM 4.26.16.6.4.1, if an examiner determines that a nonwillful penalty of $10,000 per each [sic] year involved in insufficient, does the examiner have the discretion to impose penalties between that amount and the maximum penalty of $10,000 per account per year?

**RESPONSE:**

Examiners do not impose penalties. The IRS imposes and assesses penalties. The Internal Revenue Service's decision or discretion to assess non-willful FBAR penalties is not an individual agent's decision but the collective review and decisions of the Agent, Group Manager and FBAR penalty coordinator. The IRS may exercise discretion to propose and assess FBAR penalties in amounts less than maximum of $10,000 per account violation.