UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:19-cv-00415 |
| ) | |
| ALEXANDRU BITTNER ) | |
|     Defendant. ) | |

**DEFENDANT ALEXANDRU BITTNER'S REPLY TO THE UNITED STATES'
RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Alexandru Bittner ("Defendant" or "Mr. Bittner") submits his Reply to the United States' Response ("Plaintiff's Response) to Defendants Motion for Partial Summary Judgment ECF No. 42, and would respectfully show the Court as follows:

    **I.    Plaintiff's Objections to Defendant's Undisputed Material Facts**

The government objects to Mr. Bittner's statement that his conduct was non-willful and innocent, and further states that the government has evidence and numerous facts that Mr. Bittner's failure to timely file FBARs may have been willful or reckless. Plaintiff's Response at ¶2. However, the examining agent, Anh Reach stated that she did not have sufficient facts to establish that Mr. Bittner committed a willful violation. *See* Defendant's Motion at Ex. C Reach Tr. 84:2-11. Thus, the government's statement that it has "numerous" facts demonstrating willfulness is misleading. Moreover, that assertion is irrelevant. At the end of a multi-year Title 31 FBAR examination against Mr. Bittner, the IRS determined that Bittner's conduct was non-willful for all years at issue, and it assessed non-willful penalties for his failure to timely file FBARs. The question before the Court, therefore, is what the statutory maximum penalty is for someone who non-willfully files a delinquent FBAR, not what penalty amount can be imposed for someone acting willfully. Further, the government states that the IRS never acknowledged

1

that Bittner was unaware of his requirement to file an FBAR. Plaintiff's Response at ¶4. But, Agent Reach stated that she "did not conclude that he [Mr. Bitter] knew [of his obligation to file FBARs], but instead "concluded that he should have known." *See* Defendant's Response at Ex. C Reach Tr. 84:17-24, ECF No. 46.

Finally, the government objected to Defendant's statement that, to his knowledge, the government has never criminally charged an individual based on the number of foreign accounts the individual failed to disclose, because Defendant did not provide evidence or case law to support this assertion.[1] Plaintiff's Response at ¶7. The government is in the best position to have this evidence, and, if the statement is untrue, Plaintiff could have refuted it.

## II. *Boyd* is the Sole Authority Supporting the Government's Position

The government argues that *Boyd v. United States*, 2019 WL 1976472 (C.D. Cal. Apr. 23, 2019)[2], is not the sole authority supporting its position. Plaintiff's Response at p. 22-23. However, Defendant's argument that the statute caps the non-willful penalty at $10,000 per FBAR form was not before any of the courts in the additional cases cited by the government.

In *United States v. Ott*, 18-CV-12174, 2019 WL 3714491, at *1 (E.D. Mich. Aug. 7, 2019), the only issue before the court, on a motion for summary judgment, was whether the defendant established a fact issue regarding reasonable cause. Ultimately, the court found that she did not. *Id.* at *2. While the court states in passing that the government may impose a $10,000 penalty per account for a non-willful violation, this statement is *dictum* since the defendant never argued that the statute did not a permit a per-account penalty. Furthermore, in

---

[1] While this appears in the government's objections to Defendant's proposed finding of fact, the statement was not made in Defendant's statement of undisputed material facts.
[2] Defendant explained at length in Defendant's Motion why *Boyd* was wrongly decided. *Id.*, at pp. 24-28.

*United States v. Gardner*, 2:18-CV-03536-CAS-E, 2019 WL 1767120, at *1 (C.D. Cal. Apr. 22, 2019), the court entered a default judgment against the defendant. As a result, the defendant never argued that the per-account penalties were not authorized by the statute. Here, Defendant argues that the statute imposes a per form penalty, not a per account penalty. Thus, the above-mentioned cases do not support the government.

In addition, the government alleges that the statutes at issue, implementing regulations, and legislative history support the government's argument. However, as Defendant has previously explained, a plain reading of those authorities, within the overall framework of the Bank Secrecy Act, provide absolutely no basis for the assessment of a per account penalty.

### III. Congress Intended to Punish Willful Violations More Severely Than Non-Willful Violations

The government's position that a person who non-willfully violates Section 5321 has committed a separate violation of the law for each reportable account is contrary to the plain language of the statute. 31 U.S.C. § 5321(5)(A) states that the Secretary may impose "*a* civil money penalty on any person who violates or causes any violation of Section 5314." (emphasis added). And, that "any civil penalty imposed [for a non-willful violation] shall not exceed $10,000." 31 U.S.C. § 5321(5)(B)(i). In the context of FBAR filings, the phrase "any civil penalty" refers to one of the three violations a person can non-willfully commit: (1) a complete failure to file an FBAR; (2) failure to timely file an FBAR; and (3) failure to file an accurate FBAR.[3] These violations refer to the FBAR form, not each unreported account. Thus, a natural reading of the statute indicates that a non-willful violator can be assessed *one* $10,000 penalty per form, not per account.

---

[3] *See* 31 CFR § 1010.350(a) and 1010.306(c) (failure to file violation); 31 CFR § 1010.306(c) (delinquency violation); 31 CFR § 1010.350(a) and 1010.306(d) (accuracy violation).

3

In addition, the government argues that because the willful penalty provision references the non-willful provision Congress must have intended the penalties be calculated in the same manner. Plaintiff's Response at pp. 13, 23-24. This ignores the plain language of the statute. Indeed, only the willful penalty provision mentions the term "account" or provides for a penalty computed on a per-account basis. 31 U.S.C. § 5321(5)(C) & (D). If Congress wished to punish willful and non-willful violations the same, it would have referenced Subparagraph (D) in the non-willful provision as it did for willful penalties. *See* 31 U.S.C. § 5321(5)(D)(ii) (stating that a willful violation is determined based on the balance in the account).[4] Further, the government claims that the underlying conduct for willful and non-willful violations is identical. Plaintiff's Response at pp.12-13, 23-25. If the government's contention were true, Congress would have established one penalty that applies universally to willful and non-willful violations, however, it did not do so.[5]

Furthermore, the government rejects Defendant's argument that its own authorities (FBAR form instructions and FinCEN's FBAR guidance) establish that the non-willful penalty is not assessed on a per-account basis and claims that these authorities are not the law or the government's position. Plaintiff's Response at pp. 15-16. However, in the same paragraph, the Plaintiff cites the Internal Revenue Manual ("IRM") to support its position that the non-willful penalty can be on a per-account basis. *Id.* at p. 16. The primary function of the IRM is to set forth procedures for IRS employees to follow in carrying out their duties. *See* IRM 1.11.2.2 (1) (11/11/2018) ("The IRM is the primary, official compilation of instructions to staff that relate to

---

[4] The government also alleges that the reasonable cause provision supports its position. However, as explained in Defendant's Motion and Defendant's Response, the reasonable cause safe harbor provides no such support. Defendant's Motion at p. 24-27; Defendant's Response at p. 20.
[5] *See generally* Defendant's Response at p. 19.

the administration and operation of the IRS. The IRM ensures that employees have the approved policy and guidance they need to carry out their responsibilities in administering the tax laws or other agency obligations."). Although the IRM does include some summaries of the law, those simply reflect the IRS's position with respect to the law and are not entitled to any deference by the courts. *See Eaglehawk Carbon, Inc. v. United States*, 122 Fed. Cl. 209, 221 (2015) ("Courts generally rely very little, if at all, on the IRM for guidance in interpreting the code."). Indeed, the IRS's "belief" that the non-willful penalty is assessed on a per-account basis does not trump the plain language of the statute and legislative history. *See id.* ("Third, it is well established that the IRM provisions are not precedential and may not be used to overcome the plain meaning of a statute.").

In addition, the government argues that if the Court determines the penalty is computed on a per-form rather than a per-account basis, Mr. Bittner will not be sufficiently "deterred," i.e. punished. Plaintiff's Response at pp. 18-19. But Congress created the non-willful penalty in 2004 to increase compliance with the FBAR statute and felt that a single $10,000 penalty for non-willful conduct *where there was previously no penalty at all* would accomplish that goal. That the government now disagrees is irrelevant. *See* Defendant's Response at pp. 19-20.

### IV. The Defendant Properly Relies on *Chrane*

Defendant relies on *United States v. Chrane*, 529 F.2d 1236 (5th Cir. 1976), which held that the government cannot arbitrarily create multiple violations out a single act or omission. *See* Defendant's Motion at 24-26. In *Chrane*, the government argued the defendant could be punished both for failure-to-file a return and failure to provide the information required on that return. The government argues that *Chrane* and related cases are criminal cases and have no application here. *See* Plaintiff's Response at 21-22. *Chrane* was not limited to criminal law; it applied basic principles of construction in holding that "[w]hether Chrane committed one offense

5

or several offenses is a question of legislative intent[.]" The Court reasoned that since filing a blank form was sufficient to establish either violation, "[t]his single omission could not have been intended [by Congress] to be two offenses." *Id.* at 1238; *see generally Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 926, 931–32 (E.D. Tex. 1999) ("This Court's goal in interpreting the language of this particular statute—or any Congressional statute for that matter—is to give effect to Congress' intent.").

The same reasoning tells us that the failure to timely file an FBAR is not separately punishable as discreet failures to provide each specific piece of information required on the form. Failing to file a form is one act regardless of how many specific pieces of information are requested on the form. Of course, here only one piece of information – the number of accounts – was required to be shown on each delinquent FBAR form at issue. *See* Defendant's Motion at pp. 8-9. Yet the government takes the position that if, for example, an individual had 45 accounts and non-willfully failed to file an FBAR form with the number 45 entered, he is to be punished in the amount of $10,000 times 45, or $450,000.

Compare this to failure to file an income tax return – surely a more serious matter than an information only reporting form. A non-willful failure to file an income tax return is subject to a penalty of 5 percent of the unpaid tax per month up to a maximum of 25 percent. 26 U.S.C. 6651(a) & (b). But if there is no tax due, there is no civil penalty for late filing. Congress imposed a single penalty for not filing a single form, as is typical in tax penalties; it did not provide individual penalties for failing to provide each individual piece of information required on the return, however important that information might be. Plaintiff here, however, seeks to dissect an information form into its component parts so as to impose an aggregate penalty that is immensely greater than would be imposed for failure to file an income tax return.

The government similarly argues the rule of lenity applies only to criminal cases and consequently has no application here. *See* Plaintiff's Motion at 20-21. But the rule of lenity is a limitation on the government's imposition of "punishment"[6] and "although often considered in the criminal context, the rule of lenity has been applied in the civil context and specifically with regard to civil tax penalties." *Rand v. Commissioner*, 141 T.C. 376, 393 (2013). *See* Defendant's Motion at 22-24.

Finally, the government argues that Defendant is wrong "because there is no grievous ambiguity and any doubt can be resolved by looking at the … statute." Plaintiff's Motion at 20. Defendant agrees that the statute is clear; it imposes "*a* monetary penalty." 31 U.S.C. § 5321(a)(5)(A), emphasis supplied. But the government's strained argument that other sections of the statute dealing with different, willful, conduct, should override the plain language imposing the non-willful penalty is itself premised on a supposed "grievous ambiguity." Thus, if there were "any doubt" here, it should be resolved in Defendant's favor by the rule of lenity.[7]

## V. Conclusion and Prayer

For the foregoing reasons, Defendant Alexandru Bittner respectfully requests that the Court grant his Motion for Partial Summary Judgment.

---

[6] It cannot be seriously debated that we are not dealing with punishment in this case.

[7] In addition to the rule of lenity, the FBAR statute is a tax-related act that imposes a penalty, and, as such, must be strictly construed – an argument the government does not refute. *See Commissioner v. Acker*, 361 U.S. 87, 91 (1959).

Respectfully submitted,

**CLARK HILL STRASBURGER**
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6006 (Ph.)
(210) 258-2714 (Fax)

By: /s/ Farley P. Katz
    **FARLEY P. KATZ**
    LEAD ATTORNEY
    State Bar No. 11108790
    fkatz@clarkhill.com
    **RACHAEL RUBENSTEIN**
    State Bar No. 24073919
    rrubenstein@clarkill.com
    **FORREST M. "TEO" SEGER III**
    Texas Bar No. 24070587
    tseger@clarkhill.com

**ATTORNEYS FOR DEFENDANT**
**ALEXANDRU BITTNER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Herbert W. Linder
Attorney, Tax Division
United States Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
Herbert.W.Linder@usdoj.gov
*Attorney for Plaintiff*

/s/ Rachael Rubenstein
**RACHAEL RUBENSTEIN**