IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
|     v. ) | |
| ALEXANDRU BITTNER, ) | Case No. 4:19-cv-00415 |
|     Defendant. ) | |
| _____) | |

**UNITED STATES' SUR-REPLY TO THE AMICUS REPLY TO THE UNITED STATES' RESPONSE TO BITTNER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States replies to the Amicus Reply Brief, ECF #58, to the United States' Response, ECF #42, to Bittner's' Motion for Partial Summary Judgment (ECF #28) and would show that despite its length and repeated self-serving assertions, the Amicus Reply offers nothing of value to this case because it relies entirely on misstatements of the government's position and misstatements of the law.

I. **The Patels' Amicus Reply Misstates the Government's Positions and the Law**

The issue purportedly addressed by the Patels' Amicus Reply (hereafter Amicus Reply) is whether the $10,000 maximum non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i) is calculated per account or a per year.  In this regard, the Amicus Reply argues for an annual maximum penalty for such violations based on two misstatements of the government's position and misstates the law.  First the Amicus Reply argues that the government's position overlooks the fact that the Bank Secrecy Act (BSA) is not self-implementing, and the Secretary of the Treasury's decision to promulgate regulations requiring that foreign bank accounts be reported on an annual form.  Then the Amicus Reply incorrectly misstates the law as creating a penalty for failure to file an annual form required by the implementing regulations.  Second, and relatedly, the Amicus Reply misstates the government's position as requiring Bittner to file

1

separate annual FBARs for each foreign account. Each of these statements in the Amicus Reply are wrong.

31 U.S.C. § 5314 requires reporting by United States persons of their "transactions" and "relationships" with a "foreign financial agency" which under 31 U.S.C. § 5312 includes foreign banks. The implementing regulations for Section 5314 similarly require reporting of these "transactions" and "relationships" with foreign banks. More specifically, 31 C.F.R. §§ 1010.350(a) and 1010.306(c) require every United States person who has a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country that exceeds $10,000 in aggregate value to file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," with the IRS reporting each and every account for each year in which "such relationship exists."

These regulations do not define the penalties for failure to comply. Instead, the statutes define those penalties. The Treasury Secretary is authorized to assess a penalty "on any person who violates, or causes any violation of, any provision of [31 U.S.C.] section 5314." 31 U.S.C. § 5321(a)(5)(A). However, the Secretary's choice in the implementing regulations of the less burdensome annual FBAR form to report these transactions and relationships with foreign banks for foreign account does not change the nature of a violation for which the non-willful penalty is assessed or how the statutes authorize the computation of that penalty.

In this regard, the Amicus Reply points to *California Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974) several times for the proposition that the BSA is not self-implementing and the Secretary of Treasury was given the power to issue regulations describing the information to be reported on foreign accounts and how it was to be reported. The United States also stated to this Court that the BSA is not self-executing and the Secretary defines the reporting requirements for holders of foreign accounts.

2

See ECF #. 29 at pg. *See also, United States v. Schoenfeld*, 396 F.Supp.3d 1064, 1071 (M.D. Fla., 2019), *United States v. Garrity*, 2019 WL 1004584, at *3 (D. Conn., 2019) (citing *Shultz*, 416 U.S. 21, at 26; 31 U.S.C. § 5314).

However, acknowledgement that the BSA is not self-executing does not resolve the legal issue in this case. The legal issue for the Court is whether maximum penalty under the <u>statutes written by Congress</u>, 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i), for a non-willful violation of 31 U.S.C § 5314 is $10,000 per each financial account not reported or per each annual FBAR form not timely filed. Stated more simply, is the $10,000 maximum non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i) a per account or a per year? *Shultz* does not address this question. In fact, *Shultz* was decided in 1974 some 30 years before Congress enacted the non-willful penalty in 2004. Furthermore, the Amicus Reply misstates the law when it attempts to suggest that the implementing regulations create the penalty or define how it is to be computed. Here, the Amicus Reply simply fails to recognize that the penalty is set forth in Sections 5314 and 5321, and that the implementing regulations are consistent with those statutes. In fact, the position advocated in the Amicus Reply would require a regulation of questionable validity that was inconsistent with these statutes, which is simply not the case.

The Amicus Reply also misstates the United States' position as requiring Bittner to file a separate annual FBAR report for each foreign account, or some 272 FBARs for years 2007-2011.[1] However, that is not the United States' position, and the Amicus Reply fails to identify any place in the United States' briefing where that position was asserted. Instead, it is the United States' position that the IRS properly assessed a $10,000 penalty per account violation against Bittner under 31 U.S.C. § 5321(a)(5) for the number of accounts he failed to report during each

---

[1] ECF #58 at pg. 4, headnote II, pg. 5, pg. 6, fn. 4, pgs. 8-9 and pgs. 12-13.

of the years at issue even if those accounts were to have been reported on a single annual form. See ECF# 29, SOF, ¶¶ 22, 25, 28, and pgs. 17, 19, 23. The United States further asserts that the maximum penalty for a non-willful failure to file such a report, or for omissions from it, is calculated as a violation per each omitted account. Thus, if a United States person fails to timely file an FBAR for 2007 on which he should have reported five foreign accounts, the maximum non-willful penalty is $50,000. This is not because he failed to file five separate forms in the same year, but instead because he failed to timely disclose five reportable accounts on that single annual form.

Consequently, the Amicus Reply fails to address the United States' position and instead creates its own irrelevant straw arguments to challenge. Astonishingly, the Amicus Reply attempts to justify this misstatement of government's position by taking the following statement from the IRS Revenue Agent's Report out of context, "[f]or tax years 2007 through 2011, Alexandru Bittner was required to file FBARs for all foreign financial accounts."[2] Read in context, this statement clearly addresses multiple years, 2007-2011, such that the use of the plural form of "FBARs" addresses a requirement to file one annual FBAR per year. Thus, the IRS's position was the same as the government's position in this suit - that all foreign financial accounts (plural) must be reported for each year and this can be done on a single annual form. Nowhere does this IRS statement suggest that Bittner was required to file a separate annual FBAR report for each foreign account, or that for example, he was required to file 61 FBAR reports for the 2007 year where he had 61 foreign accounts or any other year for that matter.[3] A

---

[2] ECF #58 pg. 6, fn. 4 referring to "the IRS Motion for Summary Judgment, ECF # 29-37, at DOJ 000262", however the correct citation is Gov.Ex.63 at DOJ 000263.
[3] See ECF #29 ¶ ¶ 22, 24 and 25, for the number of accounts in each year.
(continued...)

closer review of the Revenue Agent's report shows the calculation of the FBAR penalties ultimately assessed by the IRS against Bittner was based on multiple violations of the requirement to disclose foreign accounts for each of the 2007-2011 years.[4] Furthermore, even if this statement were inconsistent with the government's interpretation of the law in this case, Gov Ex. 63 is the Revenue Agent's Report of her examination, and it is not a statement of law or pronouncement of the United States' legal position in this case.

The United States' position in this case is clear. From 2007-2011, Bittner was a United States person who had an interest in numerous foreign bank accounts that contained more than $10,000 in aggregate. Consequently, Bittner was required to timely file an FBAR each year reporting *every* bank, securities, or other financial account in a foreign country in which he had a financial interest, or over which he had signature authority. However, Bittner failed to timely file FBARs for 2007-2010 reporting any foreign accounts. Bittner has not contended, nor could he, that his untimely FBARs that omitted multiple accounts did not violate reporting requirements. Bittner admitted to not timely filing FBARS for 2007-2010 reporting his financial interests in some 51, 43, 42, and 41 separate foreign accounts, respectively. Since Bittner had more than 25 accounts, he was required to file an FBAR in each of years 2007-2010, checking the box on line 14, yes and then reporting the actual "**total number of foreign accounts**" for every year. Yet, Bittner failed to timely report his financial interests in 51 accounts in 2007, failed to timely report 43 accounts in 2008, failed to timely report 42 accounts in 2009 and failed to timely report 41 accounts in 2010. Accordingly, Bittner had 51, 43, 42, and 41 separate FBAR penalty violations in 2007, 2008, 2009 and 2010, respectively. The IRS assessed the

---

[4] Gov. Ex. 63 at page DOJ 000269-270

statutory maximum penalty under 31 U.S. § 5321(a)(5)(A) for a non-willful violation of $10,000 per each financial account not timely reported as follows:

| Year | Total Number Mr. Bittner's Admitted Foreign Accounts | Amount of FBAR penalties sought by summary judgment |
|---|---|---|
| 2007 | 51 | $ 510,000 |
| 2008 | 43 | $ 430,000 |
| 2009 | 42 | $ 420,000 |
| 2010 | 41 | $ 410,000 |
| Total | | $1,770,000 |

*ECF #29 at ¶¶ 26 and 28.* [5]

## II. Bittner's FBARs and the Amicus Reply demonstrate the reason for a penalty based on a per account violation.

The FBAR assessments at issue in this cases, and the Amicus Reply's self-serving attempt advance the Patels' own interests in avoiding similar penalties, reflect the realities of the need for accurate reporting of all foreign accounts that can only be accomplished if the penalty is computed on a per account violation. Here, Bittner filed an original and an amended set of FBARs – all of them were untimely and most of them were filed until years after they were due. Comparing these original and amended FBARs highlights the absurdity a single $10,000 per year penalty when multiple undisclosed accounts are involved.

| Year | No. of accounts reported on Bittner's original untimely FBARs *(See Gov. Ex. 35),* | No. of accounts reported on Bittner's Amended FBARs *(See ECF# 29 at ¶ 22 and Gov. Exs. 1-5).* |
|---|---|---|
| 2007 | 1 | 61 |
| 2008 | 1 | 51 |
| 2009 | 1 | 54 |
| 2010 | 1 | 53 |
| 2011 | 1 | 53 |

---

[5] The United States did not move for summary judgment on the 2011 year and certain accounts. The IRS assessed total FBAR penalties of $2,720,000 for the 2007-2011 years based upon not timely reporting 61, 51, 53, 53, and 54 foreign accounts in those years respectively. See ECF #29 at ¶¶ 22, 24, 25 *and 26.*

In 2012, Bittner filed his 2007-2011 FBARs reporting only 1 account per year (5 total). Bittner then amended his 2007-2011 FBARs reporting an aggregate 272 accounts. The difference between the two sets of filings is stunning. Bitter failed to report his interest in at least 50 foreign accounts every year. The first set of filings clearly harms and deprives the United States of significant and valuable information that may have a "high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism." 31 U.S.C. § 5311. Yet, Bittner, and the Patels in filing the Amicus Reply, advocate for a rule that treats these two sets of filings the same for penalty purposes. Bittner's position and caviler attitude[6] are exactly why the $10,000 maximum non-willful penalty is a per account violation and is exactly what Congress sought to remedy by enacting the non-willful civil penalty to obtain more information on transactions or relationships with foreign banks. Indeed, if interpretation prosed by Bittner, and the Patels, were to be adopted, a person with a single foreign account holding only $11,000 ($1,000 more than the filing threshold), would bear the same $10,000 penalty as Bittner who failed to timely disclose his interests in more than 50 foreign accounts with millions of dollars in them. For the first person this is a very significant penalty. For Bittner, it is a jaywalking ticket he would gladly pay as the cost of making more money, previously undisclosed and difficult for the United States to investigate. Such an interpretation does not begin to remedy the concerns of Congress or the potential costs to the United States of these undisclosed foreign accounts.

---

[6] Bittner comparing the FBAR penalty to a jaywalking ticket. *See ECF #29 at ¶ 45*

## CONCLUSION

The Court should disregard the Amicus Reply, and like the court in *United States v. Boyd*, No. 18-cv-803, 2019 WL 1976472 (C.D. Cal. Apr. 23, 2019), should find that the penalty for a non-willful violation of Section 5314, properly considered in light of statutory context, may be imposed on a per-account basis. Accordingly, the United States requests that the Court deny Bittner's Motion for Partial Summary Judgment and grant the United States' Motion for Partial Summary Judgment.

        Respectfully submitted,
        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        /s/ Herbert W. Linder
        HERBERT W. LINDER
        Ohio Bar No. 0065446
        Attorneys, Tax Division
        U.S. Department of Justice
        717 N. Harwood St., Suite 400
        Dallas, Texas 75201
        Phone: (214) 880-9754
        Fax (214) 880-9741
        herbert.w.linder@usdoj.go
        ATTORNEYS FOR UNITED STATES

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that service of the foregoing reply has been made on May 18, 2020, by the Clerk's ECF filing system to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

DAVID MICHAELS
310 Maui Drive
Placentia, CA 92870

                /s/ Herbert W. Linder
                HERBERT W. LINDER

Case 4:19-cv-00415-ALM   Document 62   Filed 05/18/20   Page 9 of 9 PageID #:  1963

9