IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>            Plaintiff,                                      )<br>                                                               )<br>        v.                                                    )<br>                                                               )     Case No. 4:19-cv-00415<br>ALEXANDRU BITTNER,                       )<br>            Defendant.                                   )<br>_____)| |

**UNITED STATES' RESPONSE IN OPPOSITION TO AMENDED AMICUS BRIEF IN SUPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States files its Response in Opposition to the Amended Amicus Brief, ECF #34, in support of the Defendant Bittner's' Motion for Partial Summary Judgment (ECF #28), as follows:

**I.     OVERVIEW**

The issue addressed in Patels' Amicus Brief is whether the non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i) is a per account or a per form violation. Mr. Bittner's and the Patels' Amicus' contention that the United States assessed $2,720,000 in non-willful FBAR penalties for failing to timely file 5 FBAR forms during the years at issue is a conceptual misstatement of the law, the Government's position and facts in this case. The United States assessed Mr. Bittner $2,720,000 in non-willful FBAR penalties for Bittner's failure to timely report his financial interest in some **272** foreign accounts from 2007-2011. While Bittner may have only been required to file 5 FBAR forms for 2007-2011, he was lawfully

1

required to report **272** foreign accounts on those 5 FBAR forms which are the mechanism or form for reporting his interest in these 272 foreign accounts.[1]

The United States will not burden the Court by re-briefing and restating arguments regarding this issue that have been previously addressed in its briefs.  *See United States' Motion for Partial Summary Judgment, ECF #29 at pgs. 11-12, and 17-25; United States' Response in Opposition to Defendant Bittner's Motion for Partial Summary Judgment, ECF # 42, United States' Reply, ECF # 56 and United States' Sur-reply to the Amicus Reply Brief.*

**II.     The non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i) is a per account violation.**

31 U.S.C. § 5314 requires reporting by United States persons of their "transactions" and "relationships" with a "foreign financial agency" which under 31 U.S.C. § 5312 includes foreign banks.  The implementing regulations for Section 5314 similarly require reporting of these "transactions" and "relationships" with foreign banks.  More specifically, 31 C.F.R. §§ 1010.350(a) and 1010.306(c) require every United States person who has a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country that exceeds $10,000 in aggregate value to file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," with the IRS reporting each and every account for each year in which "such relationship exists."

These regulations do not define the penalties for failure to comply.  Instead, the statutes define those penalties.  The Treasury Secretary is authorized to assess a penalty "on any person

---

[1] The United States only moved for partial summary judgment on 2007-2010 years on the foreign accounts that Bittner admitted he was required to report.  Bittner admitted that he was required to report some 220 accounts during the years at issue.  See ECF #29, Statement of Undisputed Facts No. 28 and Gov. Ex. 60, to ECF #29.

who violates, or causes any violation of, any provision of [31 U.S.C.] section 5314." 31 U.S.C. § 5321(a)(5)(A).  However, the Secretary's choice in the implementing regulations of the less burdensome annual FBAR form to report these transactions and relationships with foreign banks for foreign accounts does not change the nature of a violation for which the non-willful penalty is assessed or how the statutes authorize the computation of that penalty.

In this regard, the Amicus Brief points to  *California Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974) several times for the proposition that the BSA is not self-implementing and the Secretary of Treasury was given the power to issue regulations describing the information to be reported on foreign accounts and how it was to be reported.  The United States also stated to this Court that the BSA is not self-executing and the Secretary defines the reporting requirements for holders of foreign accounts.  See ECF #. 29 at pg.  *See also, United States v. Schoenfeld*, 396 F.Supp.3d 1064, 1071 (M.D. Fla., 2019), *United States v. Garrity*, 2019 WL 1004584, at *3 (D. Conn., 2019) (citing *Shultz*, 416 U.S. 21, at 26; 31 U.S.C. § 5314).

However, acknowledgement that the BSA is not self-executing does not resolve the legal issue in this case.  The legal issue for the Court is whether maximum penalty under the <u>statutes written by Congress</u>, 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i), for a non-willful violation of 31 U.S.C § 5314 is $10,000 per each financial account not reported or per each annual FBAR form not timely filed.  Stated more simply, is the $10,000 maximum non-willful FBAR penalty under 31 U.S.C. §§ 5321(a)(5)(A) and (a)(B)(i) a per account or a per year?  *Shultz* does not address this question.  In fact, *Shultz* was decided in 1974 some 30 years before Congress enacted the non-willful penalty in 2004.  Here, the Amicus Brief simply fails to recognize that the penalty is set forth in Sections 5314 and 5321, and that the implementing regulations are consistent with those statutes.

The Amicus' main argument[2] appears to be based on three other Bank Secrecy Act provisions requiring the filing of reports to support their position that a violation of Section 5314 relates to the filing of an annual FBAR and not to the accounts reported or omitted on it. See 31 U.S.C. §§ 5313 (reports of cash withdrawals and deposits over $10,000), 5316 (reports of exports and imports of monetary instruments), 5331 (reports relating to cash receipts exceeding $10,000). The Amicus concedes[3] that those provisions involve reporting on a per-transaction basis or, in the case of the export and import of monetary instruments exceeding $10,000, a per-event basis. See 31 U.S.C. §§  5313(a); 5316(a), (b); 5331(a); 31 C.F.R. §§ 1010.310-.314 (§ 5313 reports), 1010.340(a) (§ 5316 reports), 1010.330(a)(1) (§ 5331 reports), 1010.306(a), (b)(1)-(2), (d) (addressing timing of reports). It does not follow, however, that where the Secretary has exercised his discretion to design an efficient way for multiple foreign accounts to be reported annually on the same form, that a violation of Section 5314 occurs on a per-form basis and not on a per-account basis.  Likewise, Amicus's bifurcation argument[4] does support his position, and does not change a person's requirement under Title 31 to accurately and timely report all their foreign accounts.

**III.    Bittner's 272 account violations show that the non-willful FBAR penalty should be applied on a per account basis.**

By enacting 31 U.S.C. §§ 5311, 5312, 5314 and 5321, and imposing a non-willful FBAR penalty, Congress wanted taxpayers to accurately report all their transactions and relationships with foreign banks.  This can only be done by reporting all interests in all foreign accounts, and the statutory penalty under Section 5321(a)(5) for a violation of these reporting

---

[2] See Amicus Brief in Support, *ECF #42 at pgs. 8-12*,
[3] *ECF #42 at pgs. 8-10*,
[4] See ECF #34 at pgs. 13-26

requirements is similarly based on the number of accounts not accurately reported. A court recently determined that a willful FBAR penalty is a per account violation and not a per FBAR form violation. *See United States v. Isac Schwarzbaum*, No. 18-cv-8114, Dkt. #98 at pgs. 4-6 of 17, (S.D. Fl. May 18, 2020).[5] The court also determined that it would be an absurd outcome and not within the purpose of the 31 U.S.C. § 5311 to treat a taxpayer who willfully failed to report one foreign account in the same manner as Schwarzbaum who failed to report 11 accounts. *Id.* at 5. Likewise, treating a taxpayer who failed to timely report one foreign account the same as Bittner who failed to report some foreign 272 accounts is absurd and not how these statutes read or were intended. The FBAR assessments in this case were computed as though each unreported account was a separate violation, and properly reflect Congress' demand for accurate reporting of transactions and relationships with foreign banks through reporting interests in each foreign account. Any other interpretation does not begin to remedy the potential costs to the United States from these unreported foreign accounts. See 31 U.S.C. § 5311.

## CONCLUSION

Bittner failed to timely report his interest in 61, 51, 53, 53 and 54 separate foreign financial accounts during 2007, 2008, 2009, 2010 and 2011, respectively. These accounts had aggregate high balances between $3 million and $16 million. Each account that Bittner failed to timely list on his FBARs is a separate and distinct violation. Because Bittner failed to timely file FBARs for the 2007-2011 years stating the total number of foreign accounts in which he had a

---

[5] A copy of the opinion in *United States v. Isac Schwarzbaum* is attached. The court in *Schwarzbaum* also determined that the FBAR penalties were not fines subject to the Eighth Amendment's excessive fines clause. *See Schwarzbaum*, No. 18-cv-8114, Dkt. #98 at pgs. 10-16.

(continued...)

requirements is similarly based on the number of accounts not accurately reported. A court recently determined that a willful FBAR penalty is a per account violation and not a per FBAR form violation. *See United States v. Isac Schwarzbaum*, No. 18-cv-8114, Dkt. #98 at pgs. 4-6 of 17, (S.D. Fl. May 18, 2020).[5] The court also determined that it would be an absurd outcome and not within the purpose of the 31 U.S.C. § 5311 to treat a taxpayer who willfully failed to report one foreign account in the same manner as Schwarzbaum who failed to report 11 accounts. *Id.* at 5. Likewise, treating a taxpayer who failed to timely report one foreign account the same as Bittner who failed to report some foreign 272 accounts is absurd and not how these statutes read or were intended. The FBAR assessments in this case were computed as though each unreported account was a separate violation, and properly reflect Congress' demand for accurate reporting of transactions and relationships with foreign banks through reporting interests in each foreign account. Any other interpretation does not begin to remedy the potential costs to the United States from these unreported foreign accounts. See 31 U.S.C. § 5311.

## CONCLUSION

Bittner failed to timely report his interest in 61, 51, 53, 53 and 54 separate foreign financial accounts during 2007, 2008, 2009, 2010 and 2011, respectively. These accounts had aggregate high balances between $3 million and $16 million. Each account that Bittner failed to timely list on his FBARs is a separate and distinct violation. Because Bittner failed to timely file FBARs for the 2007-2011 years stating the total number of foreign accounts in which he had a

---

[5] A copy of the opinion in *United States v. Isac Schwarzbaum* is attached. The court in *Schwarzbaum* also determined that the FBAR penalties were not fines subject to the Eighth Amendment's excessive fines clause. *See Schwarzbaum*, No. 18-cv-8114, Dkt. #98 at pgs. 10-16.

(continued...)

reportable interest, he committed a combined 272 non-willful violations of the BSA during the 2007 through 2011 period. Accordingly, the IRS properly assessed non-willful FBAR penalties of $10,000 per each violation of the BSA totaling $2.72 million against Bittner.[6]

For these reasons, the United States requests that the Court deny Bittner's Motion for Partial Summary Judgment and grant the United States' Partial Motion for Summary Judgment.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


 /s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754
Fax (214) 880-9741
herbert.w.linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

---

[6] *ECF #29, Statement of Material Facts ¶ 25.*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing response to the Amicus Brief has been made on May 18, 2020, by the Clerk's ECF filing system to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

DAVID MICHAELS
310 Maui Drive
Placentia, CA 92870

/s/ Herbert W. Linder
HERBERT W. LINDER