**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-cv-00415 |
| ALEXANDRU BITTNER, | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

DEFENDANT requested that the Plaintiff admit or deny the following:

1.      On or about May 15, 2012, Defendant, through CPA Jeff Beckley, made voluntary disclosure of previously unreported income and bank accounts by filing 22 years of tax returns and approximately 19 years of FBARs.

RESPONSE: **Objection:**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 1 fails to identify the specific accounts or specific tax year(s).  Additionally, Request for Admission No. 1, contains multiple requests since it refers to "tax returns" and "FBARs".  Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

Without waiving the objections: DENIES

2.      As of May 15, 2012, the IRS was not examining or planning to examine Defendant's income tax liabilities, unfiled returns or FBARs for any years.

RESPONSE: **OBJECTION:**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 2 list three separate items.  Additionally, Request for Admission No. 2, contains multiple requests since it refers to "tax returns" and "FBARs".  Accordingly, because it is impossible to know what

1

admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The request is also objectionable because it seeks information that is not relevant to any claim or defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

3.      As of May 15, 2012, the IRS had not received any third-party information returns or

other third-party information indicating that Defendant had received income for the years 2002-

2011 or was required to file FBARs for any years.

RESPONSE: **Objection:**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 3 fails to identify the specific tax year(s) and includes multiple years.  Additionally, Request for Admission No. 3, contains multiple requests since it refers to "third party returns", "third party information" and "FBARs". Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The request is also objectionable because it seeks information that is not relevant to any claim or defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

4.      After receipt of the returns voluntarily filed by Defendant, the IRS determined that the

claim on the returns that Defendant's income was not taxable under the Romania/United States

tax treaty was a "mathematical mistake," disallowed the claim and assessed over $6 million of

tax, penalties and interest on 12 of the returns, treating the gross income reported on the returns

as taxable income.

RESPONSE: **OBJECTION:**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 4 fails to identify the specific tax year(s) and includes multiple years returns.  Additionally, Request for Admission No. 4, contains multiple requests since it refers to "third party returns", "third party information" and "FBARs".  Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The request is also objectionable because it seeks information that is not relevant to any claim or defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

2

5.     All supposed mathematical error assessments were later reversed by the IRS Office of

Appeals because Defendant filed a timely request for abatement of those assessments in

accordance with IRC 6213(b)(2), which mandates that such assessment shall be abated if the

taxpayer makes a written request within 60 days following notification of assessment.

RESPONSE: **OBJECTION:**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.  Request No. 5 fails to identify which specific
assessments or which year.   Additionally, Request for Admission No. 5, contains multiple
requests and contains a legal conclusion.  Accordingly, because it is impossible to know what
admission(s) is (are) being requested, the United States cannot truthfully admit or deny this
request(s).

The request is also objectionable because it seeks information that is not relevant to any claim or
defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

The United States further objects because the Request for admission No. 5 in part impermissibly
calls for a legal conclusion.  *See In re Carney*, 258 F.3d 415 (5th Cir. 2001); *United States v.
Estate of Dickerson,* 189 F. Supp. 2d 622 (W.D. Tex. 2001); *Disability Rights Council of
Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 1 (D. D.C.
2006); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal
Practice and Procedure* § 2255, at 334-36, 334 n.7 (3d ed. 2010).


6.     Agent Reach communicated her objections to abating the mathematical error assessments

made against Defendant in multiple emails to Settlement Officer, Debra Alcorte, in July of 2014.

RESPONSE: OBJECTION:  The request is objectionable because it is vague and ambiguous in
that it does not identify the specific math errors, years or emails in question.  It is also
objectionable because it seeks information that is not relevant to any claim or defense in this
case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).


7.     On or about September 12, 2012, counsel for Defendant wrote the IRS requesting pre-

clearance into the Offshore Voluntary Disclosure Program ("OVDP").

RESPONSE:  ADMIT.

8.     A genuine copy of Defendant's letter of September 12, 2012, is attached as Exhibit A.

RESPONSE:  DENIES.

9.     On or about September 26, 2012, the IRS denied Defendant pre- clearance into the

OVDP.

RESPONSE: ADMITS.

10.     On or about August 5, 2013, Defendant's counsel sent a letter with a copy of FS-2011-13,

Information for U.S. Citizens or Dual Citizens Residing  Outside of the U.S., to IRS Revenue

Agent Cherrie Mayberry-Jones and IRS General Manager Bob Davis.

RESPONSE:  ADMITS.


11.     A genuine copy of Defendant's letter of August 5, 2013 and FS-2011-13, is attached as

Exhibit B.

RESPONSE:  ADMITS.


12.     In FS-2011-13, the IRS acknowledged that "some taxpayers who are dual citizens of the

United States and a foreign country" may be unaware of their obligation to file US income tax

returns or FBARs.

RESPONSE:  DENIES.

13.     In FS-2011-13, the IRS advised taxpayers who have recently learned that they were

required to file FBARs to file the delinquent FBARs due in the last six years and attach a

statement why they were filed late.

RESPONSE: ADMITS that FS-2011-13 stated in relevant part:

**EXHIBIT A**

If you learn you were required to file FBARs for earlier years, you should file the delinquent FBARs and attach a statement explaining why they are filed late. You do not need to file FBARs that were due more than six years ago, since the statute of limitations for assessing FBAR penalties is six years from the due date of the FBAR.

But, DENIES that the request fully and accurately summarizes the FS-2011-13.

14.    In FS-2011-13, the IRS advised such taxpayers that if their failure to file FBARs was

non-willful and due to reasonable cause, they would not be subject to civil penalties.

RESPONSE:  ADMITS in part that if a taxpayer is non-willful and can establish a reasonable cause defense, then the FBAR penalty will not apply, but DENIES that the request fully and accurately summarizes the FS-2011-13.

15.    FS-2011-13 recognizes that "reasonable cause" may exist if the taxpayer was not aware

of specific obligations to file a form, depending on the facts and circumstances.

RESPONSE:  DENIES.

16.    Following the issuance of FS-2011-13, hundreds or thousands of dual citizens who were

living abroad and were unaware of their obligation to file income tax returns filed delinquent tax

returns and the IRS did not impose delinquency penalties on them on the basis that the failure to

file was non-willful and due to reasonable cause.

RESPONSE:  OBJECTION.  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 16 refers to "hundreds or thousands" and "delinquency penalties" which are multiple requests.  Delinquency penalties is plural and undefined.  Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The request is objectionable because it seeks information that is not relevant to any claim or defense in this case, and not proportional to the needs of the case.  Therefore, it is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

5

17.    Following the issuance of FS-2011-13, hundreds or thousands of dual citizens who had been living abroad and were unaware of their obligation to file FBARs filed delinquent FBARs and the IRS did not impose any FBAR penalties on them on the basis that the failure to file was non-willful and due to reasonable cause.

RESPONSE: OBJECTION.  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 17 refers to "hundreds or thousands" and "delinquency penalties" which are multiple requests.  Delinquency penalties is plural and undefined.  Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The request is objectionable because it seeks information that is not relevant to any claim or defense in this case, and not proportional to the needs of the case.  Therefore, it is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

18.    On numerous occasions, Defendant brought up FS-2011-13 as guidance that should be considered by the IRS for evaluating Defendant's situation.

RESPONSE:  ADMITS in part that the Defendant brought up FS-2011-13 numerous times, but DENIES the remainder of the request.

19.    No evaluation was ever made by the IRS regarding the impact of FS- 2011-13 to the treatment of Defendant throughout the examination of his case.

RESPONSE:  DENIES.

20.    On or about September 12, 2013, Defendant submitted amended returns for tax years 2006 through 2011 to Revenue Agent Cherrie Mayberry-Jones, along with 163 Forms 5471s. A Reasonable Cause Statement related to Defendant's failure to file his tax returns, related information returns, and FBARs was also submitted.

**EXHIBIT A**

RESPONSE:  OBJECTION.  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 20 refers to multiple years, multiple filings and multiple reports.  However, without waiving the foregoing objections, the United States ADMITS this request.

21.     A genuine copy of the Reasonable Cause Statement is attached as Exhibit C.

RESPONSE:  ADMITS a copy of a Reasonable Cause statement is attached as Exhibit C, but DENIES that it establishes reasonable cause.

22.     On or about February 20, 2014, a Reasonable Cause Statement signed by Mr. Bittner was

submitted to International Examiner Holly Bishop.

RESPONSE:  ADMITS that a reasonable cause statement was submitted to the IRS, but DENIES that it establishes reasonable cause.

23.     A genuine copy of the Reasonable Cause Statement is attached as Exhibit D.

RESPONSE: ADMITS a copy of a Reasonable Cause statement is attached as Exhibit D was submitted to the IRS, but denies that it establishes reasonable cause.

24.     On or about August 6, 2014, a Supplemental Reasonable Cause Statement signed by Mr.

Bitter was submitted to International Examiner Holly Bishop.

RESPONSE: ADMITS that a supplemental reasonable cause statement was submitted to the IRS, but DENIES that it establishes reasonable cause.

25.     A genuine copy of the Supplemental Reasonable Cause Statement is attached as Exhibit

E.

RESPONSE: ADMITS a copy of a Supplemental Reasonable Cause statement is attached as Exhibit E was submitted to the IRS, but DENIES that it establishes reasonable cause.

26.    In 2012, the IRS announced a Streamlined Filing Compliance Procedure for individuals

residing outside of the United States who had not filed income tax returns or FBARs.

RESPONSE:  OBJECTON:  The request is objectionable because it seeks information that is not
relevant to any claim or defense in this case, and therefore, is not discoverable under Fed. R. Civ.
P. Rule 26(b)(1).

27.    A genuine copy of IRS documents explaining the Streamlined Filing Compliance

Procedure is attached as Exhibit F.

RESPONSE:  The request is objectionable because it seeks information that is not relevant to
any claim or defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule
26(b)(1).  Subject to the foregoing objection, the United States DENIES the request.

28.    The Streamlined Filing Compliance Procedure provides that individuals are not eligible if

the IRS has initiated a civil examination of the individual's returns for any year. However, the

Procedure states that nevertheless 'Taxpayers under examination may consult with their [IRS]

agent." See IRS, "Streamlined Filing Compliance Procedures."

RESPONSE: **OBJECTION:**  This request is ambiguous and calls for an answer to compound or
multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that
each matter must be separately stated.

The request is objectionable because it seeks information that is not relevant to any claim or
defense in this case, and therefore, is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

29.    The IRS has permitted individuals to participate in the Streamlined Filing Compliance

Procedure even though they were technically under examination.

RESPONSE:  OBJECTION. This request is vague, ambiguous in that the terms "technically
under examination" are undefined.  Additionally, the request is objectionable because it seeks
information that is not relevant to any claim or defense in this case, and not proportional to the
needs of the case.  Therefore, it is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

**EXHIBIT A**

30.    The IRS has permitted individuals to participate in the Streamlined Filing Compliance

Procedure even though they technically did not meet all eligibility provisions of the program

such as filing to file all returns.

RESPONSE: OBJECTION. This request is vague, ambiguous in that the terms "technically did
not meet all eligibility provisions of the program" and "all returns" are undefined. Additionally,
the request is objectionable because it seeks information that is not relevant to any claim or
defense in this case, and not proportional to the needs of the case. Therefore, it not discoverable
under Fed. R. Civ. P. Rule 26(b)(1).


31.    In June of 2014, the IRS introduced a variety of changes to the Streamlined Filing

Compliance Procedure, to ease burdens and help more taxpayers come into compliance,

including expanded Streamlined Filing Compliance Procedures (IR-2014-73) (the "2014

Streamlined Filing Compliance Procedures").

RESPONSE: OBJECTION: This request is vague, ambiguous in that the terms "variety of
changes" is undefined. Additionally, the request is objectionable because it seeks information
that is not relevant to any claim or defense in this case, and not proportional to the needs of the
case. Therefore, it not discoverable under Fed. R. Civ. P. Rule 26(b)(1).


32.    A genuine copy of IR-2014-73 is attached as Exhibit G.

RESPONSE: OBJECTION: The request is objectionable because it seeks information that is not
relevant to any claim or defense in this case. Therefore, it not discoverable under Fed. R. Civ. P.
Rule 26(b)(1).    Subject to the foregoing objection, the United States DENIES the request.


33.    The 2014 Streamlined Filing Compliance Procedures expanded the procedures effective

July 1, 2014 to accommodate U.S. taxpayers (residents and nonresidents) who did not need

protection from criminal prosecution offered by the OVDP and who acted non-willfully.

RESPONSE: OBJECTION: The request is objectionable because it seeks information that is
not relevant to any claim or defense in this case. Therefore, it not discoverable under Fed. R.
Civ. P. Rule 26(b)(1).

**EXHIBIT A**

34.     The 2014 Streamlined Filing Compliance Procedures included a procedure for "non-

resident" citizens.

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is
not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R.
Civ. P. Rule 26(b)(1).

35.     The rules governing this procedure are set forth in a document entitled "U.S. Taxpayers

Residing Outside the United States" (the "2014 Streamlined Non- Resident Procedure"), a

genuine copy of which is attached as Exhibit H.

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is
not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R.
Civ. P. Rule 26(b)(1).

36.     The 2014 Streamlined Non-Resident Procedure defined "non-residents" as individual

citizens or permanent residents who "in any one or more of the most recent three years for which

the U.S. tax return due date (or properly applied for extended due date) has passed, the individual

did not have a U.S. abode and the individual was physically outside the United States for at least

330 full days."

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is
not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R.
Civ. P. Rule 26(b)(1).

37.     The 2014 Streamlined Non-Resident Procedure applies to non-residents who "have failed

to report the income from a foreign financial asset and pay tax as required by U.S. law, and may

have failed to file an FBAR ... with respect to a foreign financial account, and such failures

resulted from non-willful conduct."

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is
not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R.
Civ. P. Rule 26(b)(1).

**EXHIBIT A**

38.    For this purpose, "non-willful conduct" is defined as "conduct that is due to negligence, inadvertence, or mistake or conduct that is the result of a good faith misunderstanding of the requirements of the law."

RESPONSE:  OBJECTION.  This request is vague and ambiguous as it contains the terminology "for this purpose" and thus, calls for the United States to speculate to what defendant is referring.  Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

39.    The 2014 Streamlined Non-Resident Procedure provides that eligible non- resident taxpayers must file three years of delinquent income tax returns or amend incorrect returns on file, file delinquent FBARs for the prior 6 years and file a Certification Statement that (1) they are eligible for the program, (2) that the failure to file tax returns, pay all tax, and submit all required information returns, including FBARs, resulted from non-willful conduct."

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

40.    The 2014 Streamlined Non-Resident Procedure provides that taxpayers who are eligible under the program and who comply with the instructions set forth by the IRS, "will not be subject to failure-to-file and failure-to-pay penalties, accuracy-related penalties, information return penalties, or FBAR penalties."

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

**EXHIBIT A**

41.    The "2014 Streamlined Non-Resident Procedure" provides that no penalties will be applicable even if the returns are selected for audit "unless the examination results in a determination that the original tax noncompliance was fraudulent and/or that the FBAR violation was willful."

RESPONSE:  OBJECTION:  The request is objectionable because it seeks information that is not relevant to any claim or defense in this case.  Therefore, it not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

42.    Following the issuance of the "2014 Streamlined Non-Resident Procedure," hundreds or thousands of dual citizens who were "non-residents" as provided in the program and had been unaware of their obligations to file income tax returns filed delinquent tax returns and the IRS did not impose delinquency penalties on them on the basis that the failure to file was non-willful.

RESPONSE: This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 42 refers to "hundreds or thousands" and "delinquency penalties" which are multiple requests.   Delinquency penalties is plural and undefined. Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case, is not proportional to the needs of the case, and is not discoverable under Fed. R .Civ. P. Rule 26(b)(1).

43.    Following the issuance of the "2014 Streamlined Non-Resident Procedure" hundreds or thousands of dual citizens who were "non-residents" as provided in the program and had been unaware of their obligations to file FBARs filed delinquent FBARs and the IRS did not impose any delinquency penalties on them on the basis that the failure to file was non-willful.

RESPONSE: OBJECTION.  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 43 refers to "hundreds or thousands" and "delinquency penalties" which are multiple requests.   Delinquency penalties is plural and undefined. Accordingly, because it is impossible to know what

admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The United States further objects on the basis of relevancy. The information sought is not relevant to the issues in this case, is not proportional to the needs of the case. Therefore, it is not discoverable under Fed. R .Civ. P. Rule 26(b)(1).

44.    On or about June of 2014, Defendant called Agent Reach to discuss the new changes announced that month to the IRS's Offshore Programs, including the expanded "2014 Streamlined Non-Resident Procedure" and its application to Defendant's case.

RESPONSE:  ADMITS.

45.    On September 24, 2014, Defendant submitted a Certification Statement, detailing facts and circumstances relevant to his noncompliance with respect to reporting foreign income and assets, and other forms formally requesting to be treated under the "2014 Streamlined Non-Resident Procedure."

RESPONSE: ADMITS.

46.    A genuine copy of the Certification Statement is attached as Exhibit I.

RESPONSE:  ADMITS.

47.    As of September 24, 2014, Defendant qualified as a "non-resident" as defined in the "2014 Streamlined Non-Resident Procedure" (ignoring whether he was then under "civil examination").

RESPONSE: OBJECTION. The United States further objects on the basis of relevancy. The information sought is not relevant to the claims or defenses in this case. Therefore, it is not discoverable under Fed. R .Civ. P. Rule 26(b)(1).

48.     Defendant received no written response to his September 2014 written request

concerning the 2014 Streamlined Non-Resident Procedure.

RESPONSE: OBJECTION.  The United States further objects on the basis of relevancy.  The
information sought is not relevant to the claims or defenses in this case.  Therefore, it is not
discoverable under Fed. R .Civ. P. Rule 26(b)(1).


49.     Agent Reach made a determination not to allow Defendant to be treated in accordance

with the 2014 Streamlined Non-Resident Procedure for nonresidents because Defendant was

under examination with respect to returns that he himself filed in a voluntary disclosure.

RESPONSE: OBJECTION.  The United States further objects on the basis of relevancy.  The
information sought is not relevant to the claims or defenses in this case.  Therefore, it is not
discoverable under Fed. R .Civ. P. Rule 26(b)(1).


50.     The IRS never substantively evaluated whether Defendant was similarly situated to those

for whom the 2014 Streamlined Non-Resident Procedure was intended and thus should be

treated in a similar fashion as those taxpayers.

RESPONSE: OBJECTION:  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  The
request fails to identify terms such as "substantively evaluated," "similarly situated," "those for
whom the 2014 Streamlined Non-Resident Procedure was intended," "similar fashion," and
"those taxpayers."  Rule 36 requires that each matter must be separately stated.  The United
States further objects on the basis of relevancy.  The information sought is not relevant to the
claims or defenses in this case, and it is not proportional to the needs of the case. Therefore, it is
not discoverable under Fed. R .Civ. P. Rule 26(b)(1).


51.     During an interview conducted on August 6, 2019, Agent Reach acknowledged that she

learned later, after she made the decision not to allow Streamlined treatment with respect to

Defendant, that she had discretion to allow taxpayers treatment under the 2014 Streamlined Non-

Resident Procedure, notwithstanding an open examination.

14

RESPONSE: OBJECTION. This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36. Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy. The information sought is not relevant to the claims or defenses in this case. Therefore, it is not discoverable under Fed. R .Civ. P. Rule 26(b)(1).

52.    The IRS has permitted individuals to participate in the 2014 Streamlined Non-Resident

Procedure even though they were technically under examination.

RESPONSE:  OBJECTION.  This request is vague, ambiguous in that the terms "technically under examination" are undefined.  Therefore, it is not possible for the United States to truthfully admit or deny the request.  Additionally, the request is objectionable because it seeks information that is not relevant to any claim or defense in this case.  Nor is it proportional to the needs of the case.  Therefore, it is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

53.    The IRS has permitted individuals to participate in the 2014 Streamlined Non-Resident

Procedure even though they technically did not meet all eligibility provisions of the program

such as failing to file all returns.

RESPONSE:  OBJECTION: This request is vague, ambiguous in that the terms "technically meet all the requirements" is undefined.  Therefore, it is not possible for the United States to truthfully admit or deny the request.  Additionally, the request is objectionable because it seeks information that is not relevant to any claim or defense in this case.  Nor is it proportional to the needs of the case.  Therefore, it is not discoverable under Fed. R. Civ. P. Rule 26(b)(1).

54.    On or about April 24, 2014, Defendant submitted responses to IDRs 1-38 issued by

International Examiner Holly Bishop, containing approximately 8 pages of narrative response

along with a CD that contained 117 MB of data, 239 files, 69 folders.

RESPONSE: This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36. Rule 36 requires that each matter must be separately stated.

Without waiving its objections, ADMITS that International Examiner Bishop received from Defendant's counsel a letter and a CD in response to IDRs she issued.  The United States is unable to determine the exact size of data, file and folders as set forth in Request for Admission 54.

55.     On April 25, 2014, Agent Reach received a copy of Defendant's IDR narrative responses

and the CD containing documents submitted in response to the initial set of 38 IDRs issued by

International Examiner Holly Bishop.

RESPONSE:  OBJECTION. This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.  Without waiving its objections, ADMITS
that Agent Reach received letter and CD sent to International Examiner Bishop.


56.     On or about May 29, 2014, Defendant submitted a response to six separate IDRs issued

by Agent Reach, containing 40 pages of narrative response along with a CD that contained 1.09

GB of data, 484 files, and 197 folders.

RESPONSE:  ADMITS, except that the United States is unable to determine the exact size of
data, file and folders as set forth in Request for Admission 56.


57.     Included in the response to the agents' IDRs, Defendant supplied thousands of pages of

bank statements from foreign banks for the years 2006-2011 that were in his name or that were

owned by related entities.

RESPONSE:  OBJECTION.  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.  Without waiving any objections, ADMITS
defendant supplied portions of some bank statements from foreign bank accounts and same from
business entities.


58.     On April 8, 2015, Agent Reach opened an examination of Defendant's returns for tax

years 2002 through 2004.

RESPONSE:  ADMITS.

**EXHIBIT A**

59.    On April 14, 2015, at Dan Price's request, an in-person meeting was held with

Defendant's attorneys, Farley Katz and Elizabeth Copeland, and Agent Reach and

IRS Counsel Dan Price.

RESPONSE:  DENIES

60.    In the April 14, 2015 meeting, Dan Price proposed a settlement offer in which the

Defendant and his wife would pay a 5 percent penalty based on the highest value in the years in

issue of (1) foreign personal bank accounts and (2) the fair market value of all controlled foreign

corporations (to be later determined by them), plus any taxes that IRS determined to be owed for

the 2006 through 2011 tax years following a "certification audit" of items identified by Agent

Reach as Large Unusual Questionable Items (LUQI). This would resolve all liability for income

tax, penalties and FBAR penalties.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

61.    During the April 14, 2015 meeting, Dan Price told Defendant's counsel that they had run

a "very rough" calculation using book value for Mr. Bittner's interests in corporations times Mr.

Bittner's interest in each corporation to come up with an estimated $1.4 million total penalty.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

17

62.     The penalty amount proposed in the April 14, 2015 settlement offer was not a fixed

number and could have ended up much higher than the estimated $1.4 million, as the IRS would

have made the determinations of fair market value regarding bank accounts and foreign

corporations.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.


63.     During the April 14, 2015, meeting, Dan Price further explained that under the offer,

Defendant would have to waive his right to go to appeals and the Tax Court.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.


64.     During the April 14, 2015, meeting, Mr. Price stated that the IRS also wanted extensions

of the assessment statute of limitations signed for the years 2002 through 2004, 2006 through

2011 and for the FBARs for 2007 and 2008.

RESPONSE: ADMIT.

65.     During the April 14, 2015 meeting, Mr. Price stated that if Defendant did not accept their

offer, they would issue a Notice of Deficiency for the years 2002 through 2004.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

66.     During the April 14, 2015 meeting, Defendant's counsel were provided a draft notice of

deficiency for the years 2002 to 2004 consisting of Form 4549-A calculations signed by Anh

Reach and dated 4/13/2015, asserting taxes and accuracy penalties for those years totaling over

$5.2 million.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

67.     A genuine copy of the Form 4549-A submitted by Agent Reach dated 4/13/2015 is

attached as Exhibit J.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

**EXHIBIT A**

68.   During the April 14, 2015, meeting, Agent Reach also provided Form 4549

calculations, signed by her and dated 4/13/2015, for the tax years 2006 through 2011 years

described by her and Dan Price to be a "a worst case scenario" under a certification audit, if the

Defendant failed to substantiate basis, to their satisfaction, for capital transactions claimed on the

amended returns.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

69.   A genuine copy of the Form 4549 provided by Agent Reach at the April 14, 2015,

meeting is attached as Exhibit K.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

70.   During the April 14, 2015, meeting, Defendants' counsel were informed that if the offer

was not accepted, they would conduct full blown examinations of the 2006 through 2011 tax

years, using "standard exam protocols."

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The

United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

71.     During the April 14, 2015 meeting, after a break, Mr. Katz told Mr. Price and Agent

Reach that Agent Reach had previously stated that she was not going to audit years preceding

2006 and that Defendants viewed this as bad faith in now threatening to open those years for

audit in order to force a settlement.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1). The United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

72.     During the April 14, 2015 meeting, in response to Farley Katz's position regarding the

years prior to 2006, Anh Reach stated it "was not her idea."

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1). The United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

73.     During the April 14, 2015 meeting, Mr. Katz stated that Defendants would like to explore

a settlement if possible but that the amounts they were discussing were impossible. He proposed

to get back to them with a counter-offer.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

**EXHIBIT A**

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1). The United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

74.     Towards the end of the April 14, 2015 meeting, Defendant's counsel were provided a

deadline of Friday (3 days later) to get back the signed extensions for the assessment statute of

limitations and if they did not, the Notice of Deficiency for the 2002 through 2004 years would

be immediately issued.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).  The United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

75.     On April 17, 2015, Defendants sent a counter-offer to Agent Reach in writing.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement negotiations.

76.     On or about April 17, 2015, Defendants also submitted signed extensions of the statutes

of limitation, as requested.

RESPONSE: ADMIT.

**EXHIBIT A**

77.     Unknown to Defendants, Agent Reach and Mr. Price had determined before the April 14,

2015, meeting they would reject any counter-offer.

RESPONSE: RESPONSE: **OBJECTION.** This request is vague, ambiguous and calls for an
answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.
Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

78.     On August 4, 2015, Agent Reach rejected Defendants' counter-offer in writing.

RESPONSE: RESPONSE: **OBJECTION.** This request is vague, ambiguous and calls for an
answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.
Rule 36 requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).  The
United States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence
settlement negotiations.

79.     Defendant's failure to file U.S. income tax returns reporting foreign income and FBARs

reporting foreign bank accounts when he lived in Romania was non-willful.

RESPONSE:  DENIES.

80.     Defendant was unaware that he was required to file U.S. income tax returns reporting his

foreign income and FBARs reporting foreign bank accounts until he returned to the United States

in late 2011.

RESPONSE:  DENIES

**EXHIBIT A**

81.    Following a meeting with IRS officials in Washington, D.C., on --- 2017, Defendant

declined to give the IRS additional extensions of time to assess income tax and FBAR penalties.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).


82.    On or about June 17, 2017, the IRS assessed penalties for non-willful failure to file

FBARs against Defendant, totaling $2.72 million.

RESPONSE:  DENIES.


83.    The amount of penalties asserted against Defendant is the largest amount the IRS has

ever asserted against an individual for non-willful failure to file FBARs.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36
requires that each matter must be separately stated.

The United States further objects on the basis of relevancy.  The information sought is not
relevant to the issues in this case and is discoverable under FED. R.CIV. P. Rule 26(b)(1).


84.    On June 23, 2017, the IRS issued a Notice of Deficiency to Defendant and his wife,

asserting deficiencies in tax, penalties and interest for the years 2002-2004 and 2006-2011.

RESPONSE: ADMIT.


85.    A genuine copy of part of the Notice of Deficiency is attached as Exhibit L.

RESPONSE: ADMIT.

**EXHIBIT A**

86.    In response to the Notice of Deficiency, Defendant and his wife filed a petition in the

United States Tax Court.

RESPONSE: ADMIT.


87.    The IRS conceded that the bank account analysis done by Agent Reach was defective and

abandoned the claim that there was unreported income in Defendant's bank accounts for the

years 2006-2011.

RESPONSE: **OBJECTION.** This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36. Rule 36
requires that each matter must be separately stated.

The United States also objects on the basis of relevancy. The information sought is not relevant
to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1). The United
States also objects to relevancy and admissibility under FED. R. EVID. 408, evidence settlement
negotiations.


88.    The Tax Court case was settled and on November12, 2019, the Tax Court entered an

agreed Decision, a genuine copy of which is attached as Exhibit M.

RESPONSE: ADMIT.


89.    On May 10, 2017, the IRS issued a Notice to Defendant that it had assessed against him

under Internal Revenue Code Section 6038(a) penalties totaling $1.640 million for failing to file

163 Forms 5471 with his tax returns, proving information regarding foreign entities he had

interests in, and an additional $4.25 million as "continuation penalties" for allegedly failing to

correct those forms after notice, for a total penalty of $5.89 million.

RESPONSE: **OBJECTION.** This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36. Rule 36
requires that each matter must be separately stated. The United States also objects on the basis
of relevancy. The information sought is not relevant to the issues in this case and is discoverable
under FED. R. CIV. P. Rule 26(b)(1).United States further objects as that Defendant is

attempting to bind the United States in potential future litigation regarding penalties that are not the subject of this suit or issues before this court.

90.     The IRS recognizes that a taxpayer may avoid liability for penalties under Section 6038 if

he had "reasonable cause" for failure to comply. See Internal Revenue Manual, Section

201.1.9.1.1 (4).

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  The United States also objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).

The United States further objects as that Defendant is attempting to bind the United States in potential future litigation regarding penalties that are not the subject of this suit or issues before this court.

91.     The IRS has not contended that Defendant's failure to file Forms 5471 or to correct them

after notice was willful.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  The United States also objects on the basis of relevancy.  The information sought is not relevant to the issues in this case and is discoverable under FED. R. CIV. P. Rule 26(b)(1).

The United States further objects as that Defendant is attempting to bind the United States in potential future litigation regarding penalties that are not the subject of this suit or at issue before this court.

92.     Despite the fact that Defendant has contended his failure to file these forms timely was

due to reasonable cause, the IRS has refused to abate or reduce the initial failure to file penalties.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  "Forms" are not defined or described.  Rule 36 requires that each matter must be separately stated.  Based on this request, the United States is unable to determine what forms defendant is seeking an admission.

**EXHIBIT A**

93.     Despite the fact that Defendant has contended his failure correct any forms after notice

was due to reasonable cause and reliance on tax professionals, the IRS has refused to abate or

reduce the continuation penalties.

RESPONSE: **OBJECTION.**  This request is vague, ambiguous and calls for an answer to
compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  "Forms"
are not defined or described.  Rule 36 requires that each matter must be separately stated.  Based
on this request, the United States is unable to determine what forms defendant is seeking an
admission.


94.     The amount of penalties asserted against Defendant under Code Section 6038 is the

largest amount the IRS has ever asserted against an individual with respect to Forms 5471.

RESPONSE: **OBJECTION.**  The United States also objects on the basis of relevancy.  The
information sought is not relevant to the issues in this case and is discoverable under FED. R.
CIV. P. Rule 26(b)(1).


RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754
Fax (214) 880-9741
herbert.w.linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

**EXHIBIT A**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing document has been served on

March 11, 2020, by the regular mail to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

HERBERT W. LINDER