EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00415 |
| | ) | |
| ALEXANDRU BITTNER, | ) | |
| Defendant. | ) | |

### THE UNITED STATES' RESPONSE TO
### <u>DEFENDANT'S SECOND SET OF INTERROGATORIES</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States responds to Defendant's Second Set of Interrogatories as follows:

The United States objects to the instructions since they seek to impose duties and requirements on the United States that far exceed what is required by Fed. R. Civ. P. 33.

### <u>Preliminary Statement</u>

The United States objects to the Interrogatories' definitions of "you," "your," and "yours" as vague and unduly burdensome to the extent such definitions include federal officers, employees, agents, or representatives outside of the United States Department of the Treasury, Internal Revenue Service, or the Department of Justice, Tax Division, Civil Trial Section, who have been involved with the FBAR penalty assessments at issue in this case.  The United States' Response to the Interrogatories is based on a definition of "you," "your," and "yours" to mean the Department of the Treasury, Internal Revenue Service, and U.S. Department of Justice, Tax Division, Civil Trial Section and their employees acting with respect to the assessment and collection of the civil penalties assessed against Defendant for his non-willful failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314, for the years 2007 through 2011.

1

EXHIBIT B

<u>**Response to Interrogatories**</u>

**INTERROGATORY NO. 1:[1] Does IRM 4.26.16.6.4.1 provide IRS guidance for examiners to use in determining penalties for nonwillful violations of FBAR requirements?**

<u>**RESPONSE:**</u>  The current version of IRM 4.26.16.6.4.1 (effective November 6, 2015), provides guidance for examiners to consider when calculating penalties for non-willful FBAR violations after May 12, 2015.

**INTERROGATORY NO. 2: Was IRM 4.26.16.6.4.1 applied to the determination of Defendant Alexandru Bittner's liability for nonwillful FBAR violations for the periods at issue?**

<u>**RESPONSE:**</u>  The IRS examiner considered the current version of IRM 4.26.16.6.4.1 when calculating penalties for Bittner's non-willful FBAR violations for 2007 through 2011 and determined that subsection three applied to Bittner's case.  *See* IRM 4.26.16.6.4.1(3) ("For other cases, the facts and circumstances (considering the conduct of the person required to file and the aggregate balance of the unreported foreign financial accounts) may indicate that asserting a separate nonwillful penalty for each unreported foreign financial account, and for each year, is warranted.").  As set forth in the IRM, the IRS examiner, with her group manager's approval after consultation with,  and approval of an Operating Division FBAR Coordinator, may assert a separate penalty for each account and for each year.  *Id.*  Here, IRS Revenue Agent Anh Reach, with the approval of Revenue Agent General Manager Joseph Reneau, after consulting with former IRS FBAR Coordinator Joselyn Albers, and proposed the assessment of penalties against

---

[1] Defendant's First Set of Interrogatories includes two numbered interrogatories with subparts. Defendant ultimately withdrew the second numbered interrogatory.  The United States responded to Defendant's First Set of Interrogatories and treated Interrogatory No. 1 (with subparts) as two separate interrogatories.  Defendant's Second Set of Interrogatories to the United States restarted numbering at Interrogatory No. 1 instead of Interrogatory No. 3.  For ease of reference, the United States' response to Defendant's Second Set of Interrogatories follows the numbering used by Defendant, but the United States notes that Defendant has already propounded two interrogatories.

EXHIBIT B

Bitter based on his non-willful reporting violations in the amount of $10,000 per unreported

account per year.

**INTERROGATORY NO. 3: Under IRM 4.26.16.6.4.1, if an examiner determines that a nonwillful penalty of $10,000 per each [sic] year involved is insufficient, is the examiner required to impose the maximum penalty of $10,000 per account per year?**

**RESPONSE:**

Examiners do not impose penalties.  The IRS imposes and assesses penalties**.** The Internal

Revenue Service's decision to assess non-willful FBAR penalties is not an individual agent's

decision but the collective review and decisions of the Agent, Group Manager and FBAR penalty

coordinator including the FBAR coordinator specialist who inputs and makes the assessments. The

IRS may exercise discretion to propose and assess FBAR penalties in amounts less than

maximum of $10,000 per account violation

**INTERROGATORY NO. 4: Under IRM 4.26.16.6.4.1, if an examiner determines that a nonwillful penalty of $10,000 per each [sic] year involved in insufficient, does the examiner have the discretion to impose penalties between that amount and the maximum penalty of $10,000 per account per year?**

**RESPONSE:**

Examiners do not impose penalties.  The IRS imposes and assesses penalties**.** The Internal

Revenue Service's decision or discretion to assess non-willful FBAR penalties is not an

individual agent's decision but the collective review and decisions of the Agent, Group Manager

and FBAR penalty coordinator.  The IRS may exercise discretion to propose and assess FBAR

penalties in amounts less than maximum of $10,000 per account violation.

EXHIBIT B

**INTERROGATORY NO. 5: Have IRS examiners imposed nonwillful FBAR penalties greater than $10,000 per year and less than the maximum penalty of $10,000 per account per year?**

**RESPONSE:**

The United States objects since IRS examiners do not impose penalties.  The IRS imposes and assesses penalties**.**  The Internal Revenue Service's decision or discretion to assess non-willful FBAR penalties is not an individual agent's decision but the collective review and decisions of the Agent, Group Manager and FBAR penalty coordinator.

The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the penalties assessed against Bittner with those assessed against other delinquent or non-filers.  *See United States v. Williams*, No. 09-437, 2014 WL 3746487, at *1 (E.D. Va. June 26, 2014) (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

EXHIBIT B

In addition, the United States objects to this Interrogatory as overbroad because it is not limited by timeframe.  The Interrogatory seeks information regarding FBAR penalties assessed against others for non-willful FBAR violations at any point (Congress authorized the assertion of penalties for non-willful FBAR violations in 2004).  Thus, defendant is requesting information for the last 15 years. The IRS assessed the penalties at issue in this case on June 8, 2017.

The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 15 years of records.

The United States also objects because the request is overly broad and unduly burdensome because it is not limited to just active cases.  For FBAR cases closed prior to 2014, they would not be on the Active IRS FBAR penalty data base.  These archived records would have to be physically located, retrieved, reviewed, then searched and then individually compared to case files from the Active IRS data base by IRS employees.

**INTERROGATORY NO. 6: If the answer to question five above is yes, state the number of taxpayers involved and describe in general terms the penalty amounts imposed (e.g., two $10,000 penalties per year where there were more than two accounts in one year).**

**RESPONSE: The United States did not state yes to question 5 but objected.**

The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the penalties assessed against Bittner with those assessed against other delinquent or non-filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between

**EXHIBIT B**

the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*, 373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

In addition, the United States objects to this Interrogatory as overbroad because it is not limited by timeframe.  The Interrogatory seeks information regarding FBAR penalties for non-willful FBAR violations assessed against others at any point (Congress authorized the assertion of FBAR penalties for non-willful violations in 2004), but the IRS imposed the penalties at issue in this case on June 8, 2017.

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS maintains an FBAR Penalty Database that includes the following information: accountholder's name, accountholder's social security number, accountholder's address as listed on Form 13449 (Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) and § 5321(a)(6)), the FBAR assessments against the accountholder (amount(s) and year(s)—the database only lists up to six accounts per year), the statute of limitations for collections, whether payments have been received, whether the case has been referred to the Department of Justice, and, if the case has been referred to the Department of Justice, the status of the case.  Significantly, the IRS FBAR Penalty Database does not distinguish between FBAR penalty assessments for willful versus non-willful violations only a review of the account can this information be determined.  In addition, the database does

EXHIBIT B

not distinguish/search by number of accounts per year and instead provides an aggregate assessment number per accountholder.

In addition, the IRS FBAR Penalty Database does not include cases that were closed prior to 2014, which are archived and purged from the database.  To obtain the information requested by this Interrogatory, the IRS would have to obtain the physical file for each taxpayer to determine whether the penalties were for non-willful violations and, if so, the account balance in each account and the number of accounts.

The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 15 years of records.

The United States further objects because the request is overly broad and unduly burdensome because it is not limited to just active cases.  For FBAR cases closed prior to 2014, they would not be on the Active IRS FBAR penalty data base.  These archived records would have to be physically located, retrieved, reviewed, then searched and then individually compared to case files from the Active IRS data base by IRS employees.

The United States further objects to the Interrogatory to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C.  § 6103 or the Privacy Act, 5 U.S.C. § 552a.

**INTERROGATORY NO. 7: Identify the 10 largest non-willful FBAR penalties imposed in the last 10 years, describe the amount of the penalties imposed and how the penalties were calculated.**

**RESPONSE:** The United States objects because it is unclear as to whether interrogatory is seeking information regarding 2010-2020 tax years or assessments that occurred during this time frame without regard to which year penalty may relate.

EXHIBIT B

The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the penalties assessed against Bittner with those assessed against other delinquent or non-filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*, 373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

In addition, the United States objects to this Interrogatory as overbroad because the time frame ten years .  The years at issue in this case are 2007-2011.  The interrogatory is seeking information for years not at issue.

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS maintains an FBAR Penalty Database that includes the following information: accountholder's name, accountholder's social security number, accountholder's address as listed on Form 13449 (Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) & § 5321(a)(6)), the FBAR assessments against the accountholder (amount(s) and year(s)—the database only lists up to six accounts per

EXHIBIT B

year), the statute of limitations for collections, whether payments have been received, whether the case has been referred to the Department of Justice, and, if the case has been referred to the Department of Justice, the status of the case.  Significantly, the IRS FBAR Penalty Database does not distinguish between FBAR penalty assessments for willful versus non-willful violations only a review of the account can this information be determined.  In addition, the database does not distinguish/search by number of accounts per year and instead provides an aggregate assessment number per accountholder.

In addition, the IRS FBAR Penalty Database does not include cases that were closed prior to 2014, which are archived and purged from the database.  To obtain the information requested by this Interrogatory, the IRS would have to obtain the physical file for each taxpayer to determine whether the penalties were for non-willful violations and, if so, the account balance in each account and the number of accounts to determine how the penalties were calculated.

The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 10 years of records.  The active FBAR penalty database contains approximately 6,000 records/accounts of assessment that are in aggregate greater than $10,000.  However, each record/account would have to be physically reviewed to determine if it was a willful or non-willful penalty or there was more than one penalty year.

The United States further objects because the request is overly broad and unduly burdensome because it is not limited to just active cases.  For FBAR cases closed prior to 2014, they would not be on the Active IRS FBAR penalty data base.  These archived records would have to be physically located, retrieved, reviewed, then searched and then individually compared to case files from the Active IRS data base by IRS employees.

EXHIBIT B

The United States further objects to the Interrogatory to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C.  § 6103 or the Privacy Act, 5 U.S.C. § 552a.

**INTERROGATORY NO. 8**: For each of the last 10 calendar years, state the number of times the IRS has imposed the maximum non-willful FBAR penalty of $10,000 per account per year on taxpayers who had more than one foreign account in one or more years?

**RESPONSE:**  The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the penalties assessed against Bittner with those assessed against other delinquent or non-filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*, 373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

In addition, the United States objects to this Interrogatory as overbroad because it is not limited by timeframe.  The Interrogatory seeks information regarding FBAR penalties assessed against others going back to 2010, but the IRS imposed the penalties at issue in this case on June 8, 2017.

10

EXHIBIT B

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS maintains an FBAR Penalty Database that includes the following information: accountholder's name, accountholder's social security number, accountholder's address as listed on Form 13449 (Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) & § 5321(a)(6)), the FBAR assessments against the accountholder (amount(s) and year(s)—the database only lists up to six accounts per year), the statute of limitations for collections, whether payments have been received, whether the case has been referred to the Department of Justice, and, if the case has been referred to the Department of Justice, the status of the case.  Significantly, the IRS FBAR Penalty Database does not distinguish between FBAR penalty assessments for willful versus non-willful violations only a review of the account can this information be determined.  In addition, the database does not distinguish/search by number of accounts per year and instead provides an aggregate assessment number per accountholder.

In addition, the IRS FBAR Penalty Database does not include cases that were closed prior to 2014, which are archived and purged from the database.  To obtain the information requested by this Interrogatory, the IRS would have to obtain the physical file for each taxpayer to determine whether the penalties were for non-willful violations and, if so, the account balance in each account and the number of accounts.

The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 10 years of records. There are approximately 6,000 records of assessment on the active IRS FBAR penalty base that would be opened and reviewed.

The United States further objects because the request is overly broad and unduly burdensome because it is not limited to just active cases.  For FBAR cases closed prior to 2014,

they would not be on the Active IRS FBAR penalty data base.  These archived records would have to be physically located, retrieved, reviewed, then searched and then individually compared to case files from the Active IRS data base by IRS employees.

**INTERROGATORY NO. 9**: **For each of the last 10 calendar years, state the average FBAR penalty imposed by the IRS on the individuals in the answer to Interrogatory No. 8 and describe in general terms the penalty amounts imposed for each taxpayer.**

**RESPONSE:** The United States did not state yes to question 9 but objected.

The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the penalties assessed against Bittner with those assessed against other delinquent or non-filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*, 373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

In addition, the United States objects to this Interrogatory as overbroad because it is not limited by timeframe.  The Interrogatory seeks information regarding FBAR penalties assessed

against others going back to 2010, but the IRS imposed the penalties at issue in this case on June 8, 2017.

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS maintains an FBAR Penalty Database that includes the following information: accountholder's name, accountholder's social security number, accountholder's address as listed on Form 13449 (Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) and § 5321(a)(6)), the FBAR assessments against the accountholder (amount(s) and year(s)—the database only lists up to six accounts per year), the statute of limitations for collections, whether payments have been received, whether the case has been referred to the Department of Justice, and, if the case has been referred to the Department of Justice, the status of the case.  Significantly, the IRS FBAR Penalty Database does not distinguish between FBAR penalty assessments for willful versus non-willful violations only a review of the account can this information be determined.  In addition, the database does not distinguish/search by number of accounts per year and instead provides an aggregate assessment number per accountholder.

The IRS FBAR Penalty Database also does not include cases that were closed prior to 2014, which are archived and purged from the database.  Moreover, the database does not provide average penalty information.  Accordingly, to obtain the information requested by this Interrogatory, the IRS would have to obtain the physical file for each taxpayer to determine whether the penalties were for non-willful violations and, if so, the account balance in each account and the number of accounts to determine how the penalties were calculated.  The IRS would then have to calculate the average penalty imposed on taxpayers who were assessed the

13

EXHIBIT B

maximum non-willful FBAR penalty of $10,000 per account per year for taxpayers who had more than one foreign account for at least one year.

The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 10 years of records. The United States also objects because the request is overly broad unduly burdensome requiring the IRS to search for and review 10 years of records.

The United States further objects because the request is overly broad and unduly burdensome because it is not limited to just active cases.  For FBAR cases closed prior to 2014, they would not be on the Active IRS FBAR penalty data base.  These archived records would have to be physically located, retrieved, reviewed, then searched and then individually compared to case files from the Active IRS data base by IRS employees.

The United States further objects to the Interrogatory to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C. § 6103 or the Privacy Act, 5 U.S.C. § 552a.

**INTERROGATORY NO. 10**: **For each of the last 10 calendar years, state how many dual citizens residing outside of the U.S. submitted delinquent FBAR forms.**

**RESPONSE:**  The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The number of dual citizens residing outside of the United States who submitted delinquent FBAR forms is not relevant to whether Bittner is liable for the FBAR penalties assessed against him for his non-willful reporting violations.

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS FBAR Penalty Database does not keep track of the information requested in this Interrogatory.  Although the Financial Crimes

14

EXHIBIT B

Enforcement Network (FinCEN) maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form.  FBAR filing requirements apply to United States persons.  The term "United States person" includes a citizen or resident of the United States.  The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States.  In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries.  Accordingly, the FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries.  The United States has no way of obtaining the information requested by this Interrogatory absent interviewing every individual who filed a delinquent FBAR form of the past ten years to determine if that individual is a dual citizen residing overseas.

**INTERROGATORY NO. 11**: For each of the last 10 calendar years, state the number of dual citizens residing outside of the U.S. who submitted delinquent FBAR forms who were not subject to any penalty.

**RESPONSE:** The United States objects to this Interrogatory as vague and overbroad because "any penalty" is not defined.  It is unclear if Bittner is referring to FBAR penalties (both willful and non-willful) under Title 31 as well as Title 26 penalties or other penalties under the Bank Secrecy Act.  The United States interprets "any penalty" to refer to FBAR penalties for non-willful violations, but if that interpretation is wrong, the Interrogatory is still objectionable for being irrelevant, overly broad, unduly burdensome and not proportional to the needs of this case.  Other types of penalties for other taxpayers have even less to do with this case than FBAR penalties assessed against other taxpayers.

Assuming the interrogatory seeks information only on other FBAR penalties,  the United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case. Fed. R. Civ. P. 26(b)(1).  The number of dual citizens residing outside of the United States who

submitted delinquent FBAR forms and who were not assessed any penalty is irrelevant to whether Bittner is liable for the FBAR penalties assessed against him for his non-willful reporting violations.  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the FBAR penalties assessed against Bittner with the IRS' decision to not assess FBAR penalties against other delinquent or non-filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*, 373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

Further, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS FBAR Penalty Database does not keep track of the information requested in this Interrogatory.  Although FinCEN maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form.  FBAR filing requirements apply to United States persons.  The term "United States person" includes a citizen or resident of the United States.  The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States.  In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries.  Accordingly, the

FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries.  The United States has no way of obtaining the information requested by this Interrogatory absent interviewing every individual who filed a delinquent FBAR form of the past ten years to determine if that individual is a dual citizen residing overseas and then reviewing the physical file to determine if the individual was assessed a penalty for a non-willful FBAR violation.

**INTERROGATORY NO. 12**: **For each of the last 10 calendar years, state the average amounts of non-willful FBAR penalties imposed on dual citizens residing outside of the U.S. who submitted delinquent FBAR forms.**

**RESPONSE:** The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The average amounts of non-willful FBAR penalties imposed on dual citizens residing outside of the United States who submitted delinquent FBAR forms is irrelevant to whether Bittner is liable for the FBAR penalties assessed against him for his non-willful reporting violations.  Although Bittner argues that the IRS's assessment against him was arbitrary and capricious, the Court will decide that issue by reviewing the administrative record—not by comparing the FBAR penalties assessed against Bittner with FBAR penalties assessed against other delinquent filers.  *See Williams*, 2014 WL 3746487, at *1 (concluding that reviewing an agency's selection of a penalty for abuse under an arbitrary and capricious standard of review requires the court "must only review the record to ensure that the agency engage in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made'") (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see also Camp*, 411 U.S. at 142 (in reviewing agency action for abuse of discretion, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Carlo Bianchi & Co.*,

17

373 U.S. at 715 (the terms "arbitrary" and "capricious" "have frequently been used by Congress and have consistently been associated with a review limited to the administrative record").

In addition, the United States objects to this Interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS FBAR Penalty Database keeps track of FBAR penalty assessments for cases that were not closed before 2014, but the database not differentiate between penalties for willful versus non-willful violations, it does not provide average penalty information, and it does not contain information on whether the filer resides outside of the United States, filed the FBAR(s) late, or is a dual citizen.  Although FinCEN maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form.  FBAR filing requirements apply to United States persons.  The term "United States person" includes a citizen or resident of the United States.  The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States.  In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries. Accordingly, the FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries.  The United States has no way of obtaining the information requested by this Interrogatory absent interviewing every individual who filed a delinquent FBAR form of the past ten years to determine if that individual is a dual citizen residing overseas and then reviewing the physical file to determine if the individual was assessed a penalty for a non-willful FBAR violation.  For those individuals who were assessed a penalty, the United States would have to then calculate the average penalty.

EXHIBIT B

**INTERROGATORY NO. 13:** For each of the last 6 calendar years, state the number of individuals who participated in Streamlined Foreign Offshore Procedure and the average miscellaneous penalty imposed.

**RESPONSE:**  The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The number of individuals who participated in the Streamlined Foreign Offshore Procedure and the average miscellaneous penalty imposed under Title 26 are not relevant to whether Bittner is liable for the non-willful FBAR penalties assessed against him under Title 31. In addition, the amount of any penalties assessed against other accountholders who failed to disclose foreign financial accounts in a timely-filed FBAR are not relevant to the issues in this case.  *See, e.g., Davis v. Commissioner*, 65 T.C. 1014, 1022-23 (1976); *see also Sutton v. United States*, No. 77-242, 1978 WL 4490, at *1 (E.D. Tenn. Apr. 6, 1978) (finding that, "discovery of matters relating to the tax treatment of parties other than the plaintiffs is not relevant to the issues in this lawsuit, nor would it lead to relevant evidence.").  In addition, this Interrogatory is overbroad because it is not limited to the relevant time period.  The Interrogatory seeks Title 26 penalty information for the last six calendar years (*i.e.*, 2014 through 2019), but the IRS imposed the Title 31 FBAR penalties against Bittner on June 8, 2017.

The United States further objects to the Interrogatory to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C.  § 6103 or the Privacy Act, 5 U.S.C. § 552a.

EXHIBIT B

**INTERROGATORY NO. 14**: **For each of the last 6 calendar years, state the average miscellaneous penalty imposed on individuals who participated in Streamlined Foreign Offshore Program.**

**RESPONSE:**  This Interrogatory is duplicative of Interrogatory No. 13.  Just like for

Interrogatory No. 13, the United States objects to this Interrogatory because it is not relevant to

the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The average miscellaneous penalty

imposed under Title 26 on individuals who participated in the Streamlined Foreign Offshore

Procedure is not relevant to whether Bittner is liable for the non-willful FBAR penalties assessed

against him under Title 31.    In addition, this Interrogatory is overbroad because it is not limited

to the relevant time period.  The Interrogatory seeks Title 26 penalty information for the last six

calendar years (*i.e.*, 2014 through 2019), but the IRS imposed the Title 31 FBAR penalties

against Bittner on June 8, 2017.

The United States further objects to the Interrogatory to the extent it seeks information

concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26

U.S.C.  § 6103 or the Privacy Act, 5 U.S.C. § 552a.

**INTERROGATORY NO. 15**: **Describe the information contained in the FBAR database maintained by the IRS that can be recovered by electronic searching.**

**RESPONSE:**  The United States objects to this Interrogatory as vague and confusing

because "electronic searching" is not defined or if the interrogatory is seeking a search on

information related to one taxpayer or more than one taxpayer.  The United States further objects

to the extent that the Interrogatory seeks information – either general or specific – about

taxpayers other than Mr. Bitter from this database.  The information contained in the IRS FBAR

Penalty Database concerning other taxpayers is not relevant to the claims or defenses in this case.

Fed. R. Civ. P. 26(b)(1), nor would any search of it for any information on any other taxpayers

be proportional to the needs of this case.

20

EXHIBIT B

To the extent that the Interrogatory seeks to discovery the types of information about Mr. Bittner in the database that could be searched electronically, the IRS maintains an FBAR Penalty Database that includes the following information per taxpayer's account: accountholder's name, accountholder's social security number, accountholder's address as listed on Form 13449 (Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) and § 5321(a)(6), the FBAR assessments against the accountholder (amount(s) and year(s)—the database only lists up to six accounts per year), the statute of limitations for collections, whether payments have been received, whether the case has been referred to the Department of Justice, and, if the case has been referred to the Department of Justice, the status of the case. Significantly, the IRS FBAR Penalty Database does not distinguish between FBAR penalty assessments for willful versus non-willful violations only a review of the account can this information be determined.  In addition, the database does not distinguish/search by number of accounts per year and instead provides an aggregate assessment number per accountholder.

Entire data base can be searched by name, social security number, address year, payments, payment date, penalty amount, and poa name.

The IRS FBAR Penalty Database also does not include cases that were closed prior to 2014, which are archived and purged from the database.  Moreover, the database does not provide average penalty information.

**INTERROGATORY NO. 16: Identify by name, position, address, and telephone number, one or more government employees who are knowledgeable regarding the subject matter of Interrogatories Nos. 5 through 15 and for each such person describe their knowledge.**

**RESPONSE:** The United States objects to this Interrogatory as it constitutes defendant's 26th interrogatory to the United States, which would result in Bittner propounding more interrogatories than authorized permitted under the Federal Rules of Civil Procedure.  *See* Fed.

21

R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Indeed, this Interrogatory seeks the identity of one or more government employees with knowledge of the subject matter in eleven separate interrogatories and to further describe the knowledge of that employee(s). Defendant Bittner previously served 2 interrogatories on the United States in his First Set of Interrogatories.[2]   Thus, a response to information sought by this Interrogatory No. 16 as it relates to Interrogatory No. 13, would be a response actually to the 26th interrogatory.  A response to information sought by Interrogatory No. 16 as it relates to Interrogatory No. 14, would be a response to the 27th interrogatory.  A response to information sought by Interrogatory No. 16 as it relates to Interrogatory No. 15, would be a response to the 28th interrogatory.

In addition, the United States objects to this Interrogatory because, as detailed above, Interrogatory Nos. 5 through 15 seek information that it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Accordingly, the United States will not identify government employees with knowledge of penalties assessed against others for FBAR reporting violations or miscellaneous penalties assessed against participants of the Streamlined Foreign Offshore Procedure.

With respect to Interrogatories 5 through 12, and 15, the United States responds that the following IRS and FinCen employees assisted counsel for the United States in answers pertaining to the following databases (please note that any contact with these individuals should be coordinated through counsel for the United States in this case:

---

[2] See footnote 1.

EXHIBIT B

Information regarding the IRS FBAR penalty data base
Nancy M. Beasley
Tax Law Specialist – FBAR Penalty Coordinator
985 Michigan Aveue – 4th Floor
Detroit, MI 48226
Office (313)234-1611

Information regarding the BSA database
Russell Stephenson
Senior Program Manager
Policy Division
Financial Crimes Enforcement Network
U.S. Department of the Treasury
Dir. 202-354-6012

**INTERROGATORY NO. 17: Identify by name, position, address, and telephone number, one or more government employees who are knowledgeable regarding statistics relating to the Streamlined Foreign Offshore Procedures as applied to dual citizens or US persons residing abroad, and for each such person describe their knowledge.**

**RESPONSE:** The United States objects to this Interrogatory as it constitutes defendant's, 29th interrogatory which would result in Bittner propounding more interrogatories than authorized permitted under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").  Defendant Bittner previously served 2 interrogatories on the United States in his First Set of Interrogatories, and Interrogatory No. 16 above already put the total count at 28 interrogatories.

The United States objects to this Interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  Statistics relating to participants of the Streamlined Foreign Offshore Procedure are not relevant to whether Bittner is liable for the non-willful FBAR penalties assessed against him under Title 31.  In addition, this Interrogatory is overbroad because it is not limited to the relevant time period.  Accordingly, the United States

EXHIBIT B

will not identify government employees with knowledge of statistics relating to participants of

the Streamlined Foreign Offshore Procedure.


HERBERT W. LINDER

  /s/Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754
(214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

EXHIBIT B

## DECLARATION PURSUANT TO 28 U.S.C. § 1746

I, Herbert W. Linder, am a Trial Attorney with the Southwestern Region of the United States Department of Justice, Tax Division, and in my capacity as such have responsibility for representing the United States of America in the above-entitled case. Accordingly, I have authority to make binding admissions of fact with respect to this case and to respond to interrogatories.

I declare under penalty of perjury that the foregoing response is true and correct to the best of my knowledge and belief.

Executed this  2   day of April 2020.

                                  /s/Herbert W. Linder
                                  HERBERT W. LINDER

HERBERT W. LINDER

**EXHIBIT B**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that service of the United States' Response to Defendant's

Second Set Interrogatories has been made on April 2, 2020, by Federal Express and electronic

mail to:

      CLARK HILL STRASBURGER
      Farley P. Katz
      Rachael Rubenstein
      2301 Broadway St.
      San Antonio, Texas 78209
      FKatz@ClarkHill.com
      RRubenstein@ClarkHill.com

                     /s/Herbert W. Linder
                     HERBERT W. LINDER