EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-cv-00415 |
| ALEXANDRU BITTNER, | ) | |
| Defendant. | ) | |
| _____ | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR ADMISSIONS

The United States objects to the instructions set forth in Defendant's Supplemental Interrogatories and Requests for Admission as they seek to impose additional requirements that are not set forth in Federal Rules of Civil Procedure Nos. 33 and 36.  The United States responds in accordance with the Federal Rules of Civil Procedure.

### Preliminary Statement

The United States objects to the Interrogatories' definitions of "you," "your," and "yours" as vague and unduly burdensome to the extent such definitions include federal officers, employees, agents, or representatives outside of the United States Department of the Treasury, Internal Revenue Service, or the Department of Justice, Tax Division, Civil Trial Section, who have been involved with the FBAR penalty assessments at issue in this case.  The United States' Response to the Interrogatories is based on a definition of "you," "your," and "yours" to mean the Department of the Treasury, Internal Revenue Service, and U.S. Department of Justice, Tax Division, Civil Trial Section and their employees acting with respect to the assessment and collection of the civil penalties assessed against Defendant for his non-willful failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314, for the years 2007 through 2011.

1

EXHIBIT C

Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, the United States

responds to Defendant's Supplemental Interrogatories and Requests for Admissions as follows:

**REQUEST FOR ADMISSION NO. 95:** Admit that the IRS has found that dual citizens who resided abroad but failed to file FBARs had "reasonable cause", and consequently were not subject to any failure-to-file penalties, even though they did not seek professional advice while abroad regarding their FBAR filing obligations.

RESPONSE: **Objections:** This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36. Rule 36 requires that each matter must be separately stated.

The United States further objects to this request for admission because it is not relevant to the claims or defenses in this case. Fed. R. Civ. P. 26(b)(1). The Court will determine whether Bittner had reasonable cause decide by reviewing the facts of his case—not by comparing the reasonable cause claims of other delinquent or non-filers of FBARs.

In addition, the United States objects to and cannot answer this request for admission because it is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The IRS FBAR Penalty Database does not keep track of the information requested in this admission, in particular dual citizenship. Although the Financial Crimes Enforcement Network (FinCEN) maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form. FBAR filing requirements apply to United States persons. The term "United States person" includes a citizen or resident of the United States. The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States. In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries. Accordingly, the FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries. The United States has no way of obtaining the information requested by this admission absent physically reviewing every FBAR exam case filed since 2004 when a reasonable cause provision was added to 31 U.S.C. § 5321 to determine if an individual was a dual citizen, residing overseas, made a reasonable cause claim and then reviewing that reasonable cause claim.

The United States further objects to this request for admission to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C. § 6103 or the Privacy Act, 5 U.S.C. § 552a; and to the extent it presumes that dual status was the only reason such person might have been granted reasonable cause thereby forcing the United States to choose between violating one of these protections or fully explaining the entire set of circumstances for which any such person was granted reasonable cause.

EXHIBIT C

**INTERROGATORY NO. 20:** If the answer to the preceding Request is yes, state by year the number of such persons who the IRS so determined were not subject to penalty for the last 8 years.

RESPONSE:  **N/A** -The United States did not answer yes to the above request for admission.

**Objections:**  The United States objects to this Interrogatory as it constitutes defendant's, 30th interrogatory which would result in Bittner propounding more interrogatories than authorized under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").  Defendant Bittner previously served 2 interrogatories on the United States in his First Set of Interrogatories.  Defendant then served 27 interrogatories counting subparts in his Second Set of Interrogatories.  Interrogatory No. 20, above puts the total count at 30 interrogatories.

The United States further objects to this interrogatory because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine whether Bittner had reasonable cause decide by reviewing the facts of his case—not by comparing the reasonable cause claims of other delinquent or non-filers of FBARs.

In addition, the United States objects to this interrogatory because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS FBAR Penalty Database does not keep track of the information requested in this Interrogatory.  Although the Financial Crimes Enforcement Network (FinCEN) maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form.  FBAR filing requirements apply to United States persons.  The term "United States person" includes a citizen or resident of the United States.  The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States.  In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries.  Accordingly, the FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries.  The United States has no way of obtaining the information requested by this Interrogatory absent physically reviewing every FBAR exam case file for of the past eight years to determine if an individual was a dual citizen, residing overseas, made a reasonable cause claim and then reviewing that reasonable cause claim.

The United States further objects to this interrogatory to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C.  § 6103 or the  Privacy Act, 5 U.S.C. § 552a; and to the extent it presumes that dual status was the only reason such person might have been granted reasonable cause thereby forcing the United States to choose between violating one of these protections or fully explaining the entire set of circumstances for which any such person was granted reasonable cause.

EXHIBIT C

**REQUEST FOR ADMISSION NO. 96:** Admit that the IRS recognizes that a dual citizen who resides abroad but fails to file an FBAR may have "reasonable cause" due to ignorance of the law if a reasonable and good faith effort was made to comply with the law or the taxpayer was unaware of the requirement and could not reasonably be expected to know of the requirement. (FS 2011-13).

RESPONSE: **Objections:** This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States also objects to this request because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine on a *de novo* basis whether Bittner had reasonable cause decide by reviewing the facts of his case and the law as set forth in the statutes, regulations and case law.  In contrast, statements in FS2011-13 and the Internal Revenue Manual are not the law, and do not provide Bittner with any rights on the question of his reasonable cause defense in this court proceeding initiated by the United States.

The United States further objects because this interrogatory does not accurately state FS2011-13.

**REQUEST FOR ADMISSION NO. 97:** Admit that the IRS has found that dual citizens who resided abroad but failed to file FBARs had "reasonable cause" because the taxpayer was unaware of the requirement to file FBARs and could not reasonably have been expected to know of such a requirement. (FS 2011-13).

RESPONSE: **Objections:** This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States further objects to this request for admission because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine whether Bittner had reasonable cause decide by reviewing the facts of his case—not by comparing the reasonable cause claims of other delinquent or non-filers of FBARs.  The Court will also determine on a *de novo* basis whether Bittner had reasonable cause decide by reviewing the facts of his case and the law as set forth in the statutes, regulations and case law.  In contrast, statements in FS2011-13 and the Internal Revenue Manual are not the law, and do not provide Bittner with any rights on the question of his reasonable cause defense in this court proceeding initiated by the United States.

In addition, the United States objects to and cannot answer this admission because it is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The IRS FBAR Penalty Database does not keep track of the information requested in this admission, in particular dual citizenship.  Although the Financial Crimes Enforcement Network (FinCEN) maintains a Bank Secrecy Act database, that database only contains the information reported by filers in an FBAR form.  FBAR filing requirements apply to United States persons.  The term "United States

person" includes a citizen or resident of the United States.  The FBAR form does not ask a filer to report if they are a citizen versus a resident of the United States.  In addition, the FBAR form does not ask a filer to report if they are a citizen of two or more countries.  Accordingly, the FinCEN database does not track whether a delinquent filer is a United States citizen, a United States resident, or a citizen of two or more countries.  The United States has no way of obtaining the information requested by this admission absent physically reviewing every FBAR exam case filed since 2004 when a reasonable cause provision was added to 31 U.S.C. § 5321 to determine if an individual was a dual citizen, residing overseas, made a reasonable cause claim and then reviewing that reasonable cause claim.

The United States further objects to this request to the extent it seeks information concerning persons other than Mr. Bittner that is or may be protected from disclosure by 26 U.S.C. § 6103 or the  Privacy Act, 5 U.S.C. § 552a; and to the extent it presumes that dual status was the only reason such person might have been granted reasonable cause thereby forcing the United States to choose between violating one of these protections or fully explaining the entire set of circumstances for which any such person was granted reasonable cause.

**REQUEST FOR ADMISSION NO. 98:** Admit that the IRS recognizes that ignorance of the law may be considered as a factor supporting a taxpayer's contention that they had "reasonable cause" for failure to file information returns. (IRM 4.19.25.7(8)).

RESPONSE: **Objections:** this request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated and the term "information returns" is plural and could relate to a different number of types of returns.

The United States also objects to this request for admission because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine on a *de novo* basis whether Bittner had reasonable cause decide by reviewing the facts of his case and the law as set forth in the statutes, regulations and case law.  In contrast, statements in the Internal Revenue Manual are not the law, and do not provide Bittner with any rights on the question of his reasonable cause defense in this court proceeding initiated by the United States.
The United States further objects because this interrogatory does not accurately state IRM 4.19.25.7(8)).

**REQUEST FOR ADMISSION NO. 99:** Admit that the IRS recognizes that a mistake or ignorance of the law may be a supporting factor in establishing reasonable cause for civil penalty relief if additional facts and circumstances support the determination that the taxpayer exercised ordinary business care and prudence but nevertheless was unable to comply within the prescribed time. (IRM 20.1.1.3.2.2.4).

RESPONSE **Objection,** this request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.  Request for admission No. 99 refers to "civil penalty relief" which is plural and undefined.  There are approximately 86 civil penalty

EXHIBIT C

provisions within Title 26 of the United States' Code and the FBAR penalty at issue in this case is in Title 31.   Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The United States further objects to this request because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine on a *de novo* basis whether Bittner had reasonable cause decide by reviewing the facts of his case and the law as set forth in the statutes, regulations and case law.  In contrast, statements in the Internal Revenue Manual are not the law, and do not provide Bittner with any rights on the question of his reasonable cause defense in this court proceeding initiated by the United States.

\*The United States notes that defendant has skipped or not posed a Request for Admission No. 100.

**REQUEST FOR ADMISSION NO. 101:** Admit that the IRS directs employees to consider the following information when determining whether a mistake or claim of ignorance of the law provides "reasonable case" for abating or not asserting a civil penalty: (a) when and how the taxpayer became aware of the mistake, (b) the extent to which the taxpayer corrected the mistake, (c) the relationship between the taxpayer and the subordinate (if the taxpayer delegated the duty), (d) if the taxpayer took timely steps to correct the failure after it was discovered, and (e) the supporting documentation. (IRM 20.1.1.3.2.2.4).

RESPONSE: **Objections:**  This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated. Request for admission No. 101 refers to "civil penalty" which is plural and undefined.  There are approximately 86 civil penalty provisions within Title 26 of the United States' Code and the FBAR penalty at issue in this case is in Title 31.   Accordingly, because it is impossible to know what admission(s) is (are) being requested, the United States cannot truthfully admit or deny this request(s).

The United States also objects to this request because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Court will determine on a *de novo* basis whether Bittner had reasonable cause decide by reviewing the facts of his case and the law as set forth in the statutes, regulations and case law.  In contrast, statements in the Internal Revenue Manual are not the law, and do not provide Bittner with any rights on the question of his reasonable cause defense in this court proceeding initiated by the United States.

The United States further objects because this interrogatory does not accurately state IRM 20.1.1.3.2.2.4.

EXHIBIT C

**REQUEST FOR ADMISSION NO. 102:** Admit that IRS examiners are not permitted to take unfair advantage of mistakes or ignorance of citizens in arriving at their conclusions regarding a particular case. (IRM 4.10.7.4(4)(c.)).

RESPONSE: **Objections:** This request is vague, ambiguous and calls for an answer to compound or multiple questions in contravention of Federal Civil Procedure Rule 36.  Rule 36 requires that each matter must be separately stated.

The United States also objects to this request because it is not relevant to the claims or defenses in this case.  Fed. R. Civ. P. 26(b)(1).  The Internal Revenue Manual is not the law, and it does not provide Bittner with any rights.

The United States further objects because this interrogatory does not accurately state IRM 4.10.7.4(4)(c.)).

HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754
Fax (214) 880-9741
herbert.w.linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

EXHIBIT C

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing United States' Responses to

Defendant's Supplemental Interrogatories and Requests for Admission has been served on April

8, 2020, electronically and by regular mail to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

HERBERT W. LINDER