# IRS News Release

INTERNAL REVENUE SERVICE

EXHIBIT E

| Media Relations Office | Washington, D.C. | Media Contact: 202.622.4000 |
|---|---|---|
| www.IRS.gov/newsroom | | Public Contact: 800.829.1040 |

## IRS Announces Efforts to Help U.S. Citizens Overseas, Including Dual Citizens and Those with Foreign Retirement Plans

IR-2012-65, June 26, 2012

WASHINGTON — The Internal Revenue Service today announced a plan to help U.S. citizens residing overseas, including dual citizens, catch up with tax filing obligations and provide assistance for people with foreign retirement plan issues.

"Today we are announcing a series of common-sense steps to help U.S. citizens abroad get current with their tax obligations and resolve pension issues," said IRS Commissioner Doug Shulman.

Shulman announced the IRS will provide a new option to help some U.S. citizens and others residing abroad who haven't been filing tax returns and provide them a chance to catch up with their tax filing obligations if they owe little or no back taxes. The new procedure will go into effect on Sept. 1, 2012.

The IRS is aware that some U.S. taxpayers living abroad have failed to timely file U.S. federal income tax returns or Reports of Foreign Bank and Financial Accounts (FBARs). Some of these taxpayers have recently become aware of their filing requirements and want to comply with the law.

To help these taxpayers, the IRS offered the new procedures that will allow taxpayers who are low compliance risks to get current with their tax requirements without facing penalties or additional enforcement action. These people generally will have simple tax returns and owe $1,500 or less in tax for any of the covered years.

The IRS also announced that the new procedures will allow resolution of certain issues related to certain foreign retirement plans (such as Canadian Registered Retirement Savings Plans). In some circumstances, tax treaties allow for income deferral under U.S. tax law, but only if an election is made on a timely basis. The streamlined procedures will be made available to resolve low compliance risk situations even though this election was not made on a timely basis.

Taxpayers using the new procedures announced today will be required to file delinquent tax returns along with appropriate related information returns for the past three years,



**EXHIBIT E**

## New Filing Compliance Procedures for Non-Resident U.S. Taxpayers

The IRS is aware that some U.S. taxpayers living abroad have failed to timely file U.S. federal income tax returns or Reports of Foreign Bank and Financial Accounts (FBARs). Some of these taxpayers have recently become aware of their filing obligations and now seek to come into compliance with the law. The Service is announcing a new procedure for current non-residents including, but not limited to, dual citizens who have not filed U.S. income tax and information returns to file their delinquent returns. This procedure will go into effect on September 1, 2012.

**Description of proposed new procedure:**

While details are not yet finalized, as currently contemplated, taxpayers utilizing the new procedure will be required to file delinquent tax returns, with appropriate related information returns, for the past three years and to file delinquent FBARs for the past six years. All submissions will be reviewed, but, as discussed below, the intensity of review will vary according to the level of compliance risk presented by the submission. For those taxpayers presenting low compliance risk, the review will be expedited and the IRS will not assert penalties or pursue follow-up actions. Submissions that present higher compliance risk will be subject to a more thorough review and possibly a full examination, which may include more than three years.

Tax, interest and penalties, if appropriate, will be imposed in accordance with U.S. federal tax laws based on a review of the submission. For a summary of information about federal income tax return and FBAR filing requirements and potential penalties, see IRS Fact Sheet FS-2011-13 (December 2011) at www.irs.gov.

In addition, retroactive relief for failure to timely elect income deferral on certain retirement and education savings plans where deferral is permitted by relevant treaty will be available through this process. The proper deferral elections with respect to such arrangements must be made with the submission.

**Compliance risk determination:**

The IRS will determine the level of compliance risk presented by the submission based on certain information provided on the returns filed, and based on certain additional information that will be required as part of the submission. Low risk will be predicated on simple returns with little or no U.S. tax due. Absent high risk factors, if the submitted returns and application show less than $1,000 in tax due in each of the years, they will be treated as low risk. It is contemplated that the risk level will rise as the income and assets of the taxpayer rise, if there are indications of sophisticated tax planning or avoidance or if there is material economic activity in the United States. Additional information regarding the specific factors the IRS will use to assess the level of compliance risk, and how information regarding those factors should be presented in the submission, will be released well prior to the effective date of the new procedure.

**How taxpayers will be able to take advantage of the new procedure:**

Taxpayers wishing to use the new procedure will be required to submit: (1) delinquent tax returns, with appropriate related information returns, for the past three years, (2) delinquent FBARs for the past six years, and (3) any additional information regarding compliance risk factors required by future instructions. Payment of any federal tax and interest due must accompany the submission. More information about the application process including where submissions should be sent, will be provided prior to the effective date.

Tax year 2011 individual tax returns that are not otherwise timely filed can be filed through this procedure.

Any taxpayer claiming reasonable cause for failure to file tax returns, information returns, or FBARs will be required to submit a dated statement, signed under penalties of perjury, explaining why there is reasonable cause for previous failures to file. See IRS Fact Sheet FS-2011-13 (December 2011) at www.irs.gov for examples of reasonable cause. Any taxpayer seeking relief for failure to timely elect deferral of income from certain retirement or savings plans where deferral is permitted by relevant treaty will be required to submit:

- a statement requesting an extension of time to make an election to defer income tax and identifying the pertinent treaty position;
- for relevant Canadian plans, a Forms 8891 for each tax year and description of the type of plan covered by the submission; and
- a statement describing:
    - the events that led to the failure to make the election,
    - the events that led to the discovery of the failure, and
    - if the taxpayer relied on a professional advisor, the nature of the advisor's engagement and responsibilities.

**Other considerations:**

Under this new procedure, the taxpayer will not receive protection from criminal prosecution if the IRS and Department of Justice determine that the taxpayer's particular circumstances warrant such prosecution. Taxpayers concerned about criminal prosecution because of their particular circumstances should be aware of and consult their legal advisers about the Offshore Voluntary Disclosure Program (OVDP), announced on January 9, 2012, which offers another means by which taxpayers with undisclosed offshore accounts may become compliant. For additional information about the OVDP, see www.irs.gov. It should be noted, however, that once a taxpayer makes a submission under the new procedure described in this document, OVDP is no longer available. It should also be noted that taxpayers who are ineligible to participate in OVDP are also ineligible to participate in this procedure.

Anyone interested in using this procedure should be aware that all tax returns must have a valid Taxpayer Identification Number (TIN). For U.S. citizens, a TIN is a Social Security Number (SSN). For individuals that are not eligible for an SSN, an Individual Taxpayer Identification Number (ITIN) is a valid TIN. Tax returns filed without a valid SSN or ITIN will not be processed. For information on obtaining an SSN, see www.ssa.gov. For information on obtaining an ITIN, see www.irs.gov.

Page Last Reviewed or Updated: June 26, 2012



**EXHIBIT E**

### Information for U.S. Citizens or Dual Citizens Residing Outside the U.S.

FS-2011-13, December 2011

The IRS is aware that some taxpayers who are dual citizens of the United States and a foreign country may have failed to timely file United States federal income tax returns or Reports of Foreign Bank and Financial Accounts (FBARs), despite being required to do so. Some of those taxpayers are now aware of their filing obligations and seek to come into compliance with the law. This fact sheet summarizes information about federal income tax return and FBAR filing requirements, how to file a federal income tax return or FBAR, and potential penalties.

Note that penalties will not be imposed in all cases. As discussed in more detail below, taxpayers who owe no U.S. tax (e.g., due to the application of the foreign earned income exclusion or foreign tax credits) will owe no failure to file or failure to pay penalties. In addition, no FBAR penalty applies in the case of a violation that the IRS determines was due to reasonable cause.

This fact sheet is provided for information purposes only, and the topics discussed may or may not apply to a particular taxpayer's situation. The IRS continues to consider the topics discussed in this fact sheet and will provide additional information as it becomes available.

#### 1. U.S. income tax return filing requirement

As a United States citizen, you must file a federal income tax return for any tax year in which your gross income is equal to or greater than the applicable exemption amount and standard deduction. For information about whether you must file a federal income tax return for a particular tax year, including exemption amounts and standard deductions, see Publication 501 (Exemptions, Standard Deduction, and Filing Information) for that year. Generally, you are required to report your worldwide income on your federal income tax return. This means that you should report all income, regardless of which country is the source of the income. Generally, you only need to file returns going back six years.

#### 2. Penalties imposed for failure to file income tax returns or to pay tax

If you are required to file a federal income tax return and fail to do so, or you fail to pay the amount of tax shown on your federal income tax return, you may be subject to a penalty under Internal Revenue Code (IRC) section 6651, unless you show that the failure is due to reasonable cause and not due to willful neglect. The penalty is 5 percent of the amount of tax required to be shown on the return. If the failure continues for more than one month, an additional 5 percent penalty may be imposed for each month or fraction thereof during which the failure continues. The total failure to file penalty cannot exceed 25 percent. Note that there is no penalty if no tax is due.
If you fail to pay the amount of tax shown on your federal income tax return, you may be subject to a penalty for failing to pay under IRC section 6651(a)(2), unless you show that the failure is due to reasonable cause and not due to willful neglect. The penalty begins running on the due date of the return (determined without regard to any extension of time for filing the return) and is 1/2 percent of the amount of tax shown on the return. If the failure continues for more than one month, an additional 1/2 percent penalty may be imposed for each additional month or fraction thereof that the amount remains unpaid. The total failure to pay penalty cannot exceed 25 percent. Note that there is no penalty if no tax is due.

Under IRC section 6651(c)(1), the failure to file penalty is reduced by the amount of the failure to pay penalty for any month in which both apply.

For more information regarding the failure to file penalty and the failure to pay penalty, see IRS Notice 746 (Information About Your Notice, Penalty and Interest).

Example 1: Taxpayer is a United States citizen who lived abroad in Country A for all of 2010, during which time Taxpayer worked as an English instructor. He maintained a checking account with a bank in Country A, and the highest balance in the account did not exceed $10,000 in 2010. Taxpayer complied with Country A's tax laws and properly reported all his income on Country A tax returns. Although Taxpayer earned income in excess of the applicable exemption amount and standard deduction, he did not timely file a federal income tax return for tax year 2010. After learning of his U.S. filing obligations, Taxpayer filed an accurate, though late, federal income tax return showing no tax liability after taking into account the section 911 foreign earned income exclusion and the foreign tax credit for taxes paid to Country A. Taxpayer is not liable for a failure to file penalty, since the amount of tax required to be shown on the federal income tax return is zero. Similarly, Taxpayer is not liable for a failure to pay penalty, since the amount of tax shown on the return is zero.

Whether a failure to file or failure to pay is due to reasonable cause is based on a consideration of the facts and circumstances. Reasonable cause relief is generally granted by the IRS when you demonstrate that you exercised ordinary business care and prudence in meeting your tax obligations but nevertheless failed to meet them. In determining whether you exercised ordinary business care and prudence, the IRS will consider all available information, including:

- The reasons given for not meeting your tax obligations;
- Your compliance history;
- The length of time between your failure to meet your tax obligations and your subsequent compliance; and
- Circumstances beyond your control.

Reasonable cause may be established if you show that you were not aware of specific obligations to file returns or pay taxes, depending on the facts and circumstances. Among the facts and circumstances that will be considered are:

- Your education;
- Whether you have previously been subject to the tax;
- Whether you have been penalized before;
- Whether there were recent changes in the tax forms or law that you could not reasonably be expected to know; and
- The level of complexity of a tax or compliance issue.

You may have reasonable cause for noncompliance due to ignorance of the law if a reasonable and good faith effort


http://www.irs.gov/newsroom/article/0,,id=250788,00.html


5/16/2012



**EXHIBIT E**

was made to comply with the law or you were unaware of the requirement and could not reasonably be expected to know of the requirement.

**Example 2:** Same facts as Example 1, except Taxpayer's federal income tax return showed a tax liability of $2,100. Taxpayer is subject to the failure to file penalty, unless Taxpayer shows that the failure to file was due to reasonable cause and not due to willful neglect. Taxpayer is also subject to the failure to pay penalty, unless Taxpayer shows that the failure to pay was due to reasonable cause and not due to willful neglect. Since the failure to file penalty is reduced by the failure to pay penalty for any month during which both apply, the maximum failure to file penalty is $472.50 (22.5 percent of $2,100). The failure to pay penalty will accrue for 50 months before the 25 percent maximum is reached. The maximum failure to pay penalty is $525 (25 percent of $2,100). The penalties could be lower depending on when Taxpayer filed the return and paid the tax shown on the return. The penalties also could be lower, or there could be no penalties at all, to the extent Taxpayer is able to show that the failure to file or failure to pay was due to reasonable cause and not due to willful neglect.

### 3. Possible additional penalties that may apply in particular cases

In addition to the failure to file and failure to pay penalties, in some situations, you could be subject to other civil penalties, including the accuracy-related penalty, fraud penalty, and certain information reporting penalties. For information regarding the accuracy-related penalty and the fraud penalty, see IRS Notice 746 (Information About Your Notice, Penalty and Interest). For information regarding information reporting penalties, see the instructions for the specific information reporting form. For example, see the Instructions for Form 3520-A for information on the penalty for failure to file Form 3520-A.

### 4. FBAR filing requirement

As a United States citizen, you may be required to report your interest in certain foreign financial accounts on Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts (FBAR). For information about FBAR reporting requirements, including reporting exceptions, see Form TD F 90-22.1 and the IRS FBAR Frequently Asked Questions.

### 5. How to file an FBAR

For information about how and where to file an FBAR, see Form TD F 90-22.1 and the IRS FBAR Frequently Asked Questions.

If you learn you were required to file FBARs for earlier years, you should file the delinquent FBARs and attach a statement explaining why they are filed late. You do not need to file FBARs that were due more than six years ago, since the statute of limitations for assessing FBAR penalties is six years from the due date of the FBAR. As discussed below, no penalty will be asserted if IRS determines that the late filings were due to reasonable cause. Keep copies, for your record, of what you send.

### 6. Possible penalties for failure to file FBAR

If you fail to file an FBAR, in the absence of reasonable cause, you may be subject to either a willful or non-willful civil penalty. Generally, the civil penalty for willfully failing to file an FBAR can be up to the greater of $100,000 or 50 percent of the total balance of the foreign account at the time of the violation. See 31 U.S.C. § 5321(a)(5). Note that this penalty is applicable only in cases in which there is willful intent to avoid filing. Non-willful violations that the IRS determines are not due to reasonable cause are subject to a penalty of up to $10,000 per violation. There is no penalty in the case of a violation that IRS determines was due to reasonable cause. For more information about the FBAR penalty, see Form TD F 90-22.1. For information about the reasonable cause exception to the FBAR penalty, see IRM 4.26.16, Report of Foreign Bank and Financial Accounts (FBAR).

**Example 3:** Same facts as Example 1, except that the highest balance in Taxpayer's checking account exceeded $10,000 and, after reading recent press and thus learning of his FBAR filing obligations, Taxpayer filed an accurate, though late, FBAR. The FBAR was accompanied by a written statement explaining why Taxpayer believed the failure to file the FBAR was due to reasonable cause. The IRS will determine whether the violation was due to reasonable cause based on all the facts and circumstances. Taxpayer's explanation for why he failed to timely file an FBAR appears reasonable in view of the facts and circumstances of the case. Since the IRS determined that the FBAR violation was due to reasonable cause, no FBAR penalty will be asserted.

Factors that might weigh in favor of a determination that an FBAR violation was due to reasonable cause include reliance upon the advice of a professional tax advisor who was informed of the existence of the foreign financial account, that the unreported account was established for a legitimate purpose and there were no indications of efforts taken to intentionally conceal the reporting of income or assets, and that there was no tax deficiency (or there was a tax deficiency but the amount was de minimis) related to the unreported foreign account. There may be factors in addition to those listed that weigh in favor of a determination that a violation was due to reasonable cause. No single factor is determinative.

Factors that might weigh against a determination that an FBAR violation was due to reasonable cause include whether the taxpayer's background and education indicate that he should have known of the FBAR reporting requirements, whether there was a tax deficiency related to the unreported foreign account, and whether the taxpayer failed to disclose the existence of the account to the person preparing his tax return. As with factors that might weigh in favor of a determination that an FBAR violation was due to reasonable cause, there may be other factors that weigh against a determination that a violation was due to reasonable cause. No single factor is determinative.

Current IRS procedures state that an examiner may determine that the facts and circumstances of a particular case do not justify asserting a penalty and that instead an examiner should issue a warning letter. See IRM 4.26.16, Report of Foreign Bank and Financial Accounts (FBAR). The IRS has established penalty mitigation guidelines, but examiners may determine that a penalty is not appropriate or that a lesser (or greater) penalty amount than the guidelines would otherwise provide is appropriate. Examiners are instructed to consider whether compliance objectives would be achieved by issuance of a warning letter; whether the person who committed the violation had been previously issued a warning letter or has been assessed the FBAR penalty; the nature of the violation and the amounts involved; and the cooperation of the taxpayer during the examination.

**Example 4:** Taxpayer is a United States citizen who lives and works in Country B as a computer programmer. Taxpayer has checking and savings accounts with a bank that is located in the city where he lives. The aggregate balance of the checking and savings accounts is $50,000 during the tax year. Taxpayer complied with Country B's tax laws and properly reported all his income on Country B tax returns. Taxpayer failed to file federal income tax returns and failed to file FBARs to report his financial interest in the checking and savings accounts. After reading recent press and thus learning of his federal income tax return and FBAR reporting obligations, Taxpayer filed delinquent FBARs, reporting both foreign accounts, and attached statements to the FBARs explaining that he was previously



**EXHIBIT E**

unaware of his obligation to report the accounts on an FBAR. Taxpayer also filed federal income tax returns properly reporting all income and no tax was due. The IRS will determine whether the FBAR violation was due to reasonable cause based on all the facts and circumstances. Taxpayer had a legitimate purpose for maintaining the foreign accounts, there were no indications of efforts taken to intentionally conceal the reporting of income or assets, and no tax was due. Taxpayer's explanation for why he failed to timely file an FBAR appears reasonable in view of the facts and circumstances of the case. Since the IRS determined that the FBAR violation was due to reasonable cause, no FBAR penalty will be asserted.

### 7. New reporting requirement for foreign financial assets

A new law requires U.S. taxpayers who have an interest in certain specified foreign financial assets with an aggregate value exceeding $50,000 to report those assets to the IRS. This reporting will be required beginning in 2012. Taxpayers who are required to report must submit Form 8938 with their tax return. See Notice 2011-55 for additional information about this reporting requirement under IRC section 6038D.

*Page Last Reviewed or Updated: April 20, 2012*