IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>       )<br>   v. )<br>       )<br>ALEXANDRU BITTNER, )<br>       Defendant. )<br>_____) | Case No. 4:19-cv-00415 |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on July 31, 2020, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.    COUNSEL FOR THE PARTIES

Plaintiff(s): Herb Linder, Mary Beth Smith

Defendant(s): Farley Katz, Rachael Rubenstein, Teo Seger

B.    STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff. Venue is proper under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1395. Jurisdiction is not disputed.

C.    NATURE OF ACTION

The United States brought this suit under 31 U.S.C. § 3711(g)(4) against Alexandru Bittner (Bittner) for judgment and to collect unpaid civil penalties ("FBAR Penalties") assessed against him for his non-willful failure to timely report his interest in foreign bank accounts as required by the Bank Secrecy Act ("BSA"), 31 U.S.C. §§ 5311–25, and its implementing regulations. The FBAR penalties assessed against Bittner arise under 31 U.S.C. §§ 5314 and

5321(a)(5). The IRS assessed the FBAR Penalties against Bittner for failing to disclose the existence of numerous foreign accounts during 2007-2011 as follows:

| Year | Total Number of Foreign Accounts Not Reported | Aggregate Amount of Assessment |
|---|---|---|
| 2007 | 61 | $610,000 |
| 2008 | 51 | $510,000 |
| 2009 | 53 | $530,000 |
| 2010 | 53 | $530,000 |
| 2011 | 54 | $540,000 |
| **Total** | **272** | **$2,720,000** |

However, the Court has ruled that non-willful FBAR reporting deficiencies constitute a single violation within the meaning of § 5321(a)(5)(A) and (B)(i) and carry a maximum annual $10,000 civil money penalty, irrespective of the number of foreign financial accounts maintained. *See* ECF #75. Thus, the FBAR penalty amount at issue is now $50,000.

D. CONTENTIONS OF THE PARTIES

Plaintiff's Contentions

In the remaining issue for this case, the United States contends that Alexandru Bittner is liable to the United States for civil penalties that arose when he failed to timely report his interest in 50 or more foreign bank accounts that held millions of dollars during 2011 and he lacked reasonable cause to failing report all his foreign accounts for this year. Mr. Bittner was required by the Bank Secrecy Act to report his interest or control over certain foreign bank accounts to the U.S. Department of Treasury and he failed to accurately do so.

The Bank Secrecy Act regulates offshore banking and contains recordkeeping and reporting requirements for United States' persons. Congress enacted the Bank Secrecy Act to close "the largest single tax loophole permitted by American law," the secret foreign bank account. Congress found that undisclosed relationships with secret foreign financial institutions,

particularly those in tax havens, and the unavailability of foreign bank records facilitated a number of unsavory activities, including income tax evasion, schemes to defraud the United States, and the concealment of assets.  There simply was a lack of information regarding foreign accounts maintained or used by U.S. citizens.  To combat this lack of information, the Bank Secrecy Act requires United States citizens to keep records and file reports with the United States Treasury Department regarding their foreign accounts. Under Bank Secrecy Act regulations, a United States citizen is required to report foreign bank accounts in which he held a financial interest, or had signature authority over, either directly or through corporations in which he owned more than 50%, but only if the combined balance in all of his reportable accounts exceeded $10,000 for the year.  Once the total balance of all the foreign accounts exceeded $10,000, the United States' citizen is s required to report each and every foreign account in which he had signature authority over or financial interest in even if one or more of the accounts has less than $10,000 in it.  To fulfill this legal foreign account reporting requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR.  For example, the FBAR 2011 year at issue was due by June 30, 2012

   A United States' citizen who fails to timely report all the foreign accounts in which they have a signature authority over or a financial interest in, is subject to civil penalties for failing to report their foreign accounts. 31 U.S.C. § 5321.   Section 5321(a)(5) provides for the imposition of civil penalties for a non-willful failure to report foreign accounts.  This non-willful penalty applies regardless of the reasons for having the account, the amount in the account or even if the account was used for a legitimate purpose.

   Mr. Bittner was a U.S. citizen during the 2011 year.  In 2011, Mr. Bittner had signature

3

authority over, or a financial interest in foreign bank accounts that contained more than $10,000. The United States contends that Mr. Bittner had either signature authority over or a financial interest in 61 foreign accounts during 2007, 51 foreign accounts during 2008, 53 foreign accounts in 2009, 53 foreign accounts during 2010; and 55 foreign accounts in 2011. These foreign accounts had total high balances in their accounts between $3 million and $16 million, each year, clearly more than $10,000.

Consequently, Mr. Bittner was required to timely file FBARs reporting the total number of each and every foreign bank in which he had signature authority over or a financial interest. However, Mr. Bittner failed to timely file report any financial accounts in foreign countries that he had signature authority over an interest in a FBAR report for each of 2007, 2008, 2009 and 2010. Due to Bittner's non-willful failure to timely file FBARs reporting his financial interests in the foreign bank accounts, the IRS assessed Mr. Bittner penalties for the 2007-2010 years. For 2011, Mr. Bittner filed a timely FBAR but only reported one foreign account despite having 55 accounts. Due to Bittner's non-willful failure to timely report all his financial interests in the foreign bank accounts on the 2011 FBAR, the IRS assessed Mr. Bittner penalties for 2011.

Mr. Bittner even admits that he was required to timely file FBAR reports disclosing his signature authority or a financial interest in 51 separate foreign financial accounts in 2007, 43 accounts in 2008, 42 accounts in 2009, 41 accounts in 2010 and 43 accounts in 2011. Mr. Bittner admits that he failed to timely report all his foreign accounts.

The United States contends that Mr. Bittner is liable for the FBAR penalties assessed him for 2007 through 2011 unless his failure to timely file FBARs reporting all his accounts was due to reasonable cause. Section 5321(a)(5)(B)(ii) provides that "[n]o penalty shall be imposed if such violation was due to reasonable cause and the amount of the transaction or balance in the

4

account at the time of the transaction was properly reported. Here, the Court has already ruled that Mr. Bittner did not have reasonable cause for years 2007 through 2010, and the only issue for the jury is whether Mr. Bittner had reasonable cause for 2011.

Mr. Bittner has the burden of proof on this defense. To establish reasonable cause, Mr. Bittner must show that he exercised "ordinary business care and prudence" with respect to his obligation to report all his foreign accounts on the FBAR for the 2011 year. An individual taxpayer is generally charged with the knowledge of the law, such that ignorance of the law alone does not establish reasonable because be the individual must take reasonable steps to determine the law and apply it. To demonstrate reasonable cause, the defendant Mr. Bittner must show that he exercised ordinary business care and prudence in determining his reporting obligations but nevertheless is unable to comply with those obligations. Reliance on the advice of a professional tax advisor does not necessarily demonstrate reasonable cause and good faith"; other outstanding circumstances are required to make a showing of reasonable reliance and good faith. Other outstanding circumstances include providing full and accurate details to the professional, and the experience, knowledge, and education of the taxpayer.

Mr. Bittner did not take a single step, activity or action to attempt to learn of his FBAR filing requirements from 1990 until early 2012 when he hired a CPA named Jeff Beckley. With respect to the 2011 year, Bittner informed Beckley of only 7 or 8 personal foreign accounts. Bittner did not inform Beckley of all his personal foreign bank accounts. Bittner did not inform Beckley of more than 45 other foreign accounts held through corporations or business entities, many of which Bittner had more than 50% ownership. Bittner filed a FBAR for 2011 reporting 1 personal foreign account. Bittner failed read the 2011 FBAR prepared by Beckley that reported only one of the 8 personal foreign accounts he had disclosed to Beckley before Bittner signed the FBAR. Therefore, the United

States contends that the 2011 FBAR filed by Bittner was still incorrect, in part because Bittner failed to read them and ask Beckley why the other foreign accounts that he had disclosed to Beckley were not included on the form.

Defendant's Contentions

Defendant contends that he timely filed an FBAR form for the year 2011, and that he had reasonable cause for incorrectly preparing his original 2011 FBAR filing. As a result, he should not be assessed any penalty for 2011. Reasonable cause relief is generally granted when a taxpayer exercises ordinary business care and prudence in determining his or her obligations but was nevertheless unable to comply with those obligations. A taxpayer may show reasonable cause based on professional reliance by demonstrating that (1) the return preparer, from the perspective of the taxpayer, was a person with sufficient expertise to justify reliance; (2) the taxpayer supplied all requested information to the return preparer; and (3) the taxpayer actually relied in good faith on the professional. *See generally Neonatology Assocs., P.A. v. Commissioner*, 115 T.C. 43, 100 (2000), *aff'd,* 299 F.3d 221 (3d Cir. 2002). Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. 26 C.F.R. § 1.6664-4(b)(1). Some additional factors to be considered include: the nature and obscurity of the form, and whether the taxpayer attempted to correct any errors upon discovery. "Generally, the most important factor in determining whether the taxpayer has reasonable cause and acted in good faith is the extent of the taxpayer's effort to report the proper [information]." *Congdon v. United States*, 4:09-CV-289, 2011 WL 3880524, at *3 (E.D. Tex. Aug. 11, 2011), report and recommendation adopted, 4:09-CV-289, 2011 WL 3880564 (E.D. Tex. Aug. 31, 2011). No single factor is determinative.

E.  STIPULATIONS AND UNCONTESTED FACTS

   1.  A stipulation of facts is attached as Exhibit A to the Pre-Trial order.

   2.  The parties stipulate as follows:

   i.  The United States has established the necessary elements that Mr. Bittner is liable for non-willful FBAR penalties for 2007, 2008, 2009 and 2010 in the amount of $10,000 per form for each year, including that Mr. Bittner did not have reasonable cause for filing delinquent FBARs for the 2007 - 2010 years, pursuant to the Court's ruling in ECF #75.

   ii.  The IRS' assessments of the FBAR penalties for 2007 – 2011 against Alexandru Bittner were timely and not barred by the statute of limitations under 31 U.S.C. § 5321(b)(1).

   iii.  The United States' suit against Alexandru Bittner, Case No. 19-cv-0415, to reduce the 2007-2011 FBAR assessments to judgment was timely and not barred by the statute of limitations under 31 U.S.C. § 5321(b)(2).

   3.  Joint Stipulations as to jury versus non-jury trial issues.  *See* ECF ## 35 and 67.

Jury Trial

Previously, the United States and Mr. Bittner jointly stipulated that the Defendant is entitled to a jury trial on the number of foreign accounts that Defendant was required to report on his Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," for the 2007, 2008, 2009, 2010 and 2011 years and on whether he had reasonable cause under 31 U.S.C. § 5321(a)(5)(B)(ii) regarding the 2007-2011 FBAR penalties assessed against him (First defense).  *See ECF ## 35, 67.*

Mr. Bittner bears the burden of proof to establish that he had reasonable cause under 31 U.S.C. § 5321(a)(5)(B)(ii) for the 2007-2011 FBAR penalties assessed against him.

Non-jury Trial:

Previously, the United States and Mr. Bittner jointly stipulated that Defendant bears the burden of proof and is not entitled to a jury trial on whether the IRS's FBAR penalties assessed against Bittner were arbitrary and capricious, (Third Defense); whether the IRS acted in violation of the Administrative Procedure Act ("APA") (Fourth defense); whether the assessed FBAR

7

penalties violate the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution (Fifth defense); whether the assessed FBAR penalties constitute an improper criminal sanction (Sixth defense), and whether the assessed FBAR penalties constitute unconscionable punishment (Seventh defense).  *See ECF ##13, 35 and 67.*

Posture of case after the Court's ruling in ECF #75.

The Court determined that the maximum non-willful penalty amount under 31 U.S.C. § 5321(a)(5) is limited to $10,000 per year, regardless of the number of accounts not reported.  The Court also determined that Defendant did not have reasonable cause regarding the FBAR penalties for the 2007 -2010 years. See ECF #75.

Based upon the Court's Ruling, defendant's admissions and the stipulation of facts, the only issue for the jury would be whether Bittner had reasonable cause under 31 U.S.C. § 5321(a)(5)(B)(ii) regarding the 2011 FBAR penalties assessed against him.

The Court also determined that Mr. Bittner's Eighth Amendment argument is moot. The Court stated that its "understanding of Mr. Bittner's argument on Eighth Amendment grounds is that it is premised on the Court finding the Government's $3 million penalty assessment proper.  In view of the Court's interpretation of the non-willful FBAR penalty, however, the Court need not address the merits of Mr. Bittner's Eighth Amendment argument, as it is now moot."

Similarly, Mr. Bittner's defenses of whether the IRS's FBAR penalties assessed against him were arbitrary and capricious (Third Defense); whether the IRS acted in violation of the Administrative Procedure Act ("APA") (Fourth defense); whether the assessed FBAR penalties constitute an improper criminal sanction (Sixth defense), and whether the assessed FBAR penalties constitute unconscionable punishment (Seventh defense), were premised on the Court

finding the Government's $2,720,000 FBAR penalty assessments were proper and are also now moot in light of the Court's ruling. If, however, the 5th Circuit Court of Appeals were to overturn the Court's determination on the $10,000 cap per form per year, the case would be remanded and these defenses would no longer be moot and would be ripe for adjudication.  Further, the number of reportable foreign accounts maintained by Bittner for the years 2007-2011 would also be addressed on remand.

F.     CONTESTED ISSUES OF FACT AND LAW

**Jury issue** **(Now based on the Court's ruling in ECF #75.)**

Whether Defendant had reasonable cause under 31 U.S.C. § 5321(a)(5)(B)(ii) regarding the 2011 FBAR penalty assessed against him (First defense).

**Non-jury issues**

The non-jury issues regarding Defendant's remaining defenses are moot.

G.     LIST OF WITNESSES

1.  The United States' Witness list is attached as Exhibit B to the Pre-Trial Order.
2.  Mr. Bittner's Witness list is attached as Exhibit C to the Pre-Trial Order.

H.     LIST OF EXHIBITS

1.  The United States' Exhibit list is attached as Exhibit D to the Pre-Trial Order.
2.  Mr. Bittner's Exhibit list is attached as Exhibit E to the Pre-Trial Order.

I.     LIST OF ANY PENDING MOTIONS

ECF #20 -- United States' Motion to Strike the Expert Testimony and Report of Scott D. Michel.

ECF #71 –Defendant Alexandru Bittner's Motion to Compel Discovery Response.

The Parties believe these motions are now moot as a result of ECF #75.

J.  PROBABLE LENGTH OF TRIAL

The probable length of the jury trial phase, now that the Defendant's other defenses are moot, is 2 - 3 days.

K.  MANAGEMENT CONFERENCE LIMITATIONS

The United States and Bittner have jointly stipulated as to which issues the Defendant is entitled to have tried to a jury. Accordingly, in light of the Court's Ruling, ECF #75, the parties will submit proposed jury instructions and a verdict form on the issue for the jury to decide.

The parties will not need to also submit proposed findings of fact and conclusions of law to the Court for the non-jury issues as those issues are now moot.

L.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the Lists of Exhibits herein:

    (a)  is in existence;

    (b)  is numbered; and

    (c)  has been disclosed and shown to opposing counsel. Approved as to

         form and substance:

Attorneys for Plaintiff(s):  /s/Herbert W. Linder

Attorneys for Defendant(s):  [signature]

    This Joint Pre-Trial Order is hereby approved this day of _____,_____.

                                                                                   _____
                                                                                   United States District Judge