IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ALEXANDRU BITTNER, )<br>      Defendant. )<br>_____) | Case No. 4:19-cv-00415 |

**JOINT MOTION FOR ENTRY OF PROPOSED FINAL JUDGMENT**

The Plaintiff United States and Defendant Alexandru Bittner jointly move this Court for entry of a final judgment. The Court issued its Memorandum Opinion and Order, (ECF #75), which resolved and mooted all but one of the issues in this case - Mr. Bittner's reasonable cause defense for the 2011 penalty. Defendant Mr. Bittner has now withdrawn and waived his reasonable cause defense for the 2011 penalty with the United States' consent. Thus, there are no remaining issues for trial and the parties are requesting this Court to enter a final judgment. In support thereof the parties state as follows:

1. The Court issued its Memorandum Opinion and Order, (ECF #75) determining that non-willful FBAR reporting deficiencies constitute a single violation within the meaning of § 5321(a)(5)(A) and (B)(i) and carry a maximum annual $10,000 civil money penalty, irrespective of the number of foreign financial accounts maintained. *See* ECF #75. The Court also determined that Mr. Bittner did not have reasonable cause for the 2007-2010 penalties.

2. The Court further determined that Mr. Bittner's Eighth Amendment argument was moot. The Court stated that Its "understanding of Mr. Bittner's argument on Eighth Amendment grounds is that it is premised on the Court finding the Government's $3 million penalty assessment proper. In view of the Court's interpretation of the non-willful FBAR penalty,

however, the Court need not address the merits of Mr. Bittner's Eighth Amendment argument, as it is now moot." *ECF #75 at 25*.

3. Likewise, Mr. Bittner's alternative defenses whether the FBAR penalties assessed against him were arbitrary and capricious violating his right to be treated like similarly situated taxpayers, a right to due process, or a right to equal protection under the law, (Third Defense); whether the IRS acted in violation of the Administrative Procedure Act, (Fourth Defense); whether the assessed FBAR penalties constitute an improper criminal sanction (Sixth Defense), and whether the assessed FBAR penalties constitute unconscionable punishment (Seventh Defense), are premised on the Court finding that the statutory cap on non-willful FBAR penalties is $10,000 per unreported foreign account. Because the Court concluded that the statutory cap is $10,000 per year regardless of the number of unreported accounts, Mr. Bittner's alternative defenses are also moot. The parties have stipulated that these defenses are moot due to the Court's ruling in ECF #75 as set forth in the proposed pre-trial order. *See ECF #82*.

4. The parties disagree about the number of foreign accounts that Mr. Bitter was required to report on his Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," for the 2007, 2008, 2009, 2010 and 2011 years. The parties anticipated submitting that issue to the jury. However, in light of the Court's ruling, ECF #75, that the non-willful FBAR penalty is not based on the number of unreported accounts this issue is also moot.

5. Accordingly, in light of the Court's Memorandum Opinion and Order, the only remaining issue for trial is whether Mr. Bittner had reasonable cause under 31 U.S.C. § 5321(a)(5)(B)(ii) regarding the 2011 FBAR penalty assessed against him. *See ECF #82 at pg. 8 and pg. 9 "Contested issues of Fact and Law"*.

6. Mr. Bittner has now withdrawn and waived his reasonable cause defense under 31 U.S.C. § 5321(a)(5)(B)(ii) regarding the 2011 FBAR penalty assessed against him for all purposes of this case, including upon any remand. *See ECF #84, Third Joint Stipulation.* The United States consented to Mr. Bittner's withdrawal and waiver of his reasonable cause defense for 2011. *Id.*

7. Consequently, there are no remaining triable issues for this Court to decide and a final judgment should be entered as to form only. For sake of clarity, it should be noted that by requesting entry of the proposed judgment as to form, Bittner reserves right to appeal the Court's ruling on his reasonable cause defense for 2007 through 2010, and the United States reserves its rights to appeal the Court's ruling on whether the penalty is $10,000 per year or per account.

WHEREFORE, the Parties respectfully requests the Court to grant this Motion.

Dated: July 17, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

 /s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9754/2432
Fax (214) 880-9741
herbert.w.linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

        /s/ Rachael Rubenstein
RACHAEL RUBENSTEIN
State Bar No. 24073919
CLARK HILL STRASBURGER
2301 Broadway St.
San Antonio, Texas 78215
Ph. (210) 250-6006
Fax (210) 258-2714
RRubenstein@clarkill.com

ATTORNEY FOR DEFENDANT
ALEXANDRU BITTNER

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing motion has been made on July 17, 2020, by the Clerk's ECF filing system to:

CLARK HILL STRASBURGER
Farley P. Katz
Rachael Rubenstein
2301 Broadway St.
San Antonio, Texas 78209

        /s/ Herbert W. Linder
HERBERT W. LINDER