```
                                                                        1
 1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                         SHERMAN DIVISION

 3

     UNITED STATES OF AMERICA      :      DOCKET NO. 4:19CV415
 4                                 :
     VS.                           :      SHERMAN, TEXAS
 5                                 :      APRIL 22, 2020
     ALEXANDRU BITTNER             :      2:00 P.M.
 6

 7

 8                        TELEPHONE CONFERENCE
              BEFORE THE HONORABLE AMOS L. MAZZANT,
 9                  UNITED STATES DISTRICT JUDGE

10   APPEARANCES (BY TELEPHONE):

11   FOR THE PLAINTIFF:            MR. HERBERT WEST LINDER
                                   US DEPARTMENT OF JUSTICE
12                                 717 N. HARWOOD, SUITE 400
                                   DALLAS, TX  75201
13

14   FOR THE DEFENDANT:            MR. FARLEY P. KATZ
                                   MS. RACHAEL ELISA RUBENSTEIN
15                                 MR. FORREST MATHEW SEGER III
                                   CLARK HILL STRASBURGER
16                                 2301 BROADWAY
                                   SAN ANTONIO, TX  78215
17

18   COURT REPORTER:               MS. JAN MASON
                                   OFFICIAL REPORTER
19                                 101 E. PECAN #110
                                   SHERMAN, TEXAS  75090
20

21

22

23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

1         THE COURT: Good afternoon. This is Judge Mazzant
2  and we're here in Case 4:19CV415. Everyone has already made
3  their appearances for the record. And I think this is the
4  first time we've had one of these hearings, but please identify
5  yourself every time you speak because we are in the courtroom
6  and we want to get a good record.
7         So whoever -- I know this is a discovery dispute, but
8  whoever initiated the call, if you'll go ahead and speak
9  first and tell me what the issue is.
10            MR. SEGER: Of course, Your Honor. This is Teo Seger
11  for the Defendant.
12      A brief bit of background, as the Court is probably
13  aware of, this is a voluntary disclosure case dealing with a
14  dual citizen that spent most of his life in Romania and now
15  the Government brought this action to reduce $3 million in
16  penalties to judgment related to -- for an account
17  reporting.
18      Specific to the discovery dispute that we're dealing
19  with here, at the administrative level, Mr. Bittner sought
20  admission to or to be treated in accordance with the
21  Streamlined Filing Compliance Procedures Program, which is
22  an IRS program that was specifically designed to provide
23  relief to individuals who were not compliant with foreign
24  income or asset reporting and his failure to report was not
25  willful.

1          The IRS then came out with some guidance.  You may hear
2    us reference this later, Fact Sheet 2011-13, which was even
3    more specifically relevant to non-resident citizens who
4    non-willfully failed to disclose.  These are both classes
5    that Mr. Bittner falls into, and deal with taxpayers
6    similarly situated to Mr. Bittner.
7          Then we have a handful of -- I'm sorry.  Not a handful.
8    Two interrogatories and maybe 20 requests for admissions
9    dealing with these programs that, among other objections,
10   the Government -- the Government takes the position that
11   they're not relevant.
12         Mr. Bittner takes the position that these are, of
13   course -- his request to be included in these programs and
14   the unexplained denial of his inclusion is directly relevant
15   to his defenses, you know, for example, being treated as a
16   similarly situated taxpayer, his Eighth Amendment arguments,
17   his arbitrary and capricious defenses, those sorts of
18   things.
19         The Government's position -- we met and conferred on
20   this a couple times.  The Government's position is this
21   information isn't relevant.  Ours is, of course, that it's
22   centrally relevant to our defenses.
23              THE COURT:  So to make sure I understand, what are
24   you seeking?  What are you actually seeking and asking the
25   Court to do?

4

1  MR. SEGER: We would be seeking -- sorry, Your Honor.
2  We would be seeking the Court to overrule their relevance
3  objections and order them to respond to the propounded
4  discovery.
5  THE COURT: And, again, let's make sure I understand
6  what you're actually seeking though, because I'm not sure I
7  understand exactly. I haven't had much activity in this case,
8  so enlighten me what you're actually seeking that they're
9  saying isn't relevant.
10  MR. SEGER: I mean, I can give you -- fair enough,
11  Your Honor. This is -- I'm new to this procedure as well so I
12  didn't know how to best explain discovery requests you haven't
13  seen.
14  Like, for example, I will give you one of the two
15  interrogatories in dispute is, and I'll quote: For each of
16  the last six calendar years, state the number of individuals
17  who participated in the streamlined foreign offshore
18  procedure and the average miscellaneous penalty imposed.
19  In addition to having some other objections that we're
20  working through, the Government's main objection is
21  relevance. Their position is this isn't relevant to this
22  case. Our position is, of course, the fact that he was
23  denied entry into this program but other similarly situated
24  taxpayers were not is incredibly relevant to provide a
25  bigger picture overview.

1       The Government is seeking almost $3 million in
2  penalties against Mr. Bittner.  There is a good chance that
3  if he would have been admitted to this program, he would not
4  have paid a dollar in penalties.
5            UNIDENTIFIED SPEAKER:  Your Honor, this --
6            THE COURT:  I am sorry.  We cannot understand whoever
7  just spoke.  I can't hear who that was.
8       Okay.  If somebody else wants to speak --
9            MR. SEGER:  That was our -- that was Farley Katz,
10 also for the Defendant.  I believe we may have got him and lost
11 him for a second, so I'm not sure exactly what just happened.
12           THE COURT:  Okay. Well, let me go ahead -- I assume
13 he'll try to rejoin.  But let me hear a response from the
14 Plaintiff, Mr. Linder.
15           MR. LINDER:  Thank you, Your Honor.
16      First off, the relevancy objection is not the only
17 objection the United States raised to the two
18 interrogatories they're seeking information on and the --
19           MR. KATZ:  This is -- this is Farley Katz.  I
20 apologize.  I disconnected myself there.
21           THE COURT:  No, that's fine.
22           MR. KATZ:  I was trying to explain -- I'm lead
23 counsel for Mr. Bittner and I'm working with Teo and Rachael.
24      And the requests for admission relate to how other
25 people in Mr. Bittner's situation were treated.  For

1  example, we're asking the Government to admit that for other
2  people like Mr. Bittner who have lived abroad and not filed
3  tax returns or FBARs, which is really -- the Foreign Bank
4  Account Report is really the important thing, the IRS has
5  not imposed any penalties, any penalties at all on them,
6  even in circumstances where they -- they may have
7  technically failed to qualify for the streamlined program.
8       And all of that is relevant to how they treated him,
9  whether they treated him like other similarly situated
10 taxpayers, whether the amount is -- is grossly
11 disproportional to any misconduct on his part and so forth.
12      So that's kind of the tenor of what the request is.  We
13 want them to tell us how they treated other people in his
14 situation.
15           MR. SEGER:  And, Your Honor, this is Teo Seger again.
16 And, Herb, I know it's your turn and I apologize.  I want to
17 jump in with one more thing.
18      Herb and I have discussed this issue at length.  It
19 may be that this is complex enough that it may make more
20 sense to brief all this on paper and in motion practice
21 versus trying to explain it to the Court.  But we did want
22 to adhere to the Court's scheduling order requirement and
23 discuss it with the Court as required first.
24           THE COURT:  Right.  And I will tell you, normally I
25 handle about 80 percent of my discovery disputes, we -- I rule

1  from the bench here on the phone. But I agree this is not a
2  kind of case that I have had experience with, and the Court
3  deals with a lot of cases. We have a very busy docket, and
4  this is a new one for me.
5      I agree -- and my procedure is to try to streamline the
6  process to make it quicker, easier and less expensive, but I
7  agree. I think these issues need to be briefed, so I will
8  go ahead and authorize defense to go ahead and file a motion
9  to compel and then we'll deal with it on the briefs. Then
10 if I have questions, I'll ask for another telephone
11 conference after I see the briefing.
12          MR. SEGER: This is Teo Seger. Understood, Your
13 Honor.
14          THE COURT: And, Mr. Linder, is that okay? I didn't
15 give you really a chance to say too much.
16          MR. LINDER: That's okay, Your Honor. Herb Linder on
17 behalf of the United States, Your Honor.
18      That was actually the first suggestion I was going to
19 make is that there's a lot of issues. This is a very novel
20 case, novel legal issues, and we believe on behalf of the
21 United States that a motion to compel should be filed and
22 that we would get to properly respond. And the Court, if it
23 had questions, could obviously hold a hearing and rule on
24 it. So we agree with the Court's position.
25          THE COURT: Okay. That's fine. Just go ahead and

8

1  file your motion and then the Local Rules will kick in on the
2  response times once you do that.
3        Is there anything else I can do for the defense today?
4           MR. SEGER:  I don't believe -- nothing for defense,
5  Your Honor.  Teo Seger, Your Honor.  Sorry.  Nothing for
6  Defendant.
7           THE COURT:  And for Plaintiff, anything else I can do
8  for the Government?
9           MR. LINDER:  Herb Linder on behalf of the United
10 States.  No, Your Honor.  Thank you.
11          THE COURT:  Okay.  Well, sorry this was short lived
12 but I'm glad we broke through that ice because that's probably
13 where I would have ended up after hearing y'all speak.  I was
14 going to get there, so I'm glad we'll do this on the papers and
15 deal with it on the briefing.
16       And hopefully everyone will stay safe.  Thank you.
17          MR. LINDER:  Thank you, Your Honor.
18          MR. SEGER:  Thank you, Your Honor.
19
20
21 I certify that the foregoing is a correct transcript from
22 the record of proceedings in the above-entitled matter.
23
24 _____    _____
   Jan Mason                         Date
25